IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE GARY S. KATZMANN, JUDGE

| | | |
|---|---|---|
| SENECA FOODS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 22-243 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE
TO MOTION TO INTERVENE BY U.S. STEEL CORPORATION

Pursuant to United States Court of International Trade Rule 24, defendant, the United States, respectfully submits this response to the motion to intervene filed by U.S. Steel Corporation (ECF No. 11). As we explain below, and as the Court of Appeals for the Federal Circuit has already held, U.S. Steel does not meet the requirements to intervene as of right in this challenge to the Department of Commerce's denial of an exclusion from Section 232 duties. Further, the Court should exercise its discretion to deny permissive intervention.

I.  U.S. Steel Does Not Meet The Standard For Intervention As Of Right Under Rule 24(a)(2)

USCIT Rule 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, the putative intervenor must establish that: (1) its motion to intervene is timely; (2) it has a legally-protectable interest in the property that is the subject of the action; (3) that interest's relationship to the litigation must be "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment"; and (4) the parties to the action inadequately represent that interest. *Wolfsen Land & Cattle Co. v. Pacific Coast Fed.*, 695 F.3d 1310, 1315 (Fed. Cir. 2012). "{A} failure to satisfy any one of these four requirements sounds the death knell for a motion to intervene as of right." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020) (interpreting Federal Rule of Civil Procedure 24(a)(2)).

U.S. Steel's motion is timely. However, U.S. Steel fails to demonstrate that it: (a) has a legally protectable interest in the property that is subject to the action or (b) that it will gain or lose by the direct legal operation and effect of the judgment.

As the Court of Appeals for the Federal Circuit recently held, U.S. Steel does not have a legally protectable interest in Commerce's exclusion denials. *California Steel Indus. v. United States*, 2022 U.S. App. LEXIS 25175 (Fed. Cir. Sept. 8, 2022). In that case, U.S. Steel and other domestic steel manufacturers who lodged objections to exclusion requests, appealed this Court's denial of their motions to intervene as of right.

They argued that they had a legally protectable interest based upon three interests: "administrative participation, direct economic stake, and {their} position as intended beneficiaries" of the Section 232 measures on imported steel products. *Id*. at *15. The court rejected each of these interests, finding that none of them were legally protectable interests. *Id*. at *18. The court further concluded that, in the absence of a legally

protectable interest, the manufacturers' arguments "about the practical impairment of their interests have no merit." *Id*. at *17.

U.S. Steel urges this Court not to follow *California Steel* because it was, in its view, wrongly decided. U.S. Steel. Mot. at 10-11. U.S. Steel offers no authority that authorizes this Court, as s subordinate court, to disregard a decision of the Court of Appeals for the Federal Circuits simply because the mandate has not issued. At most, the fact that the mandate has not yet issued might warrant the Court briefly deferring its ruling on the pending motion, to allow for the mandate to issue.[1] But this Court is not otherwise free to disregard binding authority of the Federal Circuit. *Aireko Constr., LLC v. United States*, 425 F. Supp. 3d 1307, 1312 (Ct. Int'l Trade 2020) (citing *Cemex, S.A. v. United States*, 384 F.3d 1314, 1321 n.5 (Fed. Cir. 2004)).

U.S. Steel also argues that *California Steel* is distinguishable on its facts. U.S. Steel Mot. at 9. U.S Steel alleges that, unlike the situations presented in *California Steel*, where the requestors had already imported their desired steel products, U.S. Steel has been in negotiations with Seneca to sell steel tin products. U.S. Steel Mot. at 9-10. Whatever difference in the facts of potential sales opportunities, however, does not alter the conclusion that U.S. Steel's "mere economic interests {do} not suffice" as a legally protectable interest. *California Steel*, 2022 U.S. App. LEXIS at *17 (citing *Wolfsen*, 695 F.3d at 1315). That is because U.S. Steel's actual economic interests in the challenged agency actions are "both indirect and contingent." *N. Am. Interpipe v. United States*, 519

---

[1] On October 24, 2022, U.S. Steel and the other appellants in *California Steel* filed a petition for rehearing. The Federal Circuit invited the appellees to file a response, which are currently due by November 8, 2022.

3

F. Supp. 3d 1313, 1326 (Ct. Int'l Trade 2021), *aff'd sub nom., California Steel Indus. v. United States*, 2022 U.S. App. LEXIS 25175 (Fed. Cir. Sept. 8, 2022).

Any competitive effect of Section 232 tariff-free entry of steel is necessarily indirect. That conclusion is compelled by the nature of the Section 232 exclusion program itself. Collected tariffs are not distributed to the domestic steel industry; rather, tariffs are paid into the United States Treasury. Even when Commerce denies an exclusion request because Commerce finds that there is already sufficient domestic availability, a requestor is not required to purchase any of their steel from the objectors. An importer (or downstream consumer) may always make the business decision to purchase foreign steel and pay the tariff to the United States, or not purchase steel at all. Thus, "any competitive injury" resulting from the grant of an exclusion "will be indirect—a result of market forces." *PrimeSource Bldg Products v. United States*, 494 F. Supp. 3d 1307, 1326 (Ct. Int'l Trade 2021) (Baker, J., concurring). "That is not enough." *Id*.

Indeed, the *California Steel*'s finding of no legally protectable economic interest is entirely consistent with long-standing Federal Circuit authority. In *American Maritime*, the Federal Circuit affirmed the Claims Court's denial of a motion to intervene by a shipping company that was a competitor of the plaintiff. 870 F.2d at 1560. The plaintiff sought judicial review of an agency ruling denying their request for a shipping subsidy.

The court affirmed the denial of intervention, holding that, to qualify as a cognizable interest for purposes of intervention, the "interest may not be either indirect or contingent." *Id.* at 1561. The court found the competitor's interest to be indirect because

no consequence would flow immediately to it from the Claims Court ruling on the legality of the Maritime Administrations' ruling. The Court further found the economic interest to be contingent because of the uncertainty that other events will follow. Thus, even if this Court were free to disregard *California Steel*, *American Maritime* still requires denial of U.S. Steel's motion.

Finally, we clarify one point. U.S. Steel argues that Seneca's complaint "mischaracterize{es} U.S. Steel's involvement and the factual basis for the company's objections to Seneca's exclusion requests." U.S. Steel Mot. at 5. U.S. Steel further argues that its "own factual assertions regarding its capacity availability and its submissions to Commerce are a central issue in this case." *Id.* at 6. But as the Federal Circuit correctly explained, the proposed intervenor's factual contributions in an exclusion denial case "are irrelevant since the administrative record is generally closed once before the judiciary." *California Steel*, 2022 U.S. App. LEXIS at *18 (citing *Axiom Res. Mgmt, Inc. v. United States*, 564 F.3d 1374, 1379-80 (Fed. Cir. 2009)).

The time for U.S. Steel to set forth its "ability to produce the subject products in sufficient quantities and qualities," U.S. Steel Mot. at 7, and to clarify any factual disagreements with the requestor, Seneca, was during the objection and surrebuttal periods, which submissions are already included in the administrative record. 15 C.F.R. Pt. 705, Supp. 1 ¶¶ (f);(g).

II.    <u>We Defer To The Court As To Whether To Grant Permissive Intervention</u>

Alternatively, U.S. Steel moves to intervene pursuant to USCIT R. 24(b)(1). That rule provides that, "{o}n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." "Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1011 (2022).

U.S. Steel contends that it has a statutory conditional right to intervene pursuant to 28 U.S.C. § 2631(j)(1). U.S. Steel Mot. at 12-13. By its terms, section 2631(j)(1) limits permissive intervention to parties who would be adversely affected or aggrieved. U.S. Steel summarily alleges (without support) that a decision allowing Seneca Foods duty-free importation would have "immediate and significant consequences." U.S. Steel Mot. at 13. But as explained above, no immediate or direct consequences will flow to U.S. Steel should Commerce ultimately grant any particular exclusion request. Any competitive impact on U.S. Steel is necessarily diffuse. *See NLMK Pa., LLC v. United States*, 553 F. Supp. 3d 1354, 1364 (Ct. Int'l Trade 2021) (rejecting similar conclusory arguments made by U.S Steel in support of permissive intervention).

While we respectfully defer to the Court's discretion as to whether to grant permissive intervention, we note that U.S. Steel's motions for permissive intervention filed in two separate cases have been denied, and U.S. Steel offers no new facts or

6

circumstances that compel a different outcome here. *See NLMK*, 553 F. Supp. 3d at 1365; *N. Am. Interpipe*, 519 F. Supp. 3d at 1332.[2]

U.S. Steel offers that its intervention will not unduly delay or prejudice the original parties to the proceedings. U.S. Steel Mot. at 13. It offers that it is the "most qualified party to apprise the Court of its ability to produce the products in question and the potential harm to the domestic industry." *Id*. at 1-13-14. This case is brought pursuant to 28 U.S.C. § 1581(i), in which this Court will review the agency actions under the standard set forth in the Administrative Procedure Act, 5 U.S.C. § 706(2). Thus, "{t}he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision *based on the record the agency presents to the reviewing court*." *Safeguard Base Operations, LLC v. United States*, 989 F.3d 1326, 1348 (Fed. Cir. 2021) (emphasis added). Any attempt by U.S. Steel to introduce extra-record evidence would potentially delay or prolong the adjudication of the dispute presently before the Court. *See* USCIT Rule 24(b)(3); *Manuli Autoadesivi, S.p.A. v. United States*, 602 F. Supp. 96, 99 (Ct. Int'l Trade 1985) ("Delay in the ultimate resolution of the case constitutes prejudice to the original parties").

## CONCLUSION

For these reasons, we respectfully request that the Court deny U.S. Steel's motion to intervene.

---

[2] The proposed intervenors in *California Steel* did not appeal this Court's denial of their requests for permissive intervention. *California Steel*, 2022 U.S. App. LEXIS at *9 n.3.

        Respectfully Submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. MCCARTHY
        Director

        <u>/s/Tara K. Hogan</u>
        TARA K. HOGAN
        Assistant Director
        Commercial Litigation Branch
        Civil Division
        Department of Justice
        P.O. Box 480, Ben Franklin Station
        Washington, DC 20044
        Tele: (202) 616-2228
        Email: Tara.Hogan@usdoj.gov

October 26, 2022        Attorneys for Defendant