# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN

|  |  |  |
|---|---|---|
| SENECA FOODS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ct. No. 22-00243 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF KEVEN VALENTIN

1.    Pursuant to the Rule 73.3 of the U.S. Court of International Trade, I, Keven Valentin, Chief Financial Officer and Director of Administration, Bureau of Industry and Security, U.S. Department of Commerce, do hereby certify that I have legal custody and control of the documents constituting the administrative record for this proceeding.

2.    To the best of the Department of Commerce's knowledge and understanding, the attached documents are a true copy of the administrative record for this proceeding.

3.    I have also attached indices describing the documents.

4.    The information in this certification is based upon my personal knowledge or on information provided to me in the course of my official duties.

5.    I certify that the foregoing is true and correct.


Respectfully submitted,

KEVEN VALENTIN

Digitally signed by KEVEN VALENTIN
Date: 2022.12.01 08:57:50 -05'00'

_____

Keven Valentin
Chief Financial Officer and
Director of Administration,
Bureau of Industry and Security
U.S. Department of Commerce
Washington, D.C. 20230


Dated: December 1, 2022

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Seneca Foods Corp., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )  Ct. No. 22-00243 |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant, | ) |

## INDEX OF ADMINISTRATIVE RECORD – PUBLIC SET
### EXCLUSION REQUEST NUMBER: 257423

|  | Relevant Party | Type of Document | Page # Seneca Foods-257423 |
|---|---|---|---|
| **BIS Decision Memorandum** | | | |
| 1 | BIS | Decision Memorandum | 001 |
| **ITA Recommendation Memorandum** | | | |
| 2 | ITA | Recommendation Memorandum | 003 |
| **Exclusion Request and Related Submission** | | | |
| 3 | Seneca Foods | Exclusion Request | 008 |
| 3.1 | Seneca Foods | Exclusion Request Supplement | 020 |
| **Objections and Related Submissions** | | | |
| 4 | U.S. Steel Corporation | Objection | 023 |
| **Rebuttal and Related Submissions** | | | |
| 5 | Seneca Foods | Rebuttal | 032 |
| 5.1 | Seneca Foods | Rebuttal Supplement | 036 |
| **Surrebuttal and Related Submissions** | | | |
| 6 | U.S. Steel Corporation | Surrebuttal | 044 |
| 6.1 | U.S. Steel Corporation | Surrebuttal CBI | 048 |

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 257423**

**Summary:**

- Requester: Seneca Foods Corporation
- Product Description: Prime Tin-Free Steel (TFS or ECCS) according to ASTM A623, Type L, DR8, CA, 7C Melted Finish, CDC-3 Chemical Treatment, Electrolytic Chromium-Coated Steel, 68# Basis Weight (0.18999mm thickness)
- HTSUS: 7210500020

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #257423**

| | |
|---|---|
| _____X_____ | I approve denying this exclusion request. |
| _____ | I do not approve denying this exclusion request. |
| _____ | I would like to discuss. |

*Matthew S. Borman*
Deputy Assistant Secretary of Export Administration

<u>April 9, 2022</u>
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has referred this exclusion request to ITA for ITA's recommendation as to whether the Steel article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 1 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 257423
Requestor:  Seneca Foods Corporation (Seneca)
Objector(s):

   United States Steel Corporation (U.S. Steel)

Case Filings

|  | Seneca | U.S. Steel |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | Yes |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |

Recommendation: Denial
Rationale: {At least one} objector meets the quality, quantity, and timeliness criteria.

| QUALITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) – QUALITY** | | | | |
| | U.S. Steel | | | |
| Identical (1.c or 1.d filled in)* | Yes | | | |
| Substitute (1.e or 1.f filled in)* | No | | | |
| **2.c*** match | Yes | | | |
| **2.d*** match | Yes | | | |
| **2.e*** match | Yes | | | |
| **Standards** match Exclusion Request | N/A | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?
No

**Subject Matter Expert (SME) Evaluation of Facts:** No

**Analysis of the Record:** U.S. Steel can manufacture an identical product to the product in the request. U.S. Steel's product matches the specifications of the request. As such, U.S. Steel meets the quality criterion.


| QUANTITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) –QUANTITY** | | | | |
| | U.S. Steel | | | |
| **3.a** | 100% | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?
No

**Analysis of the Record:** U.S. Steel can produce 100 percent of the requested volume. As such, U.S. Steel meets the quantity criterion. ITA notes both Seneca and U.S. Steel submit confidential business information (CBI) related to U.S. Steel's ability to meet the quantity criterion. Based on the evidence submitted, nothing contradicts the information certified by U.S. Steel in its objection submission. Seneca states in its rebuttal, "Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021." U.S. Steel states in its surrebuttal that it can provide the requested TFS as spot sales rather than contract volumes. This does not impact U.S. Steel's ability to supply the requested quantity.

| TIMELINESS | | | | |
|---|---|---|---|---|
| **REQUESTOR– DELIVERY TIME** | | | | |
| **2.d (request form):** Days: 120 | | | | |
| **2.f (request form):** Days: 50 | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f? | | | | |
| No | | | | |
| **OBJECTOR – DELIVERY TIME** | | | | |
| | U.S. Steel | | | |
| **3.b** | BPI | | | |
| **3.d** | BPI | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d? | | | | |
| | No | | | |

**Delivery Time Totals**
- o Requestor's Import Delivery Time = {*2d + 2f of the exclusion request, plus any adjustments*}
- o Objector's Delivery Time = {*3b + 3d of the objection, plus any adjustments*}

**Analysis of the Record:** Seneca reports 170 days for import delivery time. U.S. Steel claims the information for 3.b and 3.d are business proprietary in its objection form. ITA requested that information from U.S. Steel. In addition, U.S. Steel provided confidential business information in its surrebuttal submission that required ITA to adjust U.S. Steel's delivery time. Based on the information provided by U.S. Steel, compared to the requestor's import delivery time, U.S. Steel is able to deliver the product in a timely manner. Therefore, U.S. Steel meets the timeliness criterion.

**Explanation/Additional Comments** (if needed):

| General Notes: |
| --- |
| **This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.** |
| ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections. |
| Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2d and 2f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3b and 3d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation.  In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion. |
| An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive. |
| **ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the** |

| Field Definitions (Requestor Form) | |
| --- | --- |
| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

|  |  |
|---|---|

| * Field Definitions (Objection Form) | |
|---|---|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 10/21/2021

Public Status: Denied

**Please select product type**
Steel

**Identify the class of product for which the Exclusion is sought**
Carbon and Alloy Flat

**10 Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request**
7210500020

**If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request**

## Requesting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364 8205

**E mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Parent Company of Requesting Organization

**Full Organization Legal Name**

**Street Address**

**City**



Headquarters Country          State/Province                    Zip Code

Web Site Address

## Importer of Record for Organization Requesting an Exclusion

Full Organization Legal Name

JFE Shoji America, LLC

Street Address                                    City

301 E. Ocean Blvd. Ste 1750                       Long Beach

State                          Zip Code            Headquarters Country

California                      90802               United States

Point of Contact Name                             Phone Number

Jake H. Takani                                    1 562 637 3500

E mail Address                                    Web Site Address

takani@jfeshoji.com                               https://www.jfe shoji.co.jp/en/



## Requester's Authorized Representative/Agent (if applicable)

Requestor Point of Contact Name                   Point of Contact Organization

Country Location                                  Phone Number

E Mail Address                                    Web Site Address

Other Information

## Exclusion Request Details

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?

| No |

Identify the activity

Identify the organization

Identify the country where the organization is headquartered

Comments

Identify the primary type of activity of the Exclusion Requester

Manufacturer

Comments

Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton   1,000 kilograms)

| 21000 | Kilograms |

Average annual consumption for years 2015 2017 of the product that is subject of this Exclusion Request (Kilograms)

| 33332000 | Kilograms |

Explain why your organization requires an Exclusion

Insufficient U.S. Availability

Please provide comments

Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States

| 100 | % |

Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization

| 120 | days |

Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed

| 45 | days |

Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock

| 50 | days |

Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request

| 12 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 New Orleans LA

Port 1 New Orleans, LA

Port 2 Tacoma, WA

Port 3 Chicago, IL

Port 4 LA/Long Beach, CA

Port 5 Philadelphia, PA

Port 6 Camden, NJ

Port 7 Everett, WA

Port 8 Baltimore, MD

| Is the organization making this Exclusion Request doing so on behalf of a non U.S. producer that does not manufacture products in the United States? | No |

Identify the non U.S. producer

Identify the country where the organization is headquartered

Comments

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below.See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

Prime Tin Free Steel (TFS or ECCS) according to ASTM A623, Type L, DR8, CA, 7C Melted Finish, CDC 3 Chemical Treatment, Electrolytic Chromium Coated Steel, 68# Basis Weight (0.18999mm thickness)

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

Double reduced DR8 CA for vegetable can lids (68# Basis Weight  0.18999mm thickness).

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108 13):

**Organization Designation**

| | | |
|---|---|---|
| 1 | ASTM | A623 |
| 2 | JIS | G3315 |

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab ☐ | Blooms ☐ | Billets ☐ | Ingots ☐ | Flat ☑ | Long ☐ |
|---|---|---|---|---|---|
| Beams ☐ | Semi Finished ☐ | Pipe ☐ | Tube ☐ | Stainless ☐ | Wire ☐ |
| Hot Rolled ☐ | Cold Rolled ☑ | Annealed ☑ | Plated ☐ | Electro Plated ☑ | Galvanized ☐ |
| Electro Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☐ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

Comments

Seneca is purchasing: Draw quality, double reduced, tin free steel. The steel is continuous annealed. Coils are delivered 857.30mm wide.

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0.00 |
| Maximum % | 0 | 0 | 0 | 0 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0 | 0 | 0.00 | 0 | 0 |
| Maximum % | 0 | 0 | 0.08 | 0 | 0 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0 | 0.00 | 0 | 0 | 0 |

| Maximum % | 0 | 0.60 | 0 | 0 | 0 |
|---|---|---|---|---|---|

| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
|---|---|---|---|---|---|
| Minimum % | 0 | 0.00 | 0 | 0.00 | 0.00 |
| Maximum % | 0 | 0.02 | 0 | 0.04 | 0.05 |

| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0 | 0 | 0 | 0 | 0 |

| | Zinc | Zirconium | Other Chemical | | |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0.00 | | |
| Maximum % | 0 | 0 | 0.02 | | |

**Comments**

The above are the chemistries that are provided on the manufacturer's mill certificate. The balance of the chemical composition is iron, which is not indicated on the mill certificate.

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size not a range of products and or sizes (e.g., 19 mm dia. rebar not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.

Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.181 | 0 | 0 | 0 | 857.3 | 0 |
| Maximum | 0.20 | 0 | 0 | 0 | 859.3 | 0 |

Strength

| | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) |
|---|---|---|---|
| | | | HR30T |
| Minimum | 470 | 470 | 68 |

| Maximum | 590 | 590 | 76 |

## Toughness (If Applicable)

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
| --- | --- | --- | --- |
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
| --- | --- | --- | --- | --- |
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 0        % | 0        % | 0        % | 0        mm |
| Maximum | 0        % | 0        % | 0        % | 0        mm |

| | Magnetic Permeability | | | Surface Finish |
| --- | --- | --- | --- | --- |
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer - [SAE J911] |
| Minimum | 0 | 0 | 0 | 0 |
| Maximum | 0 | 0 | 0 | 0 |

| Coating Type and Composition | | |
| --- | --- | --- |
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Other   see comments below | Tin free steel (TFS) | C, Si, Mn, P, S, Cu and others |

| Coating Weight and Thickness | |
| --- | --- |
| Coating Weight | Coating Thickness |

| Minimum | 0.05 | grams psq | 0 | micrometers |
| Maximum | 0.15 | grams psq | 0 | micrometers |

Specify any Additional Methods Used

Comments

(1) No elongation is identified in the product specification. (2) Global ductility/reduction in area percentage is not determined for this product. (3) There is an electroplated metallic chromium/chromium oxide coating.

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

Double reduced, 68#, electro chrome plated, continuously annealed, DR8 Temper, 33 12/16

Comments

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Vegetable Can Ends 2) Sufficient supply is not available from domestic producers for the rest of 2021 and into 2022. The limited domestic supply puts Seneca's entire vertically integrated food business in jeopardy. Please see attached letter for details.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the

manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain

solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

| | Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|---|
| 1 | Japan | Vietnam | 21000 | Perstima | JFE Shoji America, LLC |

## Product Availability Information

**Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?**  Yes
Comments
Two integrated suppliers and one smaller domestic producer manufacture these steel specifications in the US; however, no US suppliers can provide sufficient volume to Seneca Foods in the near term. Please refer to the attached letter for details.

**Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.**  Yes
Comments
Canada: Dofasco. Seneca has been in contact with Dofasco, which has not been a supplier in the past and is not qualified now. They have no availability for 2021, but Seneca is working on running a trial to qualify them during 2022 for supply in future years.

**Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?**  No
Comments

**Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.**  No

Please provide names of the manufacturers.
**Manufacturers**
Comments

Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

No domestic producers have available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

Our existing domestic suppliers have no available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

No

Comments

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

No

Comments

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

CBP can track the HTSUS code, importer of record, and consignee and can verify the identifying physical characteristics of the product as described in the importation documents.

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

017

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;

B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge or arbitrage the price;

C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:

1. loss of contract(s);
2. unanticipated business downturns; or
3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and

E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

Seneca Foods Corporation

Name of Authorizing Official

Leon J. Lindsay

Title of Authorizing Official

VP   Strategic Sourcing

Phone Number

(507) 364 8205

Email of Authorizing Official

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?
*Note: If the answer is 'Yes', do not attach business confidential information at this time.*

No

Small Business?

## Attachment

View attachment file

## Published Objection Filings

| Company | Product | Posted Date | Details |
|---|---|---|---|
| > United States Steel Corporation | Steel | 11/26/2021 | Details |

## BIS Decision Memo

View attachment file

## ITA Public Recommendation Memo

There are no attachments for this public recommendation memo

Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

October 20, 2021

Brad Botwin
Office of Technology Evaluation
Bureau of Industry & Security
U.S. Dep't of Commerce
1401 Constitution Avenue, NW, Room 1093
Washington, DC 20230

**Subject:** **Seneca Foods Corporation Requires Limited Product Exclusions for Tin Mill Products That Are Not Available from U.S. Producers**

Dear Mr. Botwin,

Seneca Foods Corporation ("Seneca") submits a targeted set of narrow exclusion requests for tin mill products to be delivered in late 2021, a time period during which the domestic industry has declined to provide additional supply. The volumes covered by these requests are limited to orders placed by Seneca between late 2020 and spring 2021. These orders were placed soon after all relevant domestic producers affirmatively declined to award Seneca any additional volume for 2021. All of the orders at issue are scheduled for delivery during the fourth quarter of 2021. Notwithstanding the one-year time frame of granted exclusions, no future deliveries beyond 2021 are covered by these requests. Accordingly, Commerce should grant Seneca's exclusion requests.

BACKGROUND: OUR INTEGRATED CANNED FOOD OPERATIONS

Seneca is primarily a fruit and vegetable processor with 24 facilities across the United States. We contract with approximately 1,650 agricultural producers for over 200,000 acres of fruit and vegetable crops that are processed at our facilities. We are the largest vegetable canner in the United States representing an estimated 50% of the canned vegetables (excluding tomatoes and dry beans) sold in the United States. We do business with almost every retailer and food service distributor in the country. We are very proud that we provide safe and nutritious canned products that represent a "value proposition" for consumers compared to foods in other forms (primarily fresh and frozen). Strategically, vertical integration is a core part of Seneca's success, and we thus engage in farming, plant breeding and seed development, transportation, and also can manufacturing.

SENECA'S CAN MANUFACTURING REQUIRES PURCHASES OF TIN MILL PRODUCTS

Seneca has been involved in can manufacturing since 1972. While a number of food companies made their own cans over the years, most divested those operations. Today, Seneca is the last U.S.-based food company that still makes its own cans. After investing more than $50 million over the last 12 years in our can making operations, we have among the most efficient can making operations running today. Our primary can making facility is in Baraboo, Wisconsin, with another smaller facility located in Payette, Idaho. We employ over 350 people in these operations, with an annual payroll in the tens

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

of millions of dollars.

Prior to 2014, other than some minor trials of imported material, we purchased 100% of our tin mill products from domestic producers. In 2013 our major U.S. supplier communicated concerns about the sustainability of a major portion of domestic tin mill production. This opened our eyes to the threat that should we lose one of the two major U.S. suppliers (and our largest), not only would our can making operation be at risk but our entire vertically integrated food business would be in jeopardy. As such, we had no choice but to expand our supply chain in order to spread our risk. In 2014 we began importing a portion of our needs, primarily from South Korea, and evaluating suppliers from other countries.

DOMESTIC TIN MILLS CANNOT MEET U.S. DEMAND

While we support strong U.S. production of tin mill products, domestic supply constraints have left us with no option but to rely on imports for some portion of our needs. In 2016, U.S. demand for tin mill products was 2.1 million tons while domestic tin mill production was 1.2 million tons, representing only 58% of U.S. demand. Since that time and through three quarters of 2020, according to information available to us, the percentage of domestic demand supplied by U.S. producers has remained around 57% to 60%. Tin mill products represent less than 3% of overall U.S. steel production. Further, there are only two fully integrated domestic producers: U.S. Steel and Cleveland Cliffs (formerly ArcelorMittal). One smaller supplier, Ohio Coatings, provides coating only and must rely on others for the substrate to produce our products. While U.S. suppliers may claim the ability or willingness to expand domestic tin mill production in the longer term, they cannot meet Seneca's needs in the short term. Thus, we must rely, at least in part, on imports to cover our needs.

In addition to our predominant concerns about the availability and sustainability of domestic supplies, we have experienced quality issues with tin mill products from domestic producers. Until recent years, we had no context for comparing the quality of domestic tin mill products, but once we brought in material from South Korea it became clear that our "U.S. only" purchasing strategy made it more difficult for us to remain competitive with commercial can makers. As an illustration, over the last 3 years (2018-2020), the percentage of cut sheets from domestic suppliers that we rejected for quality issues was 13.3%, which is more than ten times the 1.3% rejection rate for our imports. The superior quality of imports leads to better efficiencies on our can making lines and reduces the management time, rework costs, and freight costs of dealing with defective material, both for us and for our suppliers.

DOMESTIC PRODUCERS CANNOT PROVIDE SENECA ADDITIONAL VOLUME IN 2021, THE DELIVERY TIME FOR THE REQUESTS AT ISSUE

Over the past several months, we have met with both of our domestic suppliers to understand their ability to supply more tin mill products to us in the near term. Our largest supplier indicated that there is no more material available for 2021. The smaller of our domestic suppliers likewise has no additional availability for 2021. As noted, the fourth quarter of 2021 is the window for delivery of all products covered by these requests. No domestic producer is able and willing to make any additional supply available to us within the relevant timeframe in 2021.

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

Looking ahead to 2022, we continue to communicate to both domestic suppliers that we would take up to double the volume that they currently supply us on an annual basis. While they fully understand our needs, the larger supplier has agreed to volumes for 2022 that are only slightly higher than 2021, and the smaller supplier remains uncertain as to what if any volume it may offer for 2022. Both domestic suppliers have informed us that they would advise only at some uncertain future date if they will have any additional capacity for 2022.

We also reached out to U.S. Steel to understand its ability to supply Seneca with tin mill products for our 2021 and 2022 needs. For its part, U.S. Steel was unwilling even to give us a quote for tin mill products due to its inability to supply any additional material in 2021 or beyond.

GIVEN THE UNAVAILABILITY OF DOMESTIC SUPPLIES, A LIMITED EXCLUSION IS NECESSARY

Facing these severe domestic supply constraints, Seneca respectfully requests exclusions to allow us to bring in a limited quantity of imported tin mill products in late 2021 to meet the needs of our integrated production operations. Because the volumes at issue were unavailable from the domestic industry when ordered months ago, and because the full quantity covered by the requests will be delivered in 2021, during which there is no dispute as to availability from domestic producers, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products.

More generally, as a matter of policy, Commerce should support the responsible approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed these exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

Among many lessons, the pandemic has taught us that a reliable supply of nutritious canned foods is essential for the comfort and security of U.S. consumers. Our inability to source sufficient volumes of tin mill products from the domestic industry currently threatens not only our can making operations, but also our entire canned food business.

Thank you for your time, and please feel free to contact me if you have any questions.

Sincerely,

Leon Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
llindsay@senecafoods.com
M: (507) 364-8205



# U.S. Department of Commerce
Section 232 Steel and Aluminum

## Objecting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin M. Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://ussteel.com/

## Organization Requesting Exclusion

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

## Product Information

**Exclusion Request number**
257423

**10 Digit HTSUS Code**
7210500020

**Annual Exclusion Quantity Requested(Kilograms)**
21000          Kilograms

023

# Reason for Objection

Indicate what type of order the Exclusion Request that is the subject of the Objection Filing would pertain to:

Standard Product

Comments

This Exclusion Request is for a standard tin free steel (TFS) product. United States Steel Corporation (U. S. Steel) actively manufactures and is is capable of supplying Seneca Foods Corporation (Seneca or the Requestor) with TFS coils that meet the requested chemical, dimensional, and mechanical specifications.

Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States , or can it immediately be made (within 8 weeks) by your organization, in a company owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States.

Yes

Locations

| City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|------|-------|-----------------------------------------------|-----------------------------|
| Portage | Indiana | | |

This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following facilities:

Locations

| Days | City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|------|------|-------|-----------------------------------------------|-----------------------------|
| | Pittsburg | California | | |

Comments

U. S. Steel currently produces the requested TFS at its Midwest facility in Portage, Indiana, and has the available capacity to supply additional volumes within the necessary time frame (i.e., 120 days). In addition to this active production capacity at the Midwest facility, U. S. Steel's UPI facility in Pittsburg, California, had an idled TFS line that if restarted can supply even greater volumes of domestically manufactured TFS. Specific capacity and utilization information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information upon request from the U.S. Department of Commerce (Commerce).

Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization

No

This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities:

Comments

Select "Yes" for any assertions identified in the Exclusion Request that your organization is challenging:



| | |
|---|---|
| No Production Capacity | Yes |
| Product Quality | Yes |
| Shipping Time | No |
| Insufficient Volume | Yes |
| Unique Product | Yes |
| Other (specify here) | The requested material is available from domestic manufact |

Discuss the suitability of your organization's steel product compared to that identified by the Exclusion Requestor.

U. S. Steel produces TFS that meets Seneca's specifications. U. S. Steel's material is prime, double reduced (DR8), annealed, electrolytically chromium coated TFS that meets ASTM International A623 standards and has the requested 7C melted finish, chemical treatments, and basis weight. The TFS offered by U. S. Steel can be used for vegetable can lids/ends.

Provide a full technical description of the properties of the product it manufactures relative to specifications cited in the Exclusion Request posted in regulations.gov. This description must include information on dimensions, plus performance factors such as strength, toughness, ductility, magnetic permeability, surface finish, coatings, and other relevant data.

State the chemical composition of the specific product that your organization can manufacture at a company owned production facility located in the United States. Numbers may appear rounded, but full values will be stored.

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0.00 |
| Maximum % | 0 | 0 | 0 | 0 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0 | 0 | 0.00 | 0 | 0 |

| | | | | | |
|---|---|---|---|---|---|
| Maximum % | 0 | 0 | 0.08 | 0 | 0 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| | | | | | |
| Minimum % | 0 | 0.00 | 0 | 0 | 0 |
| Maximum % | 0 | 0.60 | 0 | 0 | 0 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0 | 0.00 | 0 | 0.00 | 0.00 |
| Maximum % | 0 | 0.02 | 0 | 0.04 | 0.05 |
| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0 | 0 | 0 | 0 | 0 |
| | Zinc | Zirconium | Other Chemical | | |
| Minimum % | 0 | 0 | 0.00 | | |
| Maximum % | 0 | 0 | 0.02 | | |

**Comments**

U. S. Steel produces TFS with the requested chemical composition.

Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. Numbers may appear rounded, but full values will be stored.

Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.181 | 0 | 0 | 0 | 857.3 | 0 |
| Maximum | 0.20 | 0 | 0 | 0 | 859.3 | 0 |

026

## Strength

| | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method  Brinnell, Rockwell, Vickers, etc.) |
|---|---|---|---|
| | | | HR30T |
| Minimum | 470 | 470 | 68 |
| Maximum | 590 | 590 | 76 |

## Toughness (If Applicable)

| Test Type | Drop Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

**Comments**

U. S. Steel produces TFS that meets the requested dimensional and mechanical/performance specifications.

Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.  Numbers may appear rounded, but full values will be stored.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 0 % | 0 % | 0 % | 0 mm |
| Maximum | 0 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer  [SAE J911] |
| Minimum | 0 | 0 | 0 | 0 |
| Maximum | 0 | 0 | 0 | 0 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Other   see comments below | Tin free steel (TFS) | C, Si, Mn, P, S, Cu and others |

| Coating Weight and Thickness | | | |
|---|---|---|---|
| | Coating Weight | | Coating Thickness |
| Minimum | 0.05 | grams psq | 0 | micrometers |
| Maximum | 0.15 | grams psq | 0 | micrometers |

Select any additional processing methods used:

Comments

U. S. Steel produces TFS that meets the requested mechanical and performance specifications.

---

What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis?          100          %

State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received:          0000000000000

State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received:          0000000000000

State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock:          0000000000000

Comments

U. S. Steel's TFS is mined, melted, poured, rolled, and coated in the United States, and the finished coils can be shipped directly to the customer via truck or rail. Although the U.S. tin mill market experienced some supply constraints in the immediate wake of the COVID 19 pandemic, such conditions were temporary and do not impact U. S. Steel's ability to supply TFS or other tin mill products during the remainder of 2021 and into 2022. Indeed, U. S. Steel confirms it can supply the requested quantity of TFS within the 120 day manufacturing and delivery day lead time reported for the Requestor's Japanese supplier. Specific manufacturing and delivery lead time information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information at Commerce's request.

Identify the reasons your organization objects to an Exclusion Request being granted to the applicant. Written comments may be submitted (not required) for each of the reasons your organization has cited in the Objection Filing form. Organizations filing Objections should identify factual problems in the Exclusion Request (e.g., product description).

028

U. S. Steel confirms it is capable of producing TFS that meets all requested specifications. Therefore, the requested TFS coils are produced by and available from domestic manufacturers. Furthermore, the Exclusion Request admits that the requested TFS is already available from at least one alternative Section 232 tariff free source (i.e., Canada), with potentially greater availability in calendar year 2022 (i.e., the primary term that would be covered by the requested exclusion). Since U.S. imports of Canadian steel products are also exempt from Section 232 quotas, there is no limit on the quantity of Canadian TFS available to Seneca. To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff free TFS from Canada and other exempt sources can supplement Seneca's demand without additional exclusions. Granting this Exclusion Request when the requested product is readily available from U.S. manufacturers and alternative Section 232 tariff exempt sources would undermine the national security goals of the Section 232 action by inhibiting the domestic industry's ability to achieve sustainable capacity utilization rates.

Has the organization making the Exclusion Request asserted that there is no capability in the United States to manufacture this type of product it requires?   **No**

Comments

Has the Exclusion Requestor supported its assertion of product uniqueness with engineering and scientific data, or independent laboratory tests results?   **No**

Does your organization have technical data to disprove the assertions of the Exclusion Requestor? If "Yes" provide comments in the space below, or in attachments.   **Yes**

Comments

U. S. Steel produces the requested TFS and is prepared to confidentially provide technical information confirming the quality of its material.

Has the organization making this Objection Filing within the last two years attempted to sell, or successfully sold, the product described in the Exclusion Request to the exclusion requestor previously?   **Yes**

Does your organization manufacture a product similar to that cited in the Exclusion Request for which it has asked to Exclusion Requestor, within two years of the filing of the Exclusion Request, to perform a formal technical qualification to determine equivalency in form, fit, function and performance?   **Yes**

Did the Exclusion Requestor accept or reject the request to perform a formal technical qualification?   **Accept**

Comments

U. S. Steel has supplied Seneca with TFS within the last two years.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the

029

best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

Name of Authorizing Official

Kaitlin M. Wojnar

Title of Authorizing Official

Counsel   International Trade & Public Policy

Phone Number

202 783 6315

Email of Authorizing Official

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

I have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission:

Yes

Small Business?

# Attachment

There are no attachments for this objection filing

## Published Objection Rebuttal

| Company | Product | Posted Date | Details |
|---|---|---|---|
| Seneca Foods Corporation | Steel | 12/4/2021 | Details |

030

**Back**

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



## U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

031



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364 8205

**E mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

| | |
|---|---|
| Exclusion Request number | 257423 |
| Objection to Exclusion Request Identifier # | 96541 |
| Does this rebuttal address a substitute or an identical product? | Identical Product |
| Are you submitting confidential business information with this form? (If yes, please email it to 232rebuttals@doc.gov and submit a public version with this form. Confidential business information related to this rebuttal will not be made available to the public.) | Yes |

## The basis of your rebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |
| Delivery Time | Yes |

Other (limit: 100 characters)

USS declined to supply the 4/22/2021 order covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

| | |
|---|---|
| The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks | Yes |
| The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so | No |
| The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. | No |
| The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. | No |
| The Objector can manufacture the product within the time frame stated in their Objection filing. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 4/22/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 120 days, is very good news   if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021. (See Attachment, Confidential Exhibit 2.)

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | No |
| Dimensional specifications | No |
| Strength | No |
| Toughness | No |
| Ductility | No |
| Magnetic permeability | No |
| Surface finish | No |
| Coatings and composition | No |
| Other technical specifications (e.g., end use requirements) | No |

033

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                                    Yes

The Objector can supply the percentage of product stated in their Objection filing.      Yes

U.S. manufacturers have the capability to manufacture the identified product.            No

The Objector has sold or has attempted to sell the product described in the Exclusion Request.   Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 4/22/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 120 days, is very good news    if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021. (See Attachment, Confidential Exhibit 2.)

DELIVERY TIME Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the   Yes
product is ready to ship.

Domestic product is available for timely delivery from manufacturing plant to loading dock.               Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 4/22/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 120 days, is very good news    if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021. (See Attachment, Confidential Exhibit 2.)

# Certification

034

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

Seneca Foods Corporation

**Name of Authorizing Official**

Leon J. Lindsay

**Title of Authorizing Official**

VP   Strategic Sourcing

**Phone Number**

(507) 364 8205

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

**Small Business?**

# Attachment

[View attachment file](#)

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

035

December 2, 2021

**Seneca Rebuttal to U.S. Steel objections to requests 257423, 257428, 257708, 257709, and 257712 for limited volumes of tin mill products that U.S. Steel declined to supply**

U.S. Steel ("USS") has objected to exclusion requests **257423, 257428, 257708, 257709, and 257712** submitted by Seneca Foods Corporation ("Seneca") regarding limited imports of prime tin-free steel ("TFS") and prime electrolytic tinplate ("ETP") (collectively, "tin mill products"). We disagree with USS's claims and below rebut each of its principal assertions, which are inaccurate as applied to the Seneca requests at issue.

There is no dispute that USS could not and cannot supply Seneca with the requested volumes, which are limited to November 20, 2020; April 22, 2021; and May 31, 2021 purchase orders placed by Seneca only after USS affirmatively declined to award Seneca any 2021 volume. (See **Exhibit 1**.) USS still to this day has no volume available for Seneca. In fact, in November 2021, after the objections at issue were submitted to Commerce, USS advised Seneca that it has no ETP or TFS to offer Seneca. (See **Confidential Exhibit 2**.) The purchase orders at issue were for anticipated delivery in 2021, at a time when USS concedes that it had no availability. Accordingly, Commerce should grant Seneca's exclusion requests.

    A.   **USS claims that it can "supply the requested quantity of ETP within the 270-day manufacturing and delivery day lead time" and "the requested quantity of TFS within the 120-day manufacturing and delivery lead time" for the tin mill product volumes covered by these requests**

Seneca rebuttal:

The imports of tin mill products covered by these exclusion requests are limited to volumes ordered — on November 20, 2020; April 22, 2021; and May 3, 2021 — only after USS declined to contract to supply *any* tin mill products to Seneca during 2021. (See **Exhibit 1**.) As USS itself concedes, it had no availability to supply Seneca with any tin mill products at the time Seneca placed the purchase orders at issue.

In fact, as noted above, USS still to this day has no volume available for Seneca; most recently in November 2021, USS advised that it has no ETP or TFS to offer Seneca in 2022, after stating and certifying the opposite to Commerce. (See **Confidential Exhibit 2**.)

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

The claim by USS that it now has ability to supply tin mill products during the remainder of 2021 represents a departure from its longstanding position. That claim is contradicted by a more recent communication from USS that post-dates its objections. Moreover, that dubious claim is irrelevant to these exclusion requests, which solely relate to purchase orders placed at a time when USS concedes that it had no availability at all.

Specifically, the purchase orders covered by these requests were placed on November 20, 2020; April 22, 2021; and May 3, 2021, only after Seneca had confirmed that no domestic producers were able to supply these volumes during 2021:

- On Oct. 13, 2020, one of our domestic steel suppliers agreed to supply only a reduced share of our requested tons for 2021, compared to 2020. That supplier later confirmed that no additional volume would be available in 2021.

- On Nov. 11, 2020, a second domestic steel supplier confirmed acceptance of a portion of our requested steel needs for 2021, but stated that no additional steel was available despite our emphasized need for more.

- Finally, on Nov. 13, 2020, USS confirmed via phone that it would not offer Seneca *any* steel for 2021 delivery, regardless of price. USS stated that it did not want to make any commitment at the time at any price and noted that if it had available volume in future months, it would contact Seneca (*see* **Exhibit 1**). To date, USS has not reached out to Seneca to commit *any* 2021 volume.

Unable to secure the necessary volume for 2021 deliveries from the domestic industry, Seneca then turned to imports as a supplement. On November 20, 2020; April 22, 2021; and May 3, 2021, after concluding all discussions with U.S. producers, Seneca placed orders for the limited volumes covered by these requests, all of it for anticipated delivery in 2021.

The fact that USS could not contract to supply the very same volumes before the orders were placed in fall 2020 and spring 2021 means that its objections to exclusions for the very same orders now deserve no weight. The fact that USS had no availability at that time is not in dispute, as its objection concedes.

Meanwhile, though irrelevant to these requests, the fact that USS now claims the ability to supply Seneca in 2022, within 270 days in the case of ETP and 120 days in the case of TFS, is good news if – for a change – it proves to be true. If USS is able to contract for 2022 volumes, it will mark a significant departure from recent years, as the last time that USS agreed to supply contracted volumes was for deliveries in 2018.

Unfortunately, all indications received thus far suggest that USS will not supply Seneca with any contracted volume for next year. Like last year, Seneca a few days ago engaged USS for volumes

to be delivered in 2022, but USS offered nothing. Given that rejection, it is unclear why USS is filing objections even with respect to what it erroneously believes to be volumes for 2022. One thing is clear, however: Seneca cannot look to USS for a reliable source of supply.

    **B. USS claim that it has supplied Seneca with TFS and ETP "within the last two years"**

Seneca rebuttal:

This claim is false. The most recent delivery of *any steel* from USS to Seneca occurred on February 19, 2019—more than two years ago. Moreover, the delivery was of a single coil, not any meaningful volume. Finally, Seneca ordered that coil from USS as part of a larger purchase order placed on May 15, 2018 for delivery in August 2018, but the final coil was delivered only many months later, in early 2019.

Unfortunately, in our experience, Seneca cannot look to USS as a dependable source of steel supply. No contract volumes have been made available to Seneca by USS since our orders for deliveries during 2018. Any suggestion that USS has been a regular supplier of tin mill products to Seneca in recent years is false.

    **C. USS claim that requested ETP and TFS are "also already available from at least one alternative Section 232 tariff-free source (i.e., Canada)"**

       "To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff-free [ETP and TFS] from Canada and other exempt sources can supplement Seneca's demand."

Seneca rebuttal:

As noted, these exclusion requests are limited to Seneca's 2021 volume needs, which in the fall of 2020 and spring of 2021 Seneca sought to secure first from domestic steel suppliers, and then from any exempt Canadian sources.

Unfortunately, the only potential Canadian supplier at that time was ArcelorMittal, which as a matter of policy considered offering Seneca volume only from its domestic facility in Weirton, WV, not from its Canadian mill. Afterwards, the Weirton facility was sold to Cleveland Cliffs. With separate owners for the two facilities, there is a new possibility of purchasing tin mill products for 2022 deliveries from the Canadian ArcelorMittal Dofasco mill. Dofasco has offered trial quantities, and Seneca will be running trials on a few coils from Dofasco this fall in an attempt to qualify that facility as a potential source for 2022. But those trials for 2022 are irrelevant to the already delivered 2021 volumes covered by these requests.



**Conclusion**

Because the volumes at issue in these requests were unavailable from USS and the rest of the domestic industry when ordered in November 2020 and spring of 2021 for anticipated delivery in 2021, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products. USS should not be allowed to decline repeated requests to supply Seneca's 2021 orders, yet then block an exclusion for those very same orders.

More generally, as a matter of policy, Commerce should support the approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

As explained above, the timeframe for these requests is limited to orders placed last November and spring of 2021 for anticipated delivery in 2021, not during 2022. There is no dispute that USS could not and cannot supply these volumes within the relevant timeframe, and accordingly there is no basis for Commerce to give weight to the objections of USS.

Please let us know if you have any questions or would like to receive any additional information, including any additional supporting confidential information.

039

# EXHIBIT 1

**From:**               Leon Lindsay <llindsay@senecafoods.com>
**Sent:**               Friday, November 13, 2020 10:38 AM
**To:**                Paul Palmby; Tim Nelson
**Subject:**          USS UPDATE

They are not offering anything now at any price.

They say if they have available production in any month, they will contact us and see if we have interest.  They just don't want to commit to anything right now.

Still waiting to hear from Tata.

Leon J. Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
600 5th Street South East
Montgomery, Minnesota 56069
Office: (507) 364-8205; Ext 43205
Email: llindsay@senecafoods.com

# EXHIBIT 2

# BUSINESS CONFIDENTIAL INFORMATION REDACTED FROM PUBLIC SUMMARY

*[Evidence documenting that in November 2021, after it submitted the objections at issue to Commerce, U.S. Steel declined to offer Seneca any prime tin-free steel ("TFS") or electrolytic tinplate ("ETP")]*

# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Surrebutting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin Wojnar

**Phone Number**
202-783-6315

**E-mail Address**
kmwojnar@uss.com

**Web Site Address**
https://www.ussteel.com/

## Surrebuttal of Objections Filed Against An Exclusion Request

**Exclusion Request number**
257423

**Objection to Exclusion Request Identifier #**
96541

**Rebuttal Identification #**
47412

**Does this surrebuttal address a substitute or an identical product?**
Identical Product

Are you submitting confidential business information with this form? (If yes, please email it to 232surrebuttals@doc.gov and submit a public version with this form. Confidential business information related to this surrebuttal will not be made available to the public.)
Yes

## The basis of your surrebuttal is for the following reason(s):

**Manufacturing Time**
Yes

**Quality**
No

**Available Quantity**
Yes

Delivery Time

Yes ⌄

Other (limit: 100 characters)

Section 232 exclusion requests are prospective, not retrospective, based on current availability.

# Basis for Surrebuttal of Objection Filings

MANUFACTURING TIME
Challenging the Objector's assertion that:

| | |
|---|---|
| The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks | Yes ⌄ |
| The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so | No ⌄ |
| The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. | No ⌄ |
| The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. | No ⌄ |
| The Objector can manufacture the product within the time frame stated in their Objection filing. | Yes ⌄ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

United States Steel Corporation (U. S. Steel) manufactures the requested tin-free steel (TFS) at its Portage, Indiana facility. The rebuttal (the Rebuttal) focuses on 'contract' volumes and fails to mention that U. S. Steel has recently offered Seneca Foods Corporation (Seneca or the Requestor) spot sale volumes of TFS. In fact, U. S. Steel is currently only offering additional spot–not contract–volumes of tin mill products for 2022. The COVID-19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this TFS), but Section 232 exclusions are is prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 120-day lead time reported for Seneca's Japanese supplier), and the U.S. Department of Commerce (Commerce) must evaluate this request based such current availability. Specific lead times are provided in a confidential attachment.

QUALITY
Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | No ⌄ |
| Dimensional specifications | No ⌄ |
| Strength | No ⌄ |
| Toughness | No ⌄ |
| Ductility | No ⌄ |
| Magnetic permeability | No ⌄ |

045

| | |
|---|---|
| Surface finish | No ⌄ |
| Coatings and composition | No ⌄ |
| Other technical specifications (e.g., end-use requirements) | No ⌄ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

## AVAILABLE QUANTITY
Challenging the Objector's assertion that:

| | |
|---|---|
| Domestic product is available in sufficient quantity. | Yes ⌄ |
| The Objector can supply the percentage of product stated in their Objection filing. | Yes ⌄ |
| U.S. manufacturers have the capability to manufacture the identified product. | No ⌄ |
| The Objector has sold or has attempted to sell the product described in the Exclusion Request. | Yes ⌄ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

U. S. Steel confirms that it can immediately manufacture the requested quantity of TFS at its Portage facility. The Rebuttal fails to mention that, although U. S. Steel is not currently engaging in any new 2022 tin mill supply contracts for any customers, it has clearly indicated to the Requestor that it is willing to make TFS spot sales. The COVID-19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when Seneca ordered this TFS), but Section 232 exclusions are is prospective not retrospective. The requested quantity of TFS is now immediately available from U. S. Steel, and Commerce must evaluate this request based such current availability. Specific capacity and utilization rates are provided in a confidential attachment.

## DELIVERY TIME
Challenging the Objector's assertion that:

| | |
|---|---|
| Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship. | Yes ⌄ |
| Domestic product is available for timely delivery from manufacturing plant to loading dock. | Yes ⌄ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

U. S. Steel actively manufactures the requested TFS at its Portage facility and can immediately (i.e., within 120 days) deliver this material to Seneca. Despite the Requestor's implications, U. S. Steel is currently offering tin mill product spot sales--not contract sales--for 2022, but Seneca has not pursued this option. The COVID-19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this TFS), but Section 232 exclusions are is prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 120-day lead time reported for Seneca's Japanese supplier), and Commerce must evaluate this request based such current availability. Specific lead times are provided in a confidential attachment.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

United States Steel Corporation

**Name of Authorizing Official**

Kaitlin Wojnar

**Title of Authorizing Official**

Counsel - International Trade & Public Policy

**Phone Number**

202-783-6315

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point-of-contact information below.

**Point-of-Contact Name**

Matthew McConkey

**Title**

Partner

**E-mail Address**

mmcconkey@mayerbrown.com

**Phone Number**

202-263-3235

**Small Business?**



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility · Privacy policy

**UNITED STATES STEEL CORPORATION SURREBUTTAL**
**TO EXCLUSION REQUESTS 257423 AND 257428**
**FILED BY SENECA FOODS CORPORATION**
**CONFIDENTIAL SUPPLEMENT**

## I.     Confidentiality

This document includes confidential business information ("CBI"), which is contained in brackets (*i.e.*, "[ ]").  United States Steel Corporation ("U. S. Steel") is providing this CBI with the understanding that the U.S. Department of Commerce ("Commerce") will use it solely for purposes of reviewing the above-referenced exclusion requests (collectively, the "Exclusion Requests") and U. S. Steel's opposition submissions and that Commerce will treat it as proprietary and business confidential.  It is U. S. Steel's understanding that the bracketed CBI will not be made available to the public or any other parties outside of the U.S. government, unless so ordered by a court of competent jurisdiction.  In the event Commerce is compelled by a court of competent jurisdiction to disclose this proprietary CBI, Commerce will provide U. S. Steel with reasonable prior notice, allowing U. S. Steel to consider seeking a protective order or other appropriate remedy.

## II.     Quantity

U. S. Steel's Portage, East Chicago, and Gary, Indiana tin mills have the combined capacity to produce [          ] metric tons ("MT") of tin mill products (*i.e.*, tin-free steel ("TFS") and electrolytic tinplate) each year.[1]  U. S. Steel's UPI facility in Pittsburg, California, has the capacity to produce an additional [       ] MT of tin mill products each year.  In 2020, these facilities operated at [   ] percent capacity utilization, leaving more than [          ] MT of unused of tin mill—including TFS—production capacity.  U. S. Steel's active Portage, Indiana tin mill can immediately produce the exact TFS requested by Seneca Foods Corporation ("Seneca" or the "Requestor"), and the UPI facility's idled tin mill in Pittsburg, California, represents additional readily available TFS production capacity that can be restarted to manufacture the exact requested TFS if there is sustained increased demand for American-made tin mill products.

U. S. Steel acknowledges that, as stated in Seneca's rebuttals, it has not supplied the Requestor with tin mill products since February 2019, which is more than two years before submission of U. S. Steel's objections (collectively, the "Objections").  Contradictory statements in each of the Objections were made in error.  Nevertheless, U. S. Steel regularly discussed tin mill product availability and sales with Seneca throughout 2019, 2020, and 2021.

## III.     Manufacturing and Delivery Time

U. S. Steel's manufacturing lead times for tin mill products typically range from [          ] after receipt of an approved order, which is consistent with industries standards.  As of December 10, 2021, **the manufacturing lead time for the exact requested continuously annealed TFS is [       ] at U. S. Steel's Portage, Indiana facility**.  Shipment from

---

[1]     The East Chicago facility was indefinitely idled in December 2019.

**U. S. Steel's Portage, Indiana facility to the Requestor's loading dock, which is presumed to be at the address listed in the Exclusion Request, takes [████████].**

Therefore, U. S. Steel's current production and delivery lead time for this TFS is [████████], which is significantly less than the 120-day lead time reported for Seneca's Japanese supplier.

2

## UNITED STATES COURT OF INTERNATIONAL TRADE

Seneca Foods Corp., )
)
Plaintiff, )
)
v. )       Ct. No. 22-00243
)
UNITED STATES, )
)
Defendant, )

## INDEX OF ADMINISTRATIVE RECORD – PUBLIC SET
### EXCLUSION REQUEST NUMBER: 257428

| | Relevant Party | Type of Document | Page # Seneca Foods-257428 |
|---|---|---|---|
| **BIS Decision Memorandum** | | | |
| 1 | BIS | Decision Memorandum | 050 |
| **ITA Recommendation Memorandum** | | | |
| 2 | ITA | Recommendation Memorandum | 052 |
| **Exclusion Request and Related Submission** | | | |
| 3 | Seneca Foods | Exclusion Request | 057 |
| 3.1 | Seneca Foods | Exclusion Request Supplement | 070 |
| **Objections and Related Submissions** | | | |
| 4 | U.S. Steel Corporation | Objection | 073 |
| **Rebuttal and Related Submissions** | | | |
| 5 | Seneca Foods | Rebuttal | 082 |
| 5.1 | Seneca Foods | Rebuttal Supplement | 086 |
| **Surrebuttal and Related Submissions** | | | |
| 6 | U.S. Steel Corporation | Surrebuttal | 094 |
| 6.1 | U.S. Steel Corporation | Surrebuttal CBI | 098 |

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 257428**

**Summary:**

- Requester: Seneca Foods Corporation
- Product Description: Prime Tin-Free Steel (TFS or ECCS) according to ASTM A623, Type L, DR8, CA, 7C Melted Finish, CDC-3 Chemical Treatment, Electrolytic Chromium-Coated Steel, 95# Basis Weight (0.26543mm thickness)
- HTSUS: 7210500020

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #257428**

| | |
|---|---|
| _____**X**_____ | I approve denying this exclusion request. |
| _____ | I do not approve denying this exclusion request. |
| _____ | I would like to discuss. |

*Matthew S. Borman*
Deputy Assistant Secretary of Export Administration

**April 9, 2022**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has referred this exclusion request to ITA for ITA's recommendation as to whether the Steel article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 1 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 257428
Requestor:   Seneca Foods Corporation (Seneca)
Objector(s):

     United States Steel Corporation (U.S. Steel)

Case Filings

|  | Seneca | U.S. Steel |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | Yes |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |

Recommendation: Denial
Rationale: {At least one} objector meets the quality, quantity, and timeliness criteria.

| QUALITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) – QUALITY** | | | | |
| | U.S. Steel | | | |
| Identical (1.c or 1.d filled in)* | Yes | | | |
| Substitute (1.e or 1.f filled in)* | No | | | |
| **2.c\*** match | Yes | | | |
| **2.d\*** match | Yes | | | |
| **2.e\*** match | Yes | | | |
| **Standards** match Exclusion Request | N/A | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?

No

**Subject Matter Expert (SME) Evaluation of Facts:** No

**Analysis of the Record:** U.S. Steel can manufacture an identical product to the product in the request. U.S. Steel's product matches the specifications of the request. As such, U.S. Steel meets the quality criterion.

| QUANTITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) –QUANTITY** | | | | |
| | U.S. Steel | | | |
| **3.a** | 100% | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?

No

**Analysis of the Record:** U.S. Steel can produce 100 percent of the requested volume. As such, U.S. Steel meets the quantity criterion. ITA notes both Seneca and U.S. Steel submit confidential business information (CBI) related to U.S. Steel's ability to meet the quantity criterion. Based on the evidence submitted, nothing contradicts the information certified by U.S. Steel in its objection submission. Seneca states in its rebuttal, "Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021." U.S. Steel states in its surrebuttal that it can provide the requested TFS as spot sales rather than contract volumes. This does not impact U.S. Steel's ability to supply the requested quantity.

| TIMELINESS | | | | |
|---|---|---|---|---|
| **REQUESTOR– DELIVERY TIME** | | | | |
| **2.d (request form):** Days: 120 | | | | |
| **2.f (request form):** Days: 50 | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f? | | | | |
| No | | | | |
| **OBJECTOR – DELIVERY TIME** | | | | |
| | U.S. Steel | | | |
| **3.b** | BPI | | | |
| **3.d** | BPI | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d? | | | | |
| | No | | | |

**Delivery Time Totals**
- o Requestor's Import Delivery Time = *{2d + 2f of the exclusion request, plus any adjustments}*
- o Objector's Delivery Time = *{3b + 3d of the objection, plus any adjustments}*

**Analysis of the Record:** Seneca reports 170 days for import delivery time. U.S. Steel claims the information for 3.b and 3.d are business proprietary in its objection form. ITA requested that information from U.S. Steel. In addition, U.S. Steel provided confidential business information in its surrebuttal submission that required ITA to adjust U.S. Steel's delivery time. Based on the information provided by U.S. Steel, compared to the requestor's import delivery time, U.S. Steel is able to deliver the product in a timely manner. Therefore, U.S. Steel meets the timeliness criterion.

**Explanation/Additional Comments** (if needed):

| General Notes: |
|---|
| **This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.**<br><br>ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections.<br><br>Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2d and 2f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3b and 3d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation. In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion.<br><br>An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive.<br><br>**ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the** |

| Field Definitions (Requestor Form) | |
|---|---|
| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

|  |  |
|---|---|
|  |  |

| * Field Definitions (Objection Form) | |
|---|---|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 10/21/2021

Public Status: Denied

Please select product type

Steel

Identify the class of product for which the Exclusion is sought

Carbon and Alloy Flat

10 Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7210500020

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

## Requesting Organization Information

Full Organization Legal Name

Seneca Foods Corporation

Street Address

418 East Conde Street

City

Janesville

State

Wisconsin

Zip Code

53546

Headquarters Country

United States

Point of Contact Name

Leon Lindsay

Phone Number

(507) 364 8205

E mail Address

llindsay@senecafoods.com

Web Site Address

https://www.senecafoods.com/

## Parent Company of Requesting Organization

Full Organization Legal Name

Street Address

City

Headquarters Country        State/Province                    Zip Code

Web Site Address

## Importer of Record for Organization Requesting an Exclusion



Full Organization Legal Name

JFE Shoji America, LLC

Street Address                              City

301 E. Ocean Blvd. Ste 1750                 Long Beach

State                    Zip Code           Headquarters Country

California                90802             United States

Point of Contact Name                       Phone Number

Jake H. Takani                              1 562 637 3500

E mail Address                              Web Site Address

takani@jfeshoji.com                         https://www.jfe shoji.co.jp/en/

## Requester's Authorized Representative/Agent (if applicable)



Requestor Point of Contact Name             Point of Contact Organization

Country Location                            Phone Number

E Mail Address                              Web Site Address

Other Information

## Exclusion Request Details

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?

| No |

Identify the activity

Identify the organization

Identify the country where the organization is headquartered

Comments

Identify the primary type of activity of the Exclusion Requester

Manufacturer

Comments

Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton   1,000 kilograms)

| 21000 | Kilograms |

Average annual consumption for years 2015 2017 of the product that is subject of this Exclusion Request (Kilograms)

| 33332000 | Kilograms |

Explain why your organization requires an Exclusion

Insufficient U.S. Availability

Please provide comments

Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States

| 100 | % |

Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization

| 120 | days |

Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed

| 45 | days |

Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock

| 50 | days |

Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request

| 12 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 New Orleans, LA

059

Port 1 New Orleans, LA

Port 2 Tacoma, WA

Port 3 Chicago, IL

Port 4 LA/Long Beach, CA

Port 5 Philadelphia, PA

Port 6 Camden, NJ

Port 7 Everett, WA

Port 8 Baltimore, MD

Is the organization making this Exclusion Request doing so on behalf of a non U.S. producer that does not manufacture products in the United States?        | No |

Identify the non U.S. producer                          Identify the country where the organization is headquartered

Comments

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below.See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

> Prime Tin Free Steel (TFS or ECCS) according to ASTM A623, Type L, DR8, CA, 7C Melted Finish, CDC 3 Chemical Treatment, Electrolytic Chromium Coated Steel, 95# Basis Weight (0.26543mm thickness)

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

> Double reduced DR8 CA for vegetable can lids (95# Basis Weight  0.26543mm thickness).

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108 13):

**Organization Designation**

| | | |
|---|---|---|
| 1 | ASTM | A623 |
| 2 | JIS | G3315 |

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab ☐ | Blooms ☐ | Billets ☐ | Ingots ☐ | Flat ☑ | Long ☐ |
|---|---|---|---|---|---|
| Beams ☐ | Semi Finished ☐ | Pipe ☐ | Tube ☐ | Stainless ☐ | Wire ☐ |
| Hot Rolled ☐ | Cold Rolled ☑ | Annealed ☑ | Plated ☐ | Electro Plated ☑ | Galvanized ☐ |
| Electro Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☐ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

**Comments**

Seneca is purchasing: Draw quality, double reduced, tin free steel. The steel is continuous annealed. Coils are delivered 923.90mm wide.

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0.00 |
| Maximum % | 0 | 0 | 0 | 0 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0 | 0 | 0.00 | 0 | 0 |
| Maximum % | 0 | 0 | 0.08 | 0 | 0 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0 | 0.00 | 0 | 0 | 0 |

061

| Maximum % | 0 | 0.60 | 0 | 0 | 0 |

| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
|---|---|---|---|---|---|
| Minimum % | 0 | 0.00 | 0 | 0.00 | 0.00 |
| Maximum % | 0 | 0.02 | 0 | 0.04 | 0.05 |

| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0 | 0 | 0 | 0 | 0 |

| | Zinc | Zirconium | Other Chemical | | |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0.00 | | |
| Maximum % | 0 | 0 | 0.02 | | |

Comments

The above are the chemistries that are provided on the manufacturer's mill certificate. The balance of the chemical composition is iron, which is not indicated on the mill certificate.

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size   not a range of products and or sizes (e.g., 19 mm dia. rebar   not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.

Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.251 | 0 | 0 | 0 | 859.3 | 0 |
| Maximum | 0.278 | 0 | 0 | 0 | 923.9 | 0 |

Strength

| | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) |
|---|---|---|---|
| | | | HR30T |
| Minimum | 470 | 470 | 68 |

062

| Maximum | 590 | 590 | 76 |

## Toughness (If Applicable)

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 0 % | 0 % | 0 % | 0 mm |
| Maximum | 0 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer - [SAE J911] |
| Minimum | 0 | 0 | 0 | 0 |
| Maximum | 0 | 0 | 0 | 0 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Other   see comments below | Tin free steel (TFS) | C, Si, Mn, P, S, Cu and others |

| Coating Weight and Thickness | |
|---|---|
| Coating Weight | Coating Thickness |

| **Minimum** | 0.05 | grams psq | 0 | micrometers |
| **Maximum** | 0.15 | grams psq | 0 | micrometers |

Specify any Additional Methods Used

Comments

(1) No elongation is identified in the product specification. (2) Global ductility/reduction in area percentage is not determined for this product. (3) There is an electroplated metallic chromium/chromium oxide coating.

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

Double reduced, 95#, electro chrome plated, continuously annealed, DR8 Temper, 36 6/16

Comments

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Vegetable Can Ends 2) Sufficient supply is not available from domestic producers for the rest of 2021 and into 2022. The limited domestic supply puts Seneca's entire vertically integrated food business in jeopardy. Please see attached letter for details.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the

manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

|   | Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|---|
| 1 | Japan | Vietnam | 21000 | Perstima | JFE Shoji America, LLC |

## Product Availability Information

Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?

Yes

Comments

There are two integrated suppliers and one other smaller domestic producer that manufacture these steel specifications; however, none of the domestic suppliers can provide sufficient volume to Seneca Foods in the near term. Please refer to the attached letter for further details.

Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.

Yes

Comments

Canada: Dofasco. Seneca has been in contact with Dofasco, which has not been a supplier in the past and is not qualified now. They have no availability for 2021, but Seneca is working on running a trial to qualify them during 2022 for supply in future years.

Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?

No

Comments

Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.

No

Please provide names of the manufacturers.

**Manufacturers**

Comments

065

Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

No domestic producers have available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

Our existing domestic suppliers have no available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

No

Comments

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

No

Comments

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

CBP can track the HTSUS code, importer of record, and consignee and can verify the identifying physical characteristics of the product as described in the importation documents.

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as

being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;

B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge or arbitrage the price;

C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:
   1. loss of contract(s);
   2. unanticipated business downturns; or
   3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and

E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

| Seneca Foods Corporation |
|---|

Name of Authorizing Official

| Leon J. Lindsay |
|---|

Title of Authorizing Official

| VP   Strategic Sourcing |
|---|

Phone Number

| (507) 364 8205 |
|---|

Email of Authorizing Official

| llindsay@senecafoods.com |
|---|

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?
*Note: If the answer is 'Yes', do not attach business confidential information at this time.*

| No ⌄ |
|---|

Small Business?

## Attachment

[View attachment file](#)

## Published Objection Filings

| | Company | Product | Posted Date | Details |
|---|---|---|---|---|
| > | United States Steel Corporation | Steel | 11/26/2021 | [Details](#) |

## BIS Decision Memo

[View attachment file](#)

## ITA Public Recommendation Memo

There are no attachments for this public recommendation memo

[Back]

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



# U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

069

October 20, 2021

Brad Botwin
Office of Technology Evaluation
Bureau of Industry & Security
U.S. Dep't of Commerce
1401 Constitution Avenue, NW, Room 1093
Washington, DC 20230

**Subject:** **Seneca Foods Corporation Requires Limited Product Exclusions for Tin Mill Products That Are Not Available from U.S. Producers**

Dear Mr. Botwin,

Seneca Foods Corporation ("Seneca") submits a targeted set of narrow exclusion requests for tin mill products to be delivered in late 2021, a time period during which the domestic industry has declined to provide additional supply. The volumes covered by these requests are limited to orders placed by Seneca between late 2020 and spring 2021. These orders were placed soon after all relevant domestic producers affirmatively declined to award Seneca any additional volume for 2021. All of the orders at issue are scheduled for delivery during the fourth quarter of 2021. Notwithstanding the one-year time frame of granted exclusions, no future deliveries beyond 2021 are covered by these requests. Accordingly, Commerce should grant Seneca's exclusion requests.

BACKGROUND: OUR INTEGRATED CANNED FOOD OPERATIONS

Seneca is primarily a fruit and vegetable processor with 24 facilities across the United States. We contract with approximately 1,650 agricultural producers for over 200,000 acres of fruit and vegetable crops that are processed at our facilities. We are the largest vegetable canner in the United States representing an estimated 50% of the canned vegetables (excluding tomatoes and dry beans) sold in the United States. We do business with almost every retailer and food service distributor in the country. We are very proud that we provide safe and nutritious canned products that represent a "value proposition" for consumers compared to foods in other forms (primarily fresh and frozen). Strategically, vertical integration is a core part of Seneca's success, and we thus engage in farming, plant breeding and seed development, transportation, and also can manufacturing.

SENECA'S CAN MANUFACTURING REQUIRES PURCHASES OF TIN MILL PRODUCTS

Seneca has been involved in can manufacturing since 1972. While a number of food companies made their own cans over the years, most divested those operations. Today, Seneca is the last U.S.-based food company that still makes its own cans. After investing more than $50 million over the last 12 years in our can making operations, we have among the most efficient can making operations running today. Our primary can making facility is in Baraboo, Wisconsin, with another smaller facility located in Payette, Idaho. We employ over 350 people in these operations, with an annual payroll in the tens

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

of millions of dollars.

Prior to 2014, other than some minor trials of imported material, we purchased 100% of our tin mill products from domestic producers. In 2013 our major U.S. supplier communicated concerns about the sustainability of a major portion of domestic tin mill production. This opened our eyes to the threat that should we lose one of the two major U.S. suppliers (and our largest), not only would our can making operation be at risk but our entire vertically integrated food business would be in jeopardy. As such, we had no choice but to expand our supply chain in order to spread our risk. In 2014 we began importing a portion of our needs, primarily from South Korea, and evaluating suppliers from other countries.

DOMESTIC TIN MILLS CANNOT MEET U.S. DEMAND

While we support strong U.S. production of tin mill products, domestic supply constraints have left us with no option but to rely on imports for some portion of our needs. In 2016, U.S. demand for tin mill products was 2.1 million tons while domestic tin mill production was 1.2 million tons, representing only 58% of U.S. demand. Since that time and through three quarters of 2020, according to information available to us, the percentage of domestic demand supplied by U.S. producers has remained around 57% to 60%. Tin mill products represent less than 3% of overall U.S. steel production. Further, there are only two fully integrated domestic producers: U.S. Steel and Cleveland Cliffs (formerly ArcelorMittal). One smaller supplier, Ohio Coatings, provides coating only and must rely on others for the substrate to produce our products. While U.S. suppliers may claim the ability or willingness to expand domestic tin mill production in the longer term, they cannot meet Seneca's needs in the short term. Thus, we must rely, at least in part, on imports to cover our needs.

In addition to our predominant concerns about the availability and sustainability of domestic supplies, we have experienced quality issues with tin mill products from domestic producers. Until recent years, we had no context for comparing the quality of domestic tin mill products, but once we brought in material from South Korea it became clear that our "U.S. only" purchasing strategy made it more difficult for us to remain competitive with commercial can makers. As an illustration, over the last 3 years (2018-2020), the percentage of cut sheets from domestic suppliers that we rejected for quality issues was 13.3%, which is more than ten times the 1.3% rejection rate for our imports. The superior quality of imports leads to better efficiencies on our can making lines and reduces the management time, rework costs, and freight costs of dealing with defective material, both for us and for our suppliers.

DOMESTIC PRODUCERS CANNOT PROVIDE SENECA ADDITIONAL VOLUME IN 2021, THE DELIVERY TIME FOR THE REQUESTS AT ISSUE

Over the past several months, we have met with both of our domestic suppliers to understand their ability to supply more tin mill products to us in the near term. Our largest supplier indicated that there is no more material available for 2021. The smaller of our domestic suppliers likewise has no additional availability for 2021. As noted, the fourth quarter of 2021 is the window for delivery of all products covered by these requests. No domestic producer is able and willing to make any additional supply available to us within the relevant timeframe in 2021.

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

Looking ahead to 2022, we continue to communicate to both domestic suppliers that we would take up to double the volume that they currently supply us on an annual basis. While they fully understand our needs, the larger supplier has agreed to volumes for 2022 that are only slightly higher than 2021, and the smaller supplier remains uncertain as to what if any volume it may offer for 2022. Both domestic suppliers have informed us that they would advise only at some uncertain future date if they will have any additional capacity for 2022.

We also reached out to U.S. Steel to understand its ability to supply Seneca with tin mill products for our 2021 and 2022 needs. For its part, U.S. Steel was unwilling even to give us a quote for tin mill products due to its inability to supply any additional material in 2021 or beyond.

GIVEN THE UNAVAILABILITY OF DOMESTIC SUPPLIES, A LIMITED EXCLUSION IS NECESSARY

Facing these severe domestic supply constraints, Seneca respectfully requests exclusions to allow us to bring in a limited quantity of imported tin mill products in late 2021 to meet the needs of our integrated production operations. Because the volumes at issue were unavailable from the domestic industry when ordered months ago, and because the full quantity covered by the requests will be delivered in 2021, during which there is no dispute as to availability from domestic producers, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products.

More generally, as a matter of policy, Commerce should support the responsible approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed these exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

Among many lessons, the pandemic has taught us that a reliable supply of nutritious canned foods is essential for the comfort and security of U.S. consumers. Our inability to source sufficient volumes of tin mill products from the domestic industry currently threatens not only our can making operations, but also our entire canned food business.

Thank you for your time, and please feel free to contact me if you have any questions.

Sincerely,

Leon Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
llindsay@senecafoods.com
M: (507) 364-8205



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Objecting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin M. Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://ussteel.com/

## Organization Requesting Exclusion

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

## Product Information

**Exclusion Request number**
257428

**10 Digit HTSUS Code**
7210500020

**Annual Exclusion Quantity Requested(Kilograms)**
21000    Kilograms

073

# Reason for Objection

Indicate what type of order the Exclusion Request that is the subject of the Objection Filing would pertain to:

Standard Product

Comments

This Exclusion Request is for a standard tin free steel (TFS) product. United States Steel Corporation (U. S. Steel) actively manufactures and is is capable of supplying Seneca Foods Corporation (Seneca or the Requestor) with TFS coils that meet the requested chemical, dimensional, and mechanical specifications.

Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States , or can it immediately be made (within 8 weeks) by your organization, in a company owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States.

Yes

Locations

| City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|---|---|---|---|
| Portage | Indiana | | |

This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following facilities:

Locations

| Days | City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|---|---|---|---|---|
| | Pittsburg | California | | |

Comments

U. S. Steel currently produces the requested TFS at its Midwest facility in Portage, Indiana, and has the available capacity to supply additional volumes within the necessary time frame (i.e., 120 days). In addition to this active production capacity at the Midwest facility, U. S. Steel's UPI facility in Pittsburg, California, had an idled TFS line that if restarted can supply even greater volumes of domestically manufactured TFS. Specific capacity and utilization information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information upon request from the U.S. Department of Commerce (Commerce).

Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization

No

This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities:

Comments

074

Select "Yes" for any assertions identified in the Exclusion Request that your organization is challenging:

| | |
|---|---|
| No Production Capacity | Yes |
| Product Quality | Yes |
| Shipping Time | No |
| Insufficient Volume | Yes |
| Unique Product | Yes |
| Other (specify here) | The requested material is available from domestic manufact |

Discuss the suitability of your organization's steel product compared to that identified by the Exclusion Requestor.

U. S. Steel produces TFS that meets Seneca's specifications. U. S. Steel's material is prime, double reduced (DR8), annealed, electrolytically chromium coated TFS that meets ASTM International A623 standards and has the requested 7C melted finish, chemical treatments, and basis weight. The TFS offered by U. S. Steel can be used for vegetable can lids/ends.

Provide a full technical description of the properties of the product it manufactures relative to specifications cited in the Exclusion Request posted in regulations.gov. This description must include information on dimensions, plus performance factors such as strength, toughness, ductility, magnetic permeability, surface finish, coatings, and other relevant data.

State the chemical composition of the specific product that your organization can manufacture at a company owned production facility located in the United States. Numbers may appear rounded, but full values will be stored.

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0.00 |
| Maximum % | 0 | 0 | 0 | 0 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0 | 0 | 0.00 | 0 | 0 |

| | | | | | |
|---|---|---|---|---|---|
| Maximum % | 0 | 0 | 0.08 | 0 | 0 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0 | 0.00 | 0 | 0 | 0 |
| Maximum % | 0 | 0.60 | 0 | 0 | 0 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0 | 0.00 | 0 | 0.00 | 0.00 |
| Maximum % | 0 | 0.02 | 0 | 0.04 | 0.05 |
| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0 | 0 | 0 | 0 | 0 |
| | Zinc | Zirconium | Other Chemical | | |
| Minimum % | 0 | 0 | 0.00 | | |
| Maximum % | 0 | 0 | 0.02 | | |

**Comments**

U. S. Steel produces TFS with the requested chemical composition.

Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request;  2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.  Numbers may appear rounded, but full values will be stored.

## Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.251 | 0 | 0 | 0 | 859.3 | 0 |
| Maximum | 0.278 | 0 | 0 | 0 | 923.9 | 0 |

## Strength

|  | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method  Brinnell, Rockwell, Vickers, etc.) |
|---|---|---|---|
|  |  |  | HR30T |
| Minimum | 470 | 470 | 68 |
| Maximum | 590 | 590 | 76 |

## Toughness (If Applicable)

| Test Type | Drop Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
|  |  |  | Provide Test Method |
| Temperature |  |  |  |
| Joules |  |  |  |
| % Shear |  |  |  |

### Comments

U. S. Steel produces TFS that meets the requested dimensional and mechanical/performance specifications.

Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.  Numbers may appear rounded, but full values will be stored.

|  | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
|  | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 0 % | 0 % | 0 % | 0 mm |
| Maximum | 0 % | 0 % | 0 % | 0 mm |

|  | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
|  | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer  [SAE J911] |
| Minimum | 0 | 0 | 0 | 0 |
| Maximum | 0 | 0 | 0 | 0 |

077

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Other   see comments below | Tin free steel (TFS) | C, Si, Mn, P, S, Cu and others |

| Coating Weight and Thickness | | | | |
|---|---|---|---|---|
| | Coating Weight | | Coating Thickness | |
| Minimum | 0.05 | grams psq | 0 | micrometers |
| Maximum | 0.15 | grams psq | 0 | micrometers |

Select any additional processing methods used:

Comments

U. S. Steel produces TFS that meets the requested mechanical and performance specifications.

What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis?   100   %

State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received:   0000000000000

State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received:   0000000000000

State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock:   0000000000000

Comments

U. S. Steel's TFS is mined, melted, poured, rolled, and coated in the United States, and the finished coils can be shipped directly to the customer via truck or rail. Although the U.S. tin mill market experienced some supply constraints in the immediate wake of the COVID 19 pandemic, such conditions were temporary and do not impact U. S. Steel's ability to supply TFS or other tin mill products during the remainder of 2021 and into 2022. Indeed, U. S. Steel confirms it can supply the requested quantity of TFS within the 120 day manufacturing and delivery day lead time reported for the Requestor's Japanese supplier. Specific manufacturing and delivery lead time information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information at Commerce's request.

Identify the reasons your organization objects to an Exclusion Request being granted to the applicant. Written comments may be submitted (not required) for each of the reasons your organization has cited in the Objection Filing form. Organizations filing Objections should identify factual problems in the Exclusion Request (e.g., product description).

078

U. S. Steel confirms it is capable of producing TFS that meets all requested specifications. Therefore, the requested TFS coils are produced by and available from domestic manufacturers. Furthermore, the Exclusion Request admits that the requested TFS is already available from at least one alternative Section 232 tariff free source (i.e., Canada), with potentially greater availability in calendar year 2022 (i.e., the primary term that would be covered by the requested exclusion). Since U.S. imports of Canadian steel products are also exempt from Section 232 quotas, there is no limit on the quantity of Canadian TFS available to Seneca. To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff free TFS from Canada and other exempt sources can supplement Seneca's demand without additional exclusions. Granting this Exclusion Request when the requested product is readily available from U.S. manufacturers and alternative Section 232 tariff exempt sources would undermine the national security goals of the Section 232 action by inhibiting the domestic industry's ability to achieve sustainable capacity utilization rates.

Has the organization making the Exclusion Request asserted that there is no capability in the United States to manufacture this type of product it requires?

No

Comments

Has the Exclusion Requestor supported its assertion of product uniqueness with engineering and scientific data, or independent laboratory tests results?

No

Does your organization have technical data to disprove the assertions of the Exclusion Requestor? If "Yes" provide comments in the space below, or in attachments.

Yes

Comments

U. S. Steel produces the requested TFS and is prepared to confidentially provide technical information confirming the quality of its material.

Has the organization making this Objection Filing within the last two years attempted to sell, or successfully sold, the product described in the Exclusion Request to the exclusion requestor previously?

Yes

Does your organization manufacture a product similar to that cited in the Exclusion Request for which it has asked to Exclusion Requestor, within two years of the filing of the Exclusion Request, to perform a formal technical qualification to determine equivalency in form, fit, function and performance?

Yes

Did the Exclusion Requestor accept or reject the request to perform a formal technical qualification?

Accept

Comments

U. S. Steel has supplied Seneca with TFS within the last two years.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

Name of Authorizing Official

Kaitlin M. Wojnar

Title of Authorizing Official

Counsel  International Trade & Public Policy

Phone Number

202 783 6315

Email of Authorizing Official

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

I have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission:

Yes

Small Business?

# Attachment

There are no attachments for this objection filing

## Published Objection Rebuttal

| Company | Product | Posted Date | Details |
| --- | --- | --- | --- |
| Seneca Foods Corporation | Steel | 12/4/2021 | Details |

080

Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



## U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

081



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364 8205

**E mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

**Exclusion Request number**
257428

**Objection to Exclusion Request Identifier #**
96540

**Does this rebuttal address a substitute or an identical product?**
Identical Product

**Are you submitting confidential business information with this form? (If yes, please email it to 232rebuttals@doc.gov and submit a public version with this form. Confidential business information related to this rebuttal will not be made available to the public.)**
Yes

## The basis of your rebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |
| Delivery Time | Yes |

Other (limit: 100 characters)

USS declined to supply the 4/22/2021 order covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks
 Yes

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so
 No

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks.
No

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product.
No

The Objector can manufacture the product within the time frame stated in their Objection filing.
 Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 4/22/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 120 days, is very good news  if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021. (See Attachment, Confidential Exhibit 2.)

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:



| | |
|---|---|
| Chemical composition | No |
| Dimensional specifications | No |
| Strength | No |
| Toughness | No |
| Ductility | No |
| Magnetic permeability | No |
| Surface finish | No |
| Coatings and composition | No |
| Other technical specifications (e.g., end use requirements) | No |

083

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                               Yes ▼

The Objector can supply the percentage of product stated in their Objection filing.   Yes ▼

U.S. manufacturers have the capability to manufacture the identified product.          No ▼

The Objector has sold or has attempted to sell the product described in the Exclusion Request.   Yes ▼

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request has an order placed on 4/22/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 120 days, is very good news   if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021. (See Attachment, Confidential Exhibit 2.)

DELIVERY TIME Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship.   Yes ▼

Domestic product is available for timely delivery from manufacturing plant to loading dock.   Yes ▼

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request has an order placed on 4/22/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 120 days, is very good news   if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021. (See Attachment, Confidential Exhibit 2.)

# Certification



084

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

Seneca Foods Corporation

**Name of Authorizing Official**

Leon J. Lindsay

**Title of Authorizing Official**

VP   Strategic Sourcing

**Phone Number**

(507) 364 8205

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

**Small Business?**

# Attachment

View attachment file

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



# U.S. Department of Commerce

1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

December 2, 2021

**Seneca Rebuttal to U.S. Steel objections to requests 257423, 257428, 257708, 257709, and 257712 for limited volumes of tin mill products that U.S. Steel declined to supply**

U.S. Steel ("USS") has objected to exclusion requests **257423, 257428, 257708, 257709, and 257712** submitted by Seneca Foods Corporation ("Seneca") regarding limited imports of prime tin-free steel ("TFS") and prime electrolytic tinplate ("ETP") (collectively, "tin mill products"). We disagree with USS's claims and below rebut each of its principal assertions, which are inaccurate as applied to the Seneca requests at issue.

There is no dispute that USS could not and cannot supply Seneca with the requested volumes, which are limited to November 20, 2020; April 22, 2021; and May 31, 2021 purchase orders placed by Seneca only after USS affirmatively declined to award Seneca any 2021 volume. (See **Exhibit 1**.) USS still to this day has no volume available for Seneca. In fact, in November 2021, after the objections at issue were submitted to Commerce, USS advised Seneca that it has no ETP or TFS to offer Seneca. (See **Confidential Exhibit 2**.) The purchase orders at issue were for anticipated delivery in 2021, at a time when USS concedes that it had no availability. Accordingly, Commerce should grant Seneca's exclusion requests.

>   A. **USS claims that it can "supply the requested quantity of ETP within the 270-day manufacturing and delivery day lead time" and "the requested quantity of TFS within the 120-day manufacturing and delivery lead time" for the tin mill product volumes covered by these requests**

Seneca rebuttal:

The imports of tin mill products covered by these exclusion requests are limited to volumes ordered — on November 20, 2020; April 22, 2021; and May 3, 2021 — only after USS declined to contract to supply *any* tin mill products to Seneca during 2021. (See **Exhibit 1**.) As USS itself concedes, it had no availability to supply Seneca with any tin mill products at the time Seneca placed the purchase orders at issue.

In fact, as noted above, USS still to this day has no volume available for Seneca; most recently in November 2021, USS advised that it has no ETP or TFS to offer Seneca in 2022, after stating and certifying the opposite to Commerce. (See **Confidential Exhibit 2**.)

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

The claim by USS that it now has ability to supply tin mill products during the remainder of 2021 represents a departure from its longstanding position. That claim is contradicted by a more recent communication from USS that post-dates its objections. Moreover, that dubious claim is irrelevant to these exclusion requests, which solely relate to purchase orders placed at a time when USS concedes that it had no availability at all.

Specifically, the purchase orders covered by these requests were placed on November 20, 2020; April 22, 2021; and May 3, 2021, only after Seneca had confirmed that no domestic producers were able to supply these volumes during 2021:

- On Oct. 13, 2020, one of our domestic steel suppliers agreed to supply only a reduced share of our requested tons for 2021, compared to 2020. That supplier later confirmed that no additional volume would be available in 2021.

- On Nov. 11, 2020, a second domestic steel supplier confirmed acceptance of a portion of our requested steel needs for 2021, but stated that no additional steel was available despite our emphasized need for more.

- Finally, on Nov. 13, 2020, USS confirmed via phone that it would not offer Seneca *any* steel for 2021 delivery, regardless of price. USS stated that it did not want to make any commitment at the time at any price and noted that if it had available volume in future months, it would contact Seneca (*see* **Exhibit 1**). To date, USS has not reached out to Seneca to commit *any* 2021 volume.

Unable to secure the necessary volume for 2021 deliveries from the domestic industry, Seneca then turned to imports as a supplement. On November 20, 2020; April 22, 2021; and May 3, 2021, after concluding all discussions with U.S. producers, Seneca placed orders for the limited volumes covered by these requests, all of it for anticipated delivery in 2021.

The fact that USS could not contract to supply the very same volumes before the orders were placed in fall 2020 and spring 2021 means that its objections to exclusions for the very same orders now deserve no weight. The fact that USS had no availability at that time is not in dispute, as its objection concedes.

Meanwhile, though irrelevant to these requests, the fact that USS now claims the ability to supply Seneca in 2022, within 270 days in the case of ETP and 120 days in the case of TFS, is good news if – for a change – it proves to be true. If USS is able to contract for 2022 volumes, it will mark a significant departure from recent years, as the last time that USS agreed to supply contracted volumes was for deliveries in 2018.

Unfortunately, all indications received thus far suggest that USS will not supply Seneca with any contracted volume for next year. Like last year, Seneca a few days ago engaged USS for volumes

to be delivered in 2022, but USS offered nothing. Given that rejection, it is unclear why USS is filing objections even with respect to what it erroneously believes to be volumes for 2022. One thing is clear, however: Seneca cannot look to USS for a reliable source of supply.

    **B. USS claim that it has supplied Seneca with TFS and ETP "within the last two years"**

Seneca rebuttal:

This claim is false. The most recent delivery of *any steel* from USS to Seneca occurred on February 19, 2019—more than two years ago. Moreover, the delivery was of a single coil, not any meaningful volume. Finally, Seneca ordered that coil from USS as part of a larger purchase order placed on May 15, 2018 for delivery in August 2018, but the final coil was delivered only many months later, in early 2019.

Unfortunately, in our experience, Seneca cannot look to USS as a dependable source of steel supply. No contract volumes have been made available to Seneca by USS since our orders for deliveries during 2018. Any suggestion that USS has been a regular supplier of tin mill products to Seneca in recent years is false.

    **C. USS claim that requested ETP and TFS are "also already available from at least one alternative Section 232 tariff-free source (i.e., Canada)"**

> "To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff-free [ETP and TFS] from Canada and other exempt sources can supplement Seneca's demand."

Seneca rebuttal:

As noted, these exclusion requests are limited to Seneca's 2021 volume needs, which in the fall of 2020 and spring of 2021 Seneca sought to secure first from domestic steel suppliers, and then from any exempt Canadian sources.

Unfortunately, the only potential Canadian supplier at that time was ArcelorMittal, which as a matter of policy considered offering Seneca volume only from its domestic facility in Weirton, WV, not from its Canadian mill. Afterwards, the Weirton facility was sold to Cleveland Cliffs. With separate owners for the two facilities, there is a new possibility of purchasing tin mill products for 2022 deliveries from the Canadian ArcelorMittal Dofasco mill. Dofasco has offered trial quantities, and Seneca will be running trials on a few coils from Dofasco this fall in an attempt to qualify that facility as a potential source for 2022. But those trials for 2022 are irrelevant to the already delivered 2021 volumes covered by these requests.



**Conclusion**

Because the volumes at issue in these requests were unavailable from USS and the rest of the domestic industry when ordered in November 2020 and spring of 2021 for anticipated delivery in 2021, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products. USS should not be allowed to decline repeated requests to supply Seneca's 2021 orders, yet then block an exclusion for those very same orders.

More generally, as a matter of policy, Commerce should support the approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

As explained above, the timeframe for these requests is limited to orders placed last November and spring of 2021 for anticipated delivery in 2021, not during 2022. There is no dispute that USS could not and cannot supply these volumes within the relevant timeframe, and accordingly there is no basis for Commerce to give weight to the objections of USS.

Please let us know if you have any questions or would like to receive any additional information, including any additional supporting confidential information.

4

# EXHIBIT 1

**From:** Leon Lindsay <llindsay@senecafoods.com>
**Sent:** Friday, November 13, 2020 10:38 AM
**To:** Paul Palmby; Tim Nelson
**Subject:** USS UPDATE

They are not offering anything now at any price.

They say if they have available production in any month, they will contact us and see if we have interest.  They just don't want to commit to anything right now.

Still waiting to hear from Tata.

Leon J. Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
600 5th Street South East
Montgomery, Minnesota 56069
Office: (507) 364-8205; Ext 43205
Email: llindsay@senecafoods.com

# EXHIBIT 2

**BUSINESS CONFIDENTIAL INFORMATION REDACTED FROM PUBLIC SUMMARY**

*[Evidence documenting that in November 2021, after it submitted the objections at issue to Commerce, U.S. Steel declined to offer Seneca any prime tin-free steel ("TFS") or electrolytic tinplate ("ETP")]*



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Surrebutting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://www.ussteel.com/

## Surrebuttal of Objections Filed Against An Exclusion Request

Exclusion Request number — 257428

Objection to Exclusion Request Identifier # — 96540

Rebuttal Identification # — 47413

Does this surrebuttal address a substitute or an identical product? — Identical Product

Are you submitting confidential business information with this form? (If yes, please email it to 232surrebuttals@doc.gov and submit a public version with this form. Confidential business information related to this surrebuttal will not be made available to the public.) — Yes

## The basis of your surrebuttal is for the following reason(s):

Manufacturing Time — Yes

Quality — No

Available Quantity — Yes



Delivery Time

Yes ⌄

Other (limit: 100 characters)

Section 232 exclusion requests are prospective, not retrospective, based on current availability.

# Basis for Surrebuttal of Objection Filings

MANUFACTURING TIME
Challenging the Objector's assertion that:

| | |
|---|---|
| The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks | Yes ⌄ |
| The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so | No ⌄ |
| The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. | No ⌄ |
| The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. | No ⌄ |
| The Objector can manufacture the product within the time frame stated in their Objection filing. | Yes ⌄ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

United States Steel Corporation (U. S. Steel) manufactures the requested tin free steel (TFS) at its Portage, Indiana facility. The rebuttal (the Rebuttal) focuses on 'contract' volumes and fails to mention that U. S. Steel has recently offered Seneca Foods Corporation (Seneca or the Requestor) spot sale volumes of TFS. In fact, U. S. Steel is currently only offering additional spot not contract volumes of tin mill products for 2022. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this TFS), but Section 232 exclusions are is prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 120 day lead time reported for Seneca's Japanese supplier), and the U.S. Department of Commerce (Commerce) must evaluate this request based such current availability. Specific lead times are provided in a confidential attachment.



QUALITY
Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | No ⌄ |
| Dimensional specifications | No ⌄ |
| Strength | No ⌄ |
| Toughness | No ⌄ |
| Ductility | No ⌄ |
| Magnetic permeability | No ⌄ |
| Surface finish | No ⌄ |

095

| | |
|---|---|
| Coatings and composition | No ⌄ |
| Other technical specifications (e.g., end use requirements) | No ⌄ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

## AVAILABLE QUANTITY

Challenging the Objector's assertion that:

| | |
|---|---|
| Domestic product is available in sufficient quantity. | Yes ⌄ |
| The Objector can supply the percentage of product stated in their Objection filing. | Yes ⌄ |
| U.S. manufacturers have the capability to manufacture the identified product. | No ⌄ |
| The Objector has sold or has attempted to sell the product described in the Exclusion Request. | Yes ⌄ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

U. S. Steel confirms that it can immediately manufacture the requested quantity of TFS at its Portage facility. The Rebuttal fails to mention that, although U. S. Steel is not currently engaging in any new 2022 tin mill supply contracts for any customers, it has clearly indicated to the Requestor that it is willing to make TFS spot sales. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when Seneca ordered this TFS), but Section 232 exclusions are is prospective not retrospective. The requested quantity of TFS is now immediately available from U. S. Steel, and Commerce must evaluate this request based such current availability. Specific capacity and utilization rates are provided in a confidential attachment.

## DELIVERY TIME

Challenging the Objector's assertion that:

| | |
|---|---|
| Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship. | Yes ⌄ |
| Domestic product is available for timely delivery from manufacturing plant to loading dock. | Yes ⌄ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

U. S. Steel actively manufactures the requested TFS at its Portage facility and can immediately (i.e., within 120 days) deliver this material to Seneca. Despite the Requestor's implications, U. S. Steel is currently offering tin mill product spot sales not contract sales for 2022, but Seneca has not pursued this option. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this TFS), but Section 232 exclusions are prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 120 day lead time reported for Seneca's Japanese supplier), and Commerce must evaluate this request based such current availability. Specific lead times are provided in a confidential attachment.

Certification

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

United States Steel Corporation

**Name of Authorizing Official**

Kaitlin Wojnar

**Title of Authorizing Official**

Counsel   International Trade & Public Policy

**Phone Number**

202 783 6315

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

Matthew McConkey

**Title**

Partner

**E mail Address**

mmcconkey@mayerbrown.com

**Phone Number**

202 263 3235

**Small Business?**

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



# U.S. Department of Commerce

1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

**UNITED STATES STEEL CORPORATION SURREBUTTAL**
**TO EXCLUSION REQUESTS 257423 AND 257428**
**FILED BY SENECA FOODS CORPORATION**
**CONFIDENTIAL SUPPLEMENT**

## I.      Confidentiality

This document includes confidential business information ("CBI"), which is contained in brackets (*i.e.*, "[ ]").  United States Steel Corporation ("U. S. Steel") is providing this CBI with the understanding that the U.S. Department of Commerce ("Commerce") will use it solely for purposes of reviewing the above-referenced exclusion requests (collectively, the "Exclusion Requests") and U. S. Steel's opposition submissions and that Commerce will treat it as proprietary and business confidential.  It is U. S. Steel's understanding that the bracketed CBI will not be made available to the public or any other parties outside of the U.S. government, unless so ordered by a court of competent jurisdiction.  In the event Commerce is compelled by a court of competent jurisdiction to disclose this proprietary CBI, Commerce will provide U. S. Steel with reasonable prior notice, allowing U. S. Steel to consider seeking a protective order or other appropriate remedy.

## II.     Quantity

U. S. Steel's Portage, East Chicago, and Gary, Indiana tin mills have the combined capacity to produce [          ] metric tons ("MT") of tin mill products (*i.e.*, tin-free steel ("TFS") and electrolytic tinplate) each year.[1]  U. S. Steel's UPI facility in Pittsburg, California, has the capacity to produce an additional [          ] MT of tin mill products each year.  In 2020, these facilities operated at [   ] percent capacity utilization, leaving more than [          ] MT of unused of tin mill—including TFS—production capacity.  U. S. Steel's active Portage, Indiana tin mill can immediately produce the exact TFS requested by Seneca Foods Corporation ("Seneca" or the "Requestor"), and the UPI facility's idled tin mill in Pittsburg, California, represents additional readily available TFS production capacity that can be restarted to manufacture the exact requested TFS if there is sustained increased demand for American-made tin mill products.

U. S. Steel acknowledges that, as stated in Seneca's rebuttals, it has not supplied the Requestor with tin mill products since February 2019, which is more than two years before submission of U. S. Steel's objections (collectively, the "Objections").  Contradictory statements in each of the Objections were made in error.  Nevertheless, U. S. Steel regularly discussed tin mill product availability and sales with Seneca throughout 2019, 2020, and 2021.

## III.    Manufacturing and Delivery Time

U. S. Steel's manufacturing lead times for tin mill products typically range from [          ] after receipt of an approved order, which is consistent with industries standards.  As of December 10, 2021, **the manufacturing lead time for the exact requested continuously annealed TFS is [          ] at U. S. Steel's Portage, Indiana facility**.  Shipment from

---

[1]      The East Chicago facility was indefinitely idled in December 2019.

098

**U. S. Steel's Portage, Indiana facility to the Requestor's loading dock, which is presumed to be at the address listed in the Exclusion Request, takes [        ].**

Therefore, U. S. Steel's current production and delivery lead time for this TFS is [        ], which is significantly less than the 120-day lead time reported for Seneca's Japanese supplier.

099

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Seneca Foods Corp., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )     Ct. No. 22-00243 |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant, | ) |

## INDEX OF ADMINISTRATIVE RECORD – PUBLIC SET
### EXCLUSION REQUEST NUMBER: 257708

|  | Relevant Party | Type of Document | Page # Seneca Foods-257708 |
|---|---|---|---|
| **BIS Decision Memorandum** | | | |
| 1 | BIS | Decision Memorandum | 100 |
| **ITA Recommendation Memorandum** | | | |
| 2 | ITA | Recommendation Memorandum | 102 |
| **Exclusion Request and Related Submission** | | | |
| 3 | Seneca Foods | Exclusion Request | 107 |
| 3.1 | Seneca Foods | Exclusion Request Supplement | 119 |
| **Objections and Related Submissions** | | | |
| 4 | U.S. Steel Corporation | Objection | 122 |
| **Rebuttal and Related Submissions** | | | |
| 5 | Seneca Foods | Rebuttal | 131 |
| 5.1 | Seneca Foods | Rebuttal Supplement | 135 |
| **Surrebuttal and Related Submissions** | | | |
| 6 | U.S. Steel Corporation | Surrebuttal | 143 |
| 6.1 | U.S. Steel Corporation | Surrebuttal Supplement | 147 |

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 257708**

**Summary:**

- Requester: Seneca Foods Corporation
- Product Description: Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC-3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm thickness)
- HTSUS: 7210120000

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #257708**

_____X_____ I approve denying this exclusion request.

_____ I do not approve denying this exclusion request.

_____ I would like to discuss.

_Matthew S. Borman_
Deputy Assistant Secretary of Export Administration

**April 9, 2022**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has referred this exclusion request to ITA for ITA's recommendation as to whether the Steel article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 1 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 257708
Requestor:  Seneca Foods Corporation (Seneca)
Objector(s):

    United States Steel Corporation (U.S. Steel)

Case Filings

|  | Seneca | U.S. Steel |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | Yes |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |

Recommendation: Denial
Rationale: {At least one} objector meets the quality, quantity, and timeliness criteria.

| QUALITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) – QUALITY** | | | | |
| | U.S. Steel | | | |
| Identical (1.c or 1.d filled in)* | Yes | | | |
| Substitute (1.e or 1.f filled in)* | No | | | |
| **2.c*** match | Yes | | | |
| **2.d*** match | Yes | | | |
| **2.e*** match | Yes | | | |
| **Standards** match Exclusion Request | N/A | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?

No

**Subject Matter Expert (SME) Evaluation of Facts:** No

**Analysis of the Record:** U.S. Steel can manufacture an identical product to the product in the request. U.S. Steel's product matches the specifications of the request. As such, U.S. Steel meets the quality criterion.

<br>

| QUANTITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) –QUANTITY** | | | | |
| | U.S. Steel | | | |
| **3.a** | 100% | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?

No

**Analysis of the Record:** U.S. Steel can produce 100 percent of the requested volume. As such, U.S. Steel meets the quantity criterion. ITA notes both Seneca and U.S. Steel submit confidential business information (CBI) related to U.S. Steel's ability to meet the quantity criterion. Based on the evidence submitted, nothing contradicts the information certified by U.S. Steel in its objection submission. Seneca states in its rebuttal, "Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021." U.S. Steel states in its surrebuttal that it can provide the requested ETP as spot sales rather than contract volumes. This does not impact U.S. Steel's ability to supply the requested quantity.

| TIMELINESS | | | | |
|---|---|---|---|---|
| **REQUESTOR– DELIVERY TIME** | | | | |
| **2.d (request form):** Days: 270 | | | | |
| **2.f (request form):** Days: 90 | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f? | | | | |
| No | | | | |
| **OBJECTOR – DELIVERY TIME** | | | | |
| | U.S. Steel | | | |
| **3.b** | BPI | | | |
| **3.d** | BPI | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d? | | | | |
| | No | | | |
| **Delivery Time Totals** <br>     o Requestor's Import Delivery Time = {*2d + 2f of the exclusion request, plus any adjustments*} <br>     o Objector's Delivery Time = {*3b + 3d of the objection, plus any adjustments*} | | | | |
| **Analysis of the Record:** Seneca reports 360 days for import delivery. U.S. Steel claims the information for 3.b and 3.d are business proprietary in its objection form but provided the information as confidential business information in its surrebuttal. Based on the information provided by U.S. Steel, compared to the requestor's import delivery time, U.S. Steel is able to deliver the product in a timely manner. Therefore, U.S. Steel meets the timeliness criterion. | | | | |

**Explanation/Additional Comments** (if needed):

| General Notes: |
| --- |
| **This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.** |
| ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections.

Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2d and 2f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3b and 3d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation. In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion.

An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive.

**ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the** |

| Field Definitions (Requestor Form) | |
| --- | --- |
| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

| | |
|---|---|
| | |

| * Field Definitions (Objection Form) | |
|---|---|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |



# U.S. Department of Commerce
Section 232 Steel and Aluminum

## Product Information

Submission Date: 10/21/2021

Public Status: Denied

| Please select product type | Identify the class of product for which the Exclusion is sought |
|---|---|
| Steel | Carbon and Alloy Flat |

10 Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7210120000

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

## Requesting Organization Information

**Full Organization Legal Name**

Seneca Foods Corporation

| Street Address | City |
|---|---|
| 418 East Conde Street | Janesville |

| State | Zip Code | Headquarters Country |
|---|---|---|
| Wisconsin | 53546 | United States |

| Point of Contact Name | Phone Number |
|---|---|
| Leon Lindsay | (507) 364 8205 |

| E mail Address | Web Site Address |
|---|---|
| llindsay@senecafoods.com | https://www.senecafoods.com/ |

## Parent Company of Requesting Organization

**Full Organization Legal Name**

| Street Address | City |
|---|---|

107



## Importer of Record for Organization Requesting an Exclusion



Full Organization Legal Name

Tata International Metals, Ltd. (America)

Street Address

475 North Martingale Road, #400

City

Schaumburg

State

Illinois

Zip Code

60173

Headquarters Country

United States

Point of Contact Name

Robert Brady

Phone Number

(847) 585 2587

E mail Address

robert.brady@tatainternational.com

Web Site Address

https://tatainternational.com/

## Requester's Authorized Representative/Agent (if applicable)



Requestor Point of Contact Name

Point of Contact Organization

Country Location

Phone Number

E Mail Address

Web Site Address

Other Information

## Exclusion Request Details

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?

| No |

Identify the activity

Identify the organization

Identify the country where the organization is headquartered

Comments

Identify the primary type of activity of the Exclusion Requester

Manufacturer

Comments

Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton  1,000 kilograms)

| 5250000 | Kilograms |

Average annual consumption for years 2015  2017 of the product that is subject of this Exclusion Request (Kilograms)

| 33332000 | Kilograms |

Explain why your organization requires an Exclusion

Insufficient U.S. Availability

Please provide comments

Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States

| 100 | % |

Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization

| 270 | days |

Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed

| 180 | days |

Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock

| 90 | days |

Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request

| 1 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 Milwaukee, WI

109

Port 1 Milwaukee, WI

Is the organization making this Exclusion Request doing so on behalf of a non U.S. producer that does not manufacture products in the United States?

`No`

Identify the non U.S. producer

Identify the country where the organization is headquartered

Comments

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below. See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC 3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm thickness)

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

Double reduced DR8.5 CA for vegetable can bodies (58# Base Weight   0.16205mm thickness).

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108 13):

**Organization Designation**

1 ASTM         A623

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab | Blooms | Billets | Ingots | Flat | Long |
|------|--------|---------|--------|------|------|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |

110

| Beams ☐ | Semi Finished ☐ | Pipe ☐ | Tube ☐ | Stainless ☐ | Wire ☐ |
| Hot Rolled ☐ | Cold Rolled ☑ | Annealed ☑ | Plated ☐ | Electro Plated ☑ | Galvanized ☐ |
| Electro Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☑ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

Comments

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum % | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

111

| %      |      |       |      |      |      |
|--------|------|-------|------|------|------|
| **Maximum %** | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |

|          | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|----------|-----------|-----|----------|----------|----------|
| **Minimum %** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Maximum %** | 0.00 | 0.2539 | 0.00 | 0.00 | 0.00 |

|          | Zinc | Zirconium | Other Chemical |  |  |
|----------|------|-----------|----------------|--|--|
| **Minimum %** | 0.00 | 0.00 | 0 |  |  |
| **Maximum %** | 0.00 | 0.00 | 0 |  |  |

Comments

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size not a range of products and or sizes (e.g., 19 mm dia. rebar not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear, and test temperature.

Product Specifications (Millimeters)

|          | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|----------|-----------|-----------------|------------------|--------|-------|--------|
| **Minimum** | 0.15494 | 406.4 | 0 | 0 | 820 | 0 |
| **Maximum** | 0.17018 | 0 | 1828.8 | 0 | 825 | 0 |

Strength

|          | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) |
|----------|------------------------------------|----------------------------------|--------------------------------------------------------------|
|          |                                    |                                  | Rockwell |
| **Minimum** | 586.05 | 550 | 71 |
| **Maximum** | 0 | 0 | 77 |

Toughness (If Applicable)

112

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2 % | 0 % | 0 % | 0 mm |
| Maximum | 4 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer - [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |

| Coating Weight and Thickness | | | |
|---|---|---|---|
| | Coating Weight | | Coating Thickness |
| Minimum | 1.1 grams psq | | 0.15 micrometers |
| Maximum | 2.2 grams psq | | 0 micrometers |

113

Specify any Additional Methods Used

Comments

Tin coating weight is 1.1 g/sq. m (internal) and 2.2 g/sp. m (external). Surface finish (Roughness) is 6 25 microinches (7C finish)

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

Double reduced, 58# Base Weight, electro tinplate, continuously annealed, 10/20 tin coating, DR8.5 Temper, 32 3/8

Comments

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Vegetable Can Bodies 2) Sufficient supply is not available from domestic producers for the rest of 2021 and into 2022. The limited domestic supply puts Seneca's entire vertically integrated food business in jeopardy. Please see attached letter for details.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

| Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|

114

| 1 | China | China | 5250000 | Shougang | Tata International Metals, Ltd. / T. |
|---|-------|-------|---------|----------|-------------------------------------|

## Product Availability Information

**Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?**

Yes

**Comments**

> There are two integrated suppliers and one other smaller domestic producer that manufacture these steel specifications; however, none of the domestic suppliers can provide sufficient volume to Seneca Foods in the near term. Please refer to the attached letter for further details.

**Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.**

Yes

**Comments**

> Canada: Dofasco. Seneca has been in contact with Dofasco, which has not been a supplier in the past and is not qualified now. They have no availability for 2021, but Seneca is working on running a trial to qualify them during 2022 for supply in future years.

**Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?**

No

**Comments**

**Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.**

No

Please provide names of the manufacturers.

**Manufacturers**

**Comments**

**Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.**

Yes

**Comments**

No domestic producers have available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

Our existing domestic suppliers have no available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

No

Comments

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

No

Comments

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

CBP can track the HTSUS code, importer of record, and consignee and can verify the identifying physical characteristics of the product as described in the importation documents.

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

  A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;

116

B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge or arbitrage the price;

C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:

    1. loss of contract(s);

    2. unanticipated business downturns; or

    3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and

E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

| Seneca Foods Corporation |

Name of Authorizing Official

| Leon J. Lindsay |

Title of Authorizing Official

| VP   Strategic Sourcing |

Phone Number

| (507) 364 8205 |

Email of Authorizing Official

| llindsay@senecafoods.com |

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?
*Note: If the answer is 'Yes', do not attach business confidential information at this time.*

| No ▾ |

Small Business?

## Attachment

[View attachment file](#)

## Published Objection Filings

| Company | Product | Posted Date | Details |
|---|---|---|---|
| ⟩ United States Steel Corporation | Steel | 11/29/2021 | [Details](#) |

## BIS Decision Memo

[View attachment file](#)

## ITA Public Recommendation Memo

There are no attachments for this public recommendation memo

Back

For questions about the exclusion process, please email or call:
[Aluminum232@bis.doc.gov](mailto:Aluminum232@bis.doc.gov) or 202-482-4757 for aluminum-related inquiries, and [Steel232@bis.doc.gov](mailto:Steel232@bis.doc.gov) or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

[Accessibility](#)   •   [Privacy policy](#)

118

October 21, 2021

Brad Botwin
Office of Technology Evaluation
Bureau of Industry & Security
U.S. Dep't of Commerce
1401 Constitution Avenue, NW, Room 1093
Washington, DC 20230

**Subject:**     **Seneca Foods Corporation Requires Limited Product Exclusions
for Tin Mill Products That Are Not Available from U.S. Producers**

Dear Mr. Botwin,

Seneca Foods Corporation ("Seneca") submits a targeted set of narrow exclusion requests for tin mill products to be delivered in late 2021, a time period during which the domestic industry has declined to provide additional supply. The volumes covered by these requests are limited to orders placed by Seneca between late 2020 and spring 2021. These orders were placed soon after all relevant domestic producers affirmatively declined to award Seneca any additional volume for 2021. All of the orders at issue are scheduled for delivery during the fourth quarter of 2021. Notwithstanding the one-year time frame of granted exclusions, no future deliveries beyond 2021 are covered by these requests. Accordingly, Commerce should grant Seneca's exclusion requests.

BACKGROUND: OUR INTEGRATED CANNED FOOD OPERATIONS

Seneca is primarily a fruit and vegetable processor with 24 facilities across the United States. We contract with approximately 1,650 agricultural producers for over 200,000 acres of fruit and vegetable crops that are processed at our facilities. We are the largest vegetable canner in the United States representing an estimated 50% of the canned vegetables (excluding tomatoes and dry beans) sold in the United States. We do business with almost every retailer and food service distributor in the country. We are very proud that we provide safe and nutritious canned products that represent a "value proposition" for consumers compared to foods in other forms (primarily fresh and frozen). Strategically, vertical integration is a core part of Seneca's success, and we thus engage in farming, plant breeding and seed development, transportation, and also can manufacturing.

SENECA'S CAN MANUFACTURING REQUIRES PURCHASES OF TIN MILL PRODUCTS

Seneca has been involved in can manufacturing since 1972. While a number of food companies made their own cans over the years, most divested those operations. Today, Seneca is the last U.S.-based food company that still makes its own cans. After investing more than $50 million over the last 12 years in our can making operations, we have among the most efficient can making operations running today. Our primary can making facility is in Baraboo, Wisconsin, with another smaller facility located in Payette, Idaho. We employ over 350 people in these operations, with an annual payroll in the tens

of millions of dollars.

Prior to 2014, other than some minor trials of imported material, we purchased 100% of our tin mill products from domestic producers. In 2013 our major U.S. supplier communicated concerns about the sustainability of a major portion of domestic tin mill production. This opened our eyes to the threat that should we lose one of the two major U.S. suppliers (and our largest), not only would our can making operation be at risk but our entire vertically integrated food business would be in jeopardy. As such, we had no choice but to expand our supply chain in order to spread our risk. In 2014 we began importing a portion of our needs, primarily from South Korea, and evaluating suppliers from other countries.

<u>DOMESTIC TIN MILLS CANNOT MEET U.S. DEMAND</u>

While we support strong U.S. production of tin mill products, domestic supply constraints have left us with no option but to rely on imports for some portion of our needs. In 2016, U.S. demand for tin mill products was 2.1 million tons while domestic tin mill production was 1.2 million tons, representing only 58% of U.S. demand. Since that time and through three quarters of 2020, according to information available to us, the percentage of domestic demand supplied by U.S. producers has remained around 57% to 60%. Tin mill products represent less than 3% of overall U.S. steel production. Further, there are only two fully integrated domestic producers: U.S. Steel and Cleveland Cliffs (formerly ArcelorMittal). One smaller supplier, Ohio Coatings, provides coating only and must rely on others for the substrate to produce our products. While U.S. suppliers may claim the ability or willingness to expand domestic tin mill production in the longer term, they cannot meet Seneca's needs in the short term. Thus, we must rely, at least in part, on imports to cover our needs.

In addition to our predominant concerns about the availability and sustainability of domestic supplies, we have experienced quality issues with tin mill products from domestic producers. Until recent years, we had no context for comparing the quality of domestic tin mill products, but once we brought in material from South Korea it became clear that our "U.S. only" purchasing strategy made it more difficult for us to remain competitive with commercial can makers. As an illustration, over the last 3 years (2018-2020), the percentage of cut sheets from domestic suppliers that we rejected for quality issues was 13.3%, which is more than ten times the 1.3% rejection rate for our imports. The superior quality of imports leads to better efficiencies on our can making lines and reduces the management time, rework costs, and freight costs of dealing with defective material, both for us and for our suppliers.

<u>DOMESTIC PRODUCERS CANNOT PROVIDE SENECA ADDITIONAL VOLUME IN 2021, THE DELIVERY TIME FOR THE REQUESTS AT ISSUE</u>

Over the past several months, we have met with both of our domestic suppliers to understand their ability to supply more tin mill products to us in the near term. Our largest supplier indicated that there is no more material available for 2021. The smaller of our domestic suppliers likewise has no additional availability for 2021. As noted, the fourth quarter of 2021 is the window for delivery of all products covered by these requests. No domestic producer is able and willing to make any additional supply available to us within the relevant timeframe in 2021.

Looking ahead to 2022, we continue to communicate to both domestic suppliers that we would take up to double the volume that they currently supply us on an annual basis. While they fully understand our needs, the larger supplier has agreed to volumes for 2022 that are only slightly higher than 2021, and the smaller supplier remains uncertain as to what if any volume it may offer for 2022. Both domestic suppliers have informed us that they would advise only at some uncertain future date if they will have any additional capacity for 2022.

We also reached out to U.S. Steel to understand its ability to supply Seneca with tin mill products for our 2021 and 2022 needs. For its part, U.S. Steel was unwilling even to give us a quote for tin mill products due to its inability to supply any additional material in 2021 or beyond.

GIVEN THE UNAVAILABILITY OF DOMESTIC SUPPLIES, A LIMITED EXCLUSION IS NECESSARY

Facing these severe domestic supply constraints, Seneca respectfully requests exclusions to allow us to bring in a limited quantity of imported tin mill products in late 2021 to meet the needs of our integrated production operations. Because the volumes at issue were unavailable from the domestic industry when ordered months ago, and because the full quantity covered by the requests will be delivered in 2021, during which there is no dispute as to availability from domestic producers, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products.

More generally, as a matter of policy, Commerce should support the responsible approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed these exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

Among many lessons, the pandemic has taught us that a reliable supply of nutritious canned foods is essential for the comfort and security of U.S. consumers. Our inability to source sufficient volumes of tin mill products from the domestic industry currently threatens not only our can making operations, but also our entire canned food business.

Thank you for your time, and please feel free to contact me if you have any questions.

Sincerely,

Leon Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
llindsay@senecafoods.com
M: (507) 364-8205



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Objecting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin M. Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://ussteel.com/

## Organization Requesting Exclusion

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

## Product Information

**Exclusion Request number**
257708

**10 Digit HTSUS Code**
7210120000

**Annual Exclusion Quantity Requested(Kilograms)**
5250000          Kilograms

122

# Reason for Objection

Indicate what type of order the Exclusion Request that is the subject of the Objection Filing would pertain to:

Standard Product

Comments

> This Exclusion Request is for a standard electrolytic tinplate (ETP) product. United States Steel Corporation (U. S. Steel) actively manufactures and is is capable of supplying Seneca Foods Corporation (Seneca or the Requestor) with ETP coils that meet the requested chemical, dimensional, and mechanical specifications.

Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States , or can it immediately be made (within 8 weeks) by your organization, in a company owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States.

Yes

Locations

| City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current | |
|------|-------|---------------------------------------------|----------------------------|--|
| Portage | Indiana | | | |
| Gary | Indiana | | | |

This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following facilities:

Comments

> U. S. Steel currently produces the requested ETP at multiple facilities and has the available capacity to supply additional volumes within the necessary time frame (i.e., 270 days). Specific capacity and utilization information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information upon request from the U.S. Department of Commerce (Commerce).

Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization

No

This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities:

Comments

123

Select "Yes" for any assertions identified in the Exclusion Request that your organization is challenging:

**No Production Capacity**

Yes ⌄

**Product Quality**

Yes ⌄

**Shipping Time**

No ⌄

**Insufficient Volume**

Yes ⌄

**Unique Product**

Yes ⌄

**Other (specify here)**

The requested material is available from domestic manufact

---

Discuss the suitability of your organization's steel product compared to that identified by the Exclusion Requestor.

U. S. Steel produces ETP that meets Seneca's specifications. U. S. Steel's material is prime, double reduced/DR8.5, continuously annealed, ETP that meets ASTM International A623M standards and has the requested 7C melted finish, chemical treatment, and 58 pound basis weight. The ETP offered by U. S. Steel can be used for vegetable can bodies.

---

Provide a full technical description of the properties of the product it manufactures relative to specifications cited in the Exclusion Request posted in regulations.gov. This description must include information on dimensions, plus performance factors such as strength, toughness, ductility, magnetic permeability, surface finish, coatings, and other relevant data.

State the chemical composition of the specific product that your organization can manufacture at a company owned production facility located in the United States. Numbers may appear rounded, but full values will be stored.

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum % | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |

|  | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
|  |  |  |  |  |  |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
|  | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |
|  | Tellurium | Tin | Titanium | Tungsten | Vanadium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.2539 | 0.00 | 0.00 | 0.00 |
|  | Zinc | Zirconium | Other Chemical |  |  |
| Minimum % | 0.00 | 0.00 | 0 |  |  |
| Maximum % | 0.00 | 0.00 | 0 |  |  |

**Comments**

U. S. Steel produces ETP with the requested chemical composition.

Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. Numbers may appear rounded, but full values will be stored.

## Product Specifications (Millimeters)

|  | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.15494 | 406.4 | 0 | 0 | 820 | 0 |
| Maximum | 0.17018 | 0 | 1828.8 | 0 | 825 | 0 |

## Strength

|  | Tensile Strength Mega | Yield Strength Mega | Hardness (specify method | Brinnell, Rockwell, |

125

| | Pascal (MPa) | Pascal (MPa) | Vickers, etc.) |
|---|---|---|---|
| | | | Rockwell |
| Minimum | 586.05 | 550 | 71 |
| Maximum | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

**Comments**

U. S. Steel produces ETP that meets the requested dimensional and mechanical/performance specifications.

Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. Numbers may appear rounded, but full values will be stored.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2   % | 0   % | 0   % | 0   mm |
| Maximum | 4   % | 0   % | 0   % | 0   mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |

126

| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |

| Coating Weight and Thickness | | |
| --- | --- | --- |
| | Coating Weight | Coating Thickness |
| Minimum | 1.1 | grams psq | 0.15 | micrometers |
| Maximum | 2.2 | grams psq | 0 | micrometers |

Select any additional processing methods used:

Comments

U. S. Steel produces ETP that meets the requested mechanical and performance specifications.

---

What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis?  →  100 %

State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received:  →  0000000000000

State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received:  →  0000000000000

State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock:  →  0000000000000

Comments

U. S. Steel's ETP is mined, melted, poured, rolled, and coated in the United States, and the finished coils can be shipped directly to the customer via truck or rail. Although the U.S. tin mill market experienced some supply constraints in the immediate wake of the COVID 19 pandemic, such conditions were temporary and do not impact U. S. Steel's ability to supply ETP or other tin mill products during the remainder of 2021 and into 2022. Indeed, U. S. Steel confirms it can supply the requested quantity of ETP within the 270 day manufacturing and delivery day lead time reported for the Requestor's foreign supplier. Specific manufacturing and delivery lead time information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information at Commerce's request.

Identify the reasons your organization objects to an Exclusion Request being granted to the applicant. Written comments may be submitted (not required) for each of the reasons your organization has cited in the Objection Filing form. Organizations filing Objections should identify factual problems in the Exclusion Request (e.g., product description).

127

U. S. Steel confirms it is capable of producing ETP that meets all requested specifications. Therefore, the requested ETP coils are produced by and available from domestic manufacturers. Furthermore, the Exclusion Request admits that the requested ETP is already available from at least one alternative Section 232 tariff free source (i.e., Canada), with potentially greater availability in calendar year 2022 (i.e., the primary term that would be covered by the requested exclusion). Since U.S. imports of Canadian steel products are also exempt from Section 232 quotas, there is no limit on the quantity of Canadian ETP available to Seneca. To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff free ETP from Canada and other exempt sources can supplement Seneca's demand without additional exclusions. Given these circumstances, granting this Exclusion Request would undermine the national security goals of the Section 232 action by inhibiting the domestic industry's ability to achieve sustainable capacity utilization rates.

Has the organization making the Exclusion Request asserted that there is no capability in the United States to manufacture this type of product it requires?     | No |

Comments

Has the Exclusion Requestor supported its assertion of product uniqueness with engineering and scientific data, or independent laboratory tests results?     | No |

Does your organization have technical data to disprove the assertions of the Exclusion Requestor? If "Yes" provide comments in the space below, or in attachments.     | Yes |

Comments

U. S. Steel produces the requested ETP and is prepared to confidentially provide technical information confirming the quality of its material.

Has the organization making this Objection Filing within the last two years attempted to sell, or successfully sold, the product described in the Exclusion Request to the exclusion requestor previously?     | Yes |

Does your organization manufacture a product similar to that cited in the Exclusion Request for which it has asked to Exclusion Requestor, within two years of the filing of the Exclusion Request, to perform a formal technical qualification to determine equivalency in form, fit, function and performance?     | Yes |

Did the Exclusion Requestor accept or reject the request to perform a formal technical qualification?     | Accept |

Comments

U. S. Steel has supplied Seneca with ETP within the last two years.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

128

United States Steel Corporation

**Name of Authorizing Official**

Kaitlin M. Wojnar

**Title of Authorizing Official**

Counsel   International Trade & Public Policy

**Phone Number**

202 783 6315

**Email of Authorizing Official**

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

I have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission:

 Yes

Small Business?

# Attachment

There are no attachments for this objection filing

## Published Objection Rebuttal

| Company | Product | Posted Date | Details |
|---------|---------|-------------|---------|
| Seneca Foods Corporation | Steel | 12/7/2021 | Details |

 Back

129

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



## U.S. Department of Commerce

1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

130



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364 8205

**E mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

Exclusion Request number
257708

Objection to Exclusion Request
Identifier #
96622

Does this rebuttal address a substitute
or an identical product?
Identical Product

Are you submitting confidential business information with this form? (If yes, please email it to
232rebuttals@doc.gov and submit a public version with this form. Confidential business information
related to this rebuttal will not be made available to the public.)
Yes

## The basis of your rebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |
| Delivery Time | Yes |

131

Other (limit: 100 characters)

USS declined to supply the 11/20/2020 order covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks

| Yes |

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so

| No |

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks.

| No |

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product.

| No |

The Objector can manufacture the product within the time frame stated in their Objection filing.

| Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 11/20/2020, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news    if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | No |
| Dimensional specifications | No |
| Strength | No |
| Toughness | No |
| Ductility | No |
| Magnetic permeability | No |
| Surface finish | No |
| Coatings and composition | No |
| Other technical specifications (e.g., end  use requirements) | No |

132

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY Challenging the Objector's assertion that:

| | |
|---|---|
| Domestic product is available in sufficient quantity. | Yes |
| The Objector can supply the percentage of product stated in their Objection filing. | Yes |
| U.S. manufacturers have the capability to manufacture the identified product. | No |
| The Objector has sold or has attempted to sell the product described in the Exclusion Request. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 11/20/2020, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news   if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

DELIVERY TIME Challenging the Objector's assertion that:

| | |
|---|---|
| Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship. | Yes |
| Domestic product is available for timely delivery from manufacturing plant to loading dock. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 11/20/2020, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news   if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being

accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

Seneca Foods Corporation

**Name of Authorizing Official**

Leon J. Lindsay

**Title of Authorizing Official**

VP   Strategic Sourcing

**Phone Number**

(507) 364 8205

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

Small Business?

# Attachment

View attachment file

For questions about the exclusion process, please email or call:

Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**

1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

134



December 3, 2021

**Seneca Rebuttal to U.S. Steel objections to requests 257423, 257428, 257708, 257709, and 257712 for limited volumes of tin mill products that U.S. Steel declined to supply**

U.S. Steel ("USS") has objected to exclusion requests **257423, 257428, 257708, 257709, and 257712** submitted by Seneca Foods Corporation ("Seneca") regarding limited imports of prime tin-free steel ("TFS") and prime electrolytic tinplate ("ETP") (collectively, "tin mill products"). We disagree with USS's claims and below rebut each of its principal assertions, which are inaccurate as applied to the Seneca requests at issue.

There is no dispute that USS could not and cannot supply Seneca with the requested volumes, which are limited to November 20, 2020; April 22, 2021; and May 31, 2021 purchase orders placed by Seneca only after USS affirmatively declined to award Seneca any 2021 volume. (See **Exhibit 1**.) USS still to this day has no volume available for Seneca. In fact, in November 2021, after the objections at issue were submitted to Commerce, USS advised Seneca that it has no ETP or TFS to offer Seneca. (See **Confidential Exhibit 2**.) The purchase orders at issue were for anticipated delivery in 2021, at a time when USS concedes that it had no availability. Accordingly, Commerce should grant Seneca's exclusion requests.

> **A. USS claims that it can "supply the requested quantity of ETP within the 270-day manufacturing and delivery day lead time" and "the requested quantity of TFS within the 120-day manufacturing and delivery lead time" for the tin mill product volumes covered by these requests**

Seneca rebuttal:

The imports of tin mill products covered by these exclusion requests are limited to volumes ordered — on November 20, 2020; April 22, 2021; and May 3, 2021 — only after USS declined to contract to supply *any* tin mill products to Seneca during 2021. (See **Exhibit 1**.) As USS itself concedes, it had no availability to supply Seneca with any tin mill products at the time Seneca placed the purchase orders at issue.

In fact, as noted above, USS still to this day has no volume available for Seneca; most recently in November 2021, USS advised that it has no ETP or TFS to offer Seneca in 2022, after stating and certifying the opposite to Commerce. (See **Confidential Exhibit 2**.) In [
                                                                              ] Seneca asked for
updates on [                                      ] as reflected in the [            ]. Specifically, Seneca
[                                      ] a couple of months ago, namely that [
                                                                      ] and asked [
                                              ] at issue in these requests. The USS [

                        ]

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**



The claim by USS that it now has ability to supply tin mill products during the remainder of 2021 represents a departure from its longstanding position. As noted, that claim is contradicted by a more recent communication from USS that post-dates its objections. Moreover, that dubious claim is irrelevant to these exclusion requests, which solely relate to purchase orders placed at a time when USS concedes that it had no availability at all.

Specifically, the purchase orders covered by these requests were placed on November 20, 2020; April 22, 2021; and May 3, 2021, only after Seneca had confirmed that no domestic producers were able to supply these volumes during 2021:

- On Oct. 13, 2020, one of our domestic steel suppliers agreed to supply only a reduced share of our requested tons for 2021, compared to 2020. That supplier later confirmed that no additional volume would be available in 2021.

- On Nov. 11, 2020, a second domestic steel supplier confirmed acceptance of a portion of our requested steel needs for 2021, but stated that no additional steel was available despite our emphasized need for more.

- Finally, on Nov. 13, 2020, USS confirmed via phone that it would not offer Seneca *any* steel for 2021 delivery, regardless of price. USS stated that it did not want to make any commitment at the time at any price and noted that if it had available volume in future months, it would contact Seneca (*see* **Exhibit 1**). To date, USS has not reached out to Seneca to commit *any* 2021 volume.

Unable to secure the necessary volume for 2021 deliveries from the domestic industry, Seneca then turned to imports as a supplement. On November 20, 2020; April 22, 2021; and May 3, 2021, after concluding all discussions with U.S. producers, Seneca placed orders for the limited volumes covered by these requests, all of it for anticipated delivery in 2021.

The fact that USS could not contract to supply the very same volumes before the orders were placed in fall 2020 and spring 2021 means that its objections to exclusions for the very same orders now deserve no weight. The fact that USS had no availability at that time is not in dispute, as its objection concedes.

Meanwhile, though irrelevant to these requests, the fact that USS now claims the ability to supply Seneca in 2022, within 270 days in the case of ETP and 120 days in the case of TFS, is good news if – for a change – it proves to be true. If USS is able to contract for 2022 volumes, it will mark a significant departure from recent years, as the last time that USS agreed to supply contracted volumes was for deliveries in 2018.

Unfortunately, all indications received thus far suggest that USS will not supply Seneca with any contracted volume for next year. Like last year, Seneca a few days ago engaged USS for volumes to be delivered in 2022, but USS offered nothing. Given that rejection, it is unclear why USS is filing objections even with respect to what it erroneously believes to be volumes for 2022. One thing is clear, however: Seneca cannot look to USS for a reliable source of supply.



**B. USS claim that it has supplied Seneca with TFS and ETP "within the last two years"**

<u>Seneca rebuttal</u>:

This claim is false. The most recent delivery of *any steel* from USS to Seneca occurred on February 19, 2019—more than two years ago. Moreover, the delivery was of a single coil, not any meaningful volume. Finally, Seneca ordered that coil from USS as part of a larger purchase order placed on May 15, 2018 for delivery in August 2018, but the final coil was delivered only many months later, in early 2019.

Unfortunately, in our experience, Seneca cannot look to USS as a dependable source of steel supply. No contract volumes have been made available to Seneca by USS since our orders for deliveries during 2018. Any suggestion that USS has been a regular supplier of tin mill products to Seneca in recent years is false.

**C. USS claim that requested ETP and TFS are "also already available from at least one alternative Section 232 tariff-free source (i.e., Canada)"**

"To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff-free [ETP and TFS] from Canada and other exempt sources can supplement Seneca's demand."

<u>Seneca rebuttal</u>:

As noted, these exclusion requests are limited to Seneca's 2021 volume needs, which in the fall of 2020 and spring of 2021 Seneca sought to secure first from domestic steel suppliers, and then from any exempt Canadian sources.

Unfortunately, the only potential Canadian supplier at that time was ArcelorMittal, which as a matter of policy considered offering Seneca volume only from its domestic facility in Weirton, WV, not from its Canadian mill. Afterwards, the Weirton facility was sold to Cleveland Cliffs. With separate owners for the two facilities, there is a new possibility of purchasing tin mill products for 2022 deliveries from the Canadian ArcelorMittal Dofasco mill. Dofasco has offered trial quantities, and Seneca will be running trials on a few coils from Dofasco this fall in an attempt to qualify that facility as a potential source for 2022. But those trials for 2022 are irrelevant to the already delivered 2021 volumes covered by these requests.

**Conclusion**

Because the volumes at issue in these requests were unavailable from USS and the rest of the domestic industry when ordered in November 2020 and spring of 2021 for anticipated delivery in 2021, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products. USS should not be allowed to decline repeated requests to supply Seneca's 2021 orders, yet then block an exclusion for those very same orders.



More generally, as a matter of policy, Commerce should support the approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed exclusion requests only after placing specific purchase orders for imports— and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

As explained above, the timeframe for these requests is limited to orders placed last November and spring of 2021 for anticipated delivery in 2021, not during 2022. There is no dispute that USS could not and cannot supply these volumes within the relevant timeframe, and accordingly there is no basis for Commerce to give weight to the objections of USS.

Please let us know if you have any questions or would like to receive any additional information, including any additional supporting confidential information.

# EXHIBIT 1

| | |
|---|---|
| **From:** | Leon Lindsay <llindsay@senecafoods.com> |
| **Sent:** | Friday, November 13, 2020 10:38 AM |
| **To:** | Paul Palmby; Tim Nelson |
| **Subject:** | USS UPDATE |

They are not offering anything now at any price.

They say if they have available production in any month, they will contact us and see if we have interest. They just don't want to commit to anything right now.

Still waiting to hear from Tata.

Leon J. Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
600 5th Street South East
Montgomery, Minnesota 56069
Office: (507) 364-8205; Ext 43205
Email: llindsay@senecafoods.com

# EXHIBIT 2

**BUSINESS CONFIDENTIAL INFORMATION
REDACTED FROM PUBLIC SUMMARY**


*[Evidence documenting that in November
2021, after it submitted the objections at issue
to Commerce, U.S. Steel declined to offer Seneca
any prime tin-free steel ("TFS") or electrolytic
tinplate ("ETP")]*



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Surrebutting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://www.ussteel.com/

## Surrebuttal of Objections Filed Against An Exclusion Request

Exclusion Request number — 257708

Objection to Exclusion Request Identifier # — 96622

Rebuttal Identification # — 47458

Does this surrebuttal address a substitute or an identical product? — Identical Product

Are you submitting confidential business information with this form? (If yes, please email it to 232surrebuttals@doc.gov and submit a public version with this form. Confidential business information related to this surrebuttal will not be made available to the public.) — Yes

## The basis of your surrebuttal is for the following reason(s):

Manufacturing Time — Yes

Quality — No

Available Quantity — Yes



Delivery Time

　　　　　　　　[ Yes ▾ ]

Other (limit: 100 characters)

Section 232 exclusion requests are prospective, not retrospective, based on current availability.

# Basis for Surrebuttal of Objection Filings

MANUFACTURING TIME

Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks   [ Yes ▾ ]

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so   [ No ▾ ]

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks.   [ No ▾ ]

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product.   [ No ▾ ]

The Objector can manufacture the product within the time frame stated in their Objection filing.   [ Yes ▾ ]

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

United States Steel Corporation (U. S. Steel) manufactures the requested electrolytic tinplate (ETP) at its Gary and Portage, Indiana mills.  The rebuttal (the Rebuttal) focuses on 'contract' volumes and fails to mention that U. S. Steel has recently offered Seneca Foods Corporation (Seneca or the Requestor) spot sale volumes of ETP.  In fact, U. S. Steel is currently only offering additional spot  not contract  volumes of tin mill products for 2022.  The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this ETP), but Section 232 exclusions are prospective not retrospective.  U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 270 days reported for Seneca's Chinese supplier), and the U.S. Department of Commerce (Commerce) must evaluate this request based current availability.  Specific lead times are provided in a confidential attachment.

QUALITY

Challenging the Objector's assertion that their product is interchangeable with respect to its:

Chemical composition   [ No ▾ ]

Dimensional specifications   [ No ▾ ]

Strength   [ No ▾ ]

Toughness   [ No ▾ ]

Ductility   [ No ▾ ]

Magnetic permeability   [ No ▾ ]



144

Surface finish                                                              No    ∨

Coatings and composition                                                    No    ∨

Other technical specifications (e.g., end use requirements)                 No    ∨

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

---

AVAILABLE QUANTITY

Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                              Yes   ∨

The Objector can supply the percentage of product stated in their Objection filing.   Yes   ∨

U.S. manufacturers have the capability to manufacture the identified product.      No    ∨

The Objector has sold or has attempted to sell the product described in the Exclusion Request.   Yes   ∨

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

U. S. Steel confirms that it can immediately manufacture the requested quantity of ETP at its Gary and Portage facilities. The Rebuttal fails to mention that, although U. S. Steel is not currently engaging in new 2022 tin mill supply contracts for any customers, it has clearly indicated to the Requestor that it is willing to make ETP spot sales. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when Seneca ordered this ETP), but Section 232 exclusions are prospective not retrospective. The requested quantity of ETP is now immediately available from U. S. Steel, and Commerce must evaluate this request based such current availability. Specific capacity and utilization rates are provided in a confidential attachment.

---

DELIVERY TIME

Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship.   Yes   ∨

Domestic product is available for timely delivery from manufacturing plant to loading dock.   Yes   ∨

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

U. S. Steel actively manufactures the requested ETP at its Gary and Portage facilities and can immediately (i.e., within 270 days) deliver this material to Seneca. Despite the Requestor's implications, U. S. Steel is currently offering tin mill product spot sales not contract sales  for 2022, but Seneca has not pursued this option. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this ETP), but Section 232 exclusions are prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 270 day lead time reported for Seneca's Chinese supplier), and Commerce must evaluate this request based such current availability. Specific lead times are provided in a confidential attachment.

Certification

## Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

United States Steel Corporation

**Name of Authorizing Official**

Kaitlin Wojnar

**Title of Authorizing Official**

Counsel   International Trade & Public Policy

**Phone Number**

202 783 6315

**Email of Authorizing Official** (Email address will be used for submission and withdrawal verification!)

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

Matthew McConkey

**Title**

Partner

**E mail Address**

mmcconkey@mayerbrown.com

**Phone Number**

202 263 3235

**Small Business?**

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



# U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

146

## UNITED STATES STEEL CORPORATION SURREBUTTAL
## TO EXCLUSION REQUEST 257708 FILED BY SENECA FOODS CORPORATION
## CONFIDENTIAL SUPPLEMENT

### I. Confidentiality

This document includes confidential business information ("CBI"), which is contained in brackets (*i.e.*, "[ ]"). United States Steel Corporation ("U. S. Steel") is providing this CBI with the understanding that the U.S. Department of Commerce ("Commerce") will use it solely for purposes of reviewing the above-referenced exclusion request (the "Exclusion Request") and U. S. Steel's opposition submissions and that Commerce will treat it as proprietary and business confidential. It is U. S. Steel's understanding that the bracketed CBI will not be made available to the public or any other parties outside of the U.S. government, unless so ordered by a court of competent jurisdiction. In the event Commerce is compelled by a court of competent jurisdiction to disclose this proprietary CBI, Commerce will provide U. S. Steel with reasonable prior notice, allowing U. S. Steel to consider seeking a protective order or other appropriate remedy.

### II. Quantity

U. S. Steel's Portage, East Chicago, and Gary, Indiana tin mills have the combined capacity to produce [          ] metric tons ("MT") of tin mill products (*i.e.*, electrolytic tinplate ("ETP") and tin-free steel) each year.[1] U. S. Steel's UPI facility in Pittsburg, California, has the capacity to produce an additional [          ] MT of tin mill products each year. In 2020, these facilities operated at [   ] percent capacity utilization, leaving more than [          ] MT of unused of tin mill—including ETP—production capacity. U. S. Steel's active Gary and Portage, Indiana tin mills can immediately produce the exact ETP requested by Seneca Foods Corporation ("Seneca" or the "Requestor").

U. S. Steel acknowledges that, as stated in Seneca's rebuttals, it has not supplied the Requestor with tin mill products since February 2019, which is more than two years before submission of U. S. Steel's objection (the "Objection"). Contradictory statements in the Objection were made in error. Nevertheless, U. S. Steel regularly discussed tin mill product availability and sales with Seneca throughout 2019, 2020, and 2021.

### III. Manufacturing and Delivery Time

U. S. Steel's manufacturing lead times for tin mill products typically range from [          ] after receipt of an approved order, which is consistent with industries standards. As of December 13, 2021, **the manufacturing lead time for the exact requested continuously annealed ETP is [     ] at U. S. Steel's Gary, Indiana facility and [     ] at U. S. Steel's Portage, Indiana facility. Shipment from either of these U. S. Steel facilities to the**

---

[1]    The East Chicago facility was indefinitely idled in December 2019.

**Requestor's loading dock, which is presumed to be at the address listed in the Exclusion Request, takes [          ].**

Therefore, U. S. Steel's current production and delivery lead time for this ETP is [          ] if manufactured at and shipped from the Gary tin mill or [          ] if manufactured at and shipped from the Portage tin mill, which is significantly less than the 270-day lead time reported for Seneca's Chinese supplier.

2

# UNITED STATES COURT OF INTERNATIONAL TRADE

Seneca Foods Corp.,                    )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        Ct. No. 22-00243
                                       )
UNITED STATES,                         )
                                       )
                Defendant,             )
                                       )

## INDEX OF ADMINISTRATIVE RECORD – PUBLIC SET
### EXCLUSION REQUEST NUMBER: 257709

|   | Relevant Party | Type of Document | Page # Seneca Foods-257709 |
|---|---|---|---|
| **BIS Decision Memorandum** | | | |
| 1 | BIS | Decision Memorandum | 149 |
| **ITA Recommendation Memorandum** | | | |
| 2 | ITA | Recommendation Memorandum | 151 |
| **Exclusion Request and Related Submission** | | | |
| 3 | Seneca Foods | Exclusion Request | 156 |
| 3.1 | Seneca Foods | Exclusion Request Supplement | 168 |
| **Objections and Related Submissions** | | | |
| 4 | U.S. Steel Corporation | Objection | 171 |
| **Rebuttal and Related Submissions** | | | |
| 5 | Seneca Foods | Rebuttal | 180 |
| 5.1 | Seneca Foods | Rebuttal Supplement | 184 |
| **Surrebuttal and Related Submissions** | | | |
| 6 | U.S. Steel Corporation | Surrebuttal | 192 |
| 6.1 | U.S. Steel Corporation | Surrebuttal CBI | 196 |

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 257709**

**Summary:**

- Requester: Seneca Foods Corporation
- Product Description: Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC-3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm thickness)
- HTSUS: 7210120000

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #257709**

| | |
|---|---|
| **X** | I approve denying this exclusion request. |
| | I do not approve denying this exclusion request. |
| | I would like to discuss. |

*Matthew S. Borman*
Deputy Assistant Secretary of Export Administration

April 9, 2022
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has referred this exclusion request to ITA for ITA's recommendation as to whether the Steel article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 1 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 257709
Requestor:   Seneca Foods Corporation (Seneca)
Objector(s):

   United States Steel Corporation (U.S. Steel)

Case Filings

|  | Seneca | U.S. Steel |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | Yes |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |

Recommendation: Denial
Rationale: {At least one} objector meets the quality, quantity, and timeliness criteria.

| QUALITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) – QUALITY** | | | | |
| | U.S. Steel | | | |
| Identical (1.c or 1.d filled in)* | Yes | | | |
| Substitute (1.e or 1.f filled in)* | No | | | |
| **2.c*** match | Yes | | | |
| **2.d*** match | Yes | | | |
| **2.e*** match | Yes | | | |
| **Standards** match Exclusion Request | N/A | | | |
| Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims? | | | | |
| | No | | | |
| **Subject Matter Expert (SME) Evaluation of Facts:** No | | | | |
| **Analysis of the Record:** U.S. Steel can manufacture an identical product to the product in the request. U.S. Steel's product matches the specifications of the request. As such, U.S. Steel meets the quality criterion. | | | | |

| QUANTITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) –QUANTITY** | | | | |
| | U.S. Steel | | | |
| **3.a** | 100% | | | |
| Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims? | | | | |
| | No | | | |
| **Analysis of the Record:** U.S. Steel can produce 100 percent of the requested volume. As such, U.S. Steel meets the quantity criterion. ITA notes both Seneca and U.S. Steel submit confidential business information (CBI) related to U.S. Steel's ability to meet the quantity criterion. Based on the evidence submitted, nothing contradicts the information certified by U.S. Steel in its objection submission. Seneca states in its rebuttal, "Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021." U.S. Steel states in its surrebuttal that it can provide the requested ETP as spot sales rather than contract volumes. This does not impact U.S. Steel's ability to supply the requested quantity. | | | | |

| TIMELINESS | | | | |
|---|---|---|---|---|
| **REQUESTOR– DELIVERY TIME** | | | | |
| **2.d (request form):** Days: 270 | | | | |
| **2.f (request form):** Days: 90 | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f? | | | | |
| No | | | | |
| **OBJECTOR – DELIVERY TIME** | | | | |
| | U.S. Steel | | | |
| **3.b** | BPI | | | |
| **3.d** | BPI | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d? | | | | |
| | No | | | |

**Delivery Time Totals**
- o   Requestor's Import Delivery Time = {*2d + 2f of the exclusion request, plus any adjustments*}
- o   Objector's Delivery Time = {*3b + 3d of the objection, plus any adjustments*}

**Analysis of the Record:** Seneca reports 360 days for import delivery time. U.S. Steel claims the information for 3.b and 3.d are business proprietary in its objection form. ITA requested that information from U.S. Steel. In addition, U.S. Steel provided confidential business information in its surrebuttal submission that required ITA to adjust U.S. Steel's delivery time. Based on the information provided by U.S. Steel, compared to the requestor's import delivery time, U.S. Steel is able to deliver the product in a timely manner. Therefore, U.S. Steel meets the timeliness criterion.

**Explanation/Additional Comments** (if needed):

| General Notes: |
|---|
| **This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.** |
| ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections.

Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2d and 2f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3b and 3d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation. In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion.

An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive.

**ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the** |

| Field Definitions (Requestor Form) | |
|---|---|
| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

|  |  |
|--|--|

| * Field Definitions (Objection Form) | |
|--|--|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 10/21/2021

Public Status: Denied

Please select product type

Steel

Identify the class of product for which the Exclusion is sought

Carbon and Alloy Flat

10 Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7210120000

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

## Requesting Organization Information

Full Organization Legal Name

Seneca Foods Corporation

Street Address

418 East Conde Street

City

Janesville

State

Wisconsin

Zip Code

53546

Headquarters Country

United States

Point of Contact Name

Leon Lindsay

Phone Number

(507) 364 8205

E mail Address

llindsay@senecafoods.com

Web Site Address

https://www.senecafoods.com/

## Parent Company of Requesting Organization

Full Organization Legal Name

Street Address

City

156



## Importer of Record for Organization Requesting an Exclusion

Full Organization Legal Name

Tata International Metals, Ltd. (America)

Street Address

475 North Martingale Road, #400

City

Schaumburg

State

Illinois

Zip Code

60173

Headquarters Country

United States

Point of Contact Name

Robert Brady

Phone Number

(847) 585 2587

E mail Address

robert.brady@tatainternational.com

Web Site Address

https://tatainternational.com/

## Requester's Authorized Representative/Agent (if applicable)

Requestor Point of Contact Name

Point of Contact Organization

Country Location

Phone Number

E Mail Address

Web Site Address

Other Information

## Exclusion Request Details

157

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?

| No |

Identify the activity

Identify the organization

Identify the country where the organization is headquartered

Comments

Identify the primary type of activity of the Exclusion Requester

Manufacturer

Comments

Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton    1,000 kilograms)

| 5250000 | Kilograms |

Average annual consumption for years 2015 2017 of the product that is subject of this Exclusion Request (Kilograms)

| 33332000 | Kilograms |

Explain why your organization requires an Exclusion

Insufficient U.S. Availability

Please provide comments

Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States

| 100 | % |

Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization

| 270 | days |

Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed

| 180 | days |

Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock

| 90 | days |

Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request

| 1 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 Milwaukee, WI

158

Ort 1 Milwaukee, WI

Is the organization making this Exclusion Request doing so on behalf of a non U.S. producer that does not manufacture products in the United States?  | No

Identify the non U.S. producer

Identify the country where the organization is headquartered

Comments

---

## Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below.See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC 3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm thickness)

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

Double reduced DR8.5 CA for vegetable can bodies (58# Base Weight   0.16205mm thickness).

---

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108 13):

**Organization Designation**

1 ASTM        A623

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab | Blooms | Billets | Ingots | Flat | Long |
|------|--------|---------|--------|------|------|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |

159

| Beams ☐ | Semi Finished ☐ | Pipe ☐ | Tube ☐ | Stainless ☐ | Wire ☐ |
|---|---|---|---|---|---|
| Hot Rolled ☐ | Cold Rolled ☑ | Annealed ☑ | Plated ☐ | Electro Plated ☑ | Galvanized ☐ |
| Electro Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☑ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

Comments

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum % | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |

160

|  | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.2539 | 0.00 | 0.00 | 0.00 |
|  | Zinc | Zirconium | Other Chemical |  |  |
| Minimum % | 0.00 | 0.00 | 0 |  |  |
| Maximum % | 0.00 | 0.00 | 0 |  |  |

Comments

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size  not a range of products and or sizes (e.g., 19 mm dia. rebar  not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.

## Product Specifications (Millimeters)

|  | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.15494 | 406.4 | 0 | 0 | 820 | 0 |
| Maximum | 0.17018 | 0 | 1828.8 | 0 | 825 | 0 |

## Strength

|  | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) |
|---|---|---|---|
|  |  |  | Rockwell |
| Minimum | 586.05 | 550 | 71 |
| Maximum | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
|  |  |  | Provide Test Method |
| Temperature |  |  |  |

161

| | | | |
|---|---|---|---|
| **Temperature** | | | |
| **Joules** | | | |
| **% Shear** | | | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| **Minimum** | 2   % | 0   % | 0   % | 0   mm |
| **Maximum** | 4   % | 0   % | 0   % | 0   mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer - [SAE J911] |
| **Minimum** | 0 | 0 | 0 | 6 |
| **Maximum** | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| **Coating Method** | **Coating Product Name and Abbreviation** | **Composition (e.g., Zn, Al, Si, Mg)** |
| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |

| Coating Weight and Thickness | | |
|---|---|---|
| | **Coating Weight** | **Coating Thickness** |
| **Minimum** | 1.1   grams psq | 0.15   micrometers |
| **Maximum** | 2.2   grams psq | 0   micrometers |

Specify any Additional Methods Used

| | | |
|---|---|---|
| | | |

Comments

162

Tin coating weight is 1.1 g/sq. m (internal) and 2.2 g/sp. m (external)… Surface finish (Roughness) is 6 25 microinches (7C finish)

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

Double reduced, 58# Base Weight, electro tinplate, continuously annealed, 10/20 tin coating, DR8.5 Temper, 32 3/8

Comments

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Vegetable Can Bodies 2) Sufficient supply is not available from domestic producers for the rest of 2021 and into 2022. The limited domestic supply puts Seneca's entire vertically integrated food business in jeopardy. Please see attached letter for details.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

|   | Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|---|
| 1 | Turkey | Turkey | 5250000 | Toyo | Tata International Metals, Ltd. / T. |

163

# Product Availability Information

Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?

Yes

Comments

There are two integrated suppliers and one other smaller domestic producer that manufacture these steel specifications; however, none of the domestic suppliers can provide sufficient volume to Seneca Foods in the near term. Please refer to the attached letter for further details.

Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.

Yes

Comments

Canada: Dofasco. Seneca has been in contact with Dofasco, which has not been a supplier in the past and is not qualified now. They have no availability for 2021, but Seneca is working on running a trial to qualify them during 2022 for supply in future years.

Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?

No

Comments

Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.

No

Please provide names of the manufacturers.

**Manufacturers**

Comments

Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

No domestic producers have available capacity in the short term. Please refer to the attached letter for details.

164

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

Our existing domestic suppliers have no available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

No

Comments

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

No

Comments

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

CBP can track the HTSUS code, importer of record, and consignee and can verify the identifying physical characteristics of the product as described in the importation documents.

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

- A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;
- B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge or arbitrage the price;
- C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

165

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:

1. loss of contract(s);
2. unanticipated business downturns; or
3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and

E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

Seneca Foods Corporation

Name of Authorizing Official

Leon J. Lindsay

Title of Authorizing Official

VP   Strategic Sourcing

Phone Number

(507) 364 8205

Email of Authorizing Official

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?
*Note: If the answer is 'Yes', do not attach business confidential information at this time.*

No

Small Business?

# Attachment

View attachment file

## Published Objection Filings

| | Company | Product | Posted Date | Details |
|---|---|---|---|---|
| > | United States Steel Corporation | Steel | 11/27/2021 | Details |

## BIS Decision Memo

View attachment file

## ITA Public Recommendation Memo

There are no attachments for this public recommendation memo

Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

October 21, 2021

Brad Botwin
Office of Technology Evaluation
Bureau of Industry & Security
U.S. Dep't of Commerce
1401 Constitution Avenue, NW, Room 1093
Washington, DC 20230

**Subject:** **Seneca Foods Corporation Requires Limited Product Exclusions**
**for Tin Mill Products That Are Not Available from U.S. Producers**

Dear Mr. Botwin,

Seneca Foods Corporation ("Seneca") submits a targeted set of narrow exclusion requests for tin mill products to be delivered in late 2021, a time period during which the domestic industry has declined to provide additional supply. The volumes covered by these requests are limited to orders placed by Seneca between late 2020 and spring 2021. These orders were placed soon after all relevant domestic producers affirmatively declined to award Seneca any additional volume for 2021. All of the orders at issue are scheduled for delivery during the fourth quarter of 2021. Notwithstanding the one-year time frame of granted exclusions, no future deliveries beyond 2021 are covered by these requests. Accordingly, Commerce should grant Seneca's exclusion requests.

BACKGROUND: OUR INTEGRATED CANNED FOOD OPERATIONS

Seneca is primarily a fruit and vegetable processor with 24 facilities across the United States. We contract with approximately 1,650 agricultural producers for over 200,000 acres of fruit and vegetable crops that are processed at our facilities. We are the largest vegetable canner in the United States representing an estimated 50% of the canned vegetables (excluding tomatoes and dry beans) sold in the United States. We do business with almost every retailer and food service distributor in the country. We are very proud that we provide safe and nutritious canned products that represent a "value proposition" for consumers compared to foods in other forms (primarily fresh and frozen). Strategically, vertical integration is a core part of Seneca's success, and we thus engage in farming, plant breeding and seed development, transportation, and also can manufacturing.

SENECA'S CAN MANUFACTURING REQUIRES PURCHASES OF TIN MILL PRODUCTS

Seneca has been involved in can manufacturing since 1972. While a number of food companies made their own cans over the years, most divested those operations. Today, Seneca is the last U.S.-based food company that still makes its own cans. After investing more than $50 million over the last 12 years in our can making operations, we have among the most efficient can making operations running today. Our primary can making facility is in Baraboo, Wisconsin, with another smaller facility located in Payette, Idaho. We employ over 350 people in these operations, with an annual payroll in the tens

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

of millions of dollars.

Prior to 2014, other than some minor trials of imported material, we purchased 100% of our tin mill products from domestic producers. In 2013 our major U.S. supplier communicated concerns about the sustainability of a major portion of domestic tin mill production. This opened our eyes to the threat that should we lose one of the two major U.S. suppliers (and our largest), not only would our can making operation be at risk but our entire vertically integrated food business would be in jeopardy. As such, we had no choice but to expand our supply chain in order to spread our risk. In 2014 we began importing a portion of our needs, primarily from South Korea, and evaluating suppliers from other countries.

DOMESTIC TIN MILLS CANNOT MEET U.S. DEMAND

While we support strong U.S. production of tin mill products, domestic supply constraints have left us with no option but to rely on imports for some portion of our needs. In 2016, U.S. demand for tin mill products was 2.1 million tons while domestic tin mill production was 1.2 million tons, representing only 58% of U.S. demand. Since that time and through three quarters of 2020, according to information available to us, the percentage of domestic demand supplied by U.S. producers has remained around 57% to 60%. Tin mill products represent less than 3% of overall U.S. steel production. Further, there are only two fully integrated domestic producers: U.S. Steel and Cleveland Cliffs (formerly ArcelorMittal). One smaller supplier, Ohio Coatings, provides coating only and must rely on others for the substrate to produce our products. While U.S. suppliers may claim the ability or willingness to expand domestic tin mill production in the longer term, they cannot meet Seneca's needs in the short term. Thus, we must rely, at least in part, on imports to cover our needs.

In addition to our predominant concerns about the availability and sustainability of domestic supplies, we have experienced quality issues with tin mill products from domestic producers. Until recent years, we had no context for comparing the quality of domestic tin mill products, but once we brought in material from South Korea it became clear that our "U.S. only" purchasing strategy made it more difficult for us to remain competitive with commercial can makers. As an illustration, over the last 3 years (2018-2020), the percentage of cut sheets from domestic suppliers that we rejected for quality issues was 13.3%, which is more than ten times the 1.3% rejection rate for our imports. The superior quality of imports leads to better efficiencies on our can making lines and reduces the management time, rework costs, and freight costs of dealing with defective material, both for us and for our suppliers.

DOMESTIC PRODUCERS CANNOT PROVIDE SENECA ADDITIONAL VOLUME IN 2021, THE DELIVERY TIME FOR THE REQUESTS AT ISSUE

Over the past several months, we have met with both of our domestic suppliers to understand their ability to supply more tin mill products to us in the near term. Our largest supplier indicated that there is no more material available for 2021. The smaller of our domestic suppliers likewise has no additional availability for 2021. As noted, the fourth quarter of 2021 is the window for delivery of all products covered by these requests. No domestic producer is able and willing to make any additional supply available to us within the relevant timeframe in 2021.

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

Looking ahead to 2022, we continue to communicate to both domestic suppliers that we would take up to double the volume that they currently supply us on an annual basis. While they fully understand our needs, the larger supplier has agreed to volumes for 2022 that are only slightly higher than 2021, and the smaller supplier remains uncertain as to what if any volume it may offer for 2022. Both domestic suppliers have informed us that they would advise only at some uncertain future date if they will have any additional capacity for 2022.

We also reached out to U.S. Steel to understand its ability to supply Seneca with tin mill products for our 2021 and 2022 needs. For its part, U.S. Steel was unwilling even to give us a quote for tin mill products due to its inability to supply any additional material in 2021 or beyond.

GIVEN THE UNAVAILABILITY OF DOMESTIC SUPPLIES, A LIMITED EXCLUSION IS NECESSARY

Facing these severe domestic supply constraints, Seneca respectfully requests exclusions to allow us to bring in a limited quantity of imported tin mill products in late 2021 to meet the needs of our integrated production operations. Because the volumes at issue were unavailable from the domestic industry when ordered months ago, and because the full quantity covered by the requests will be delivered in 2021, during which there is no dispute as to availability from domestic producers, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products.

More generally, as a matter of policy, Commerce should support the responsible approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed these exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

Among many lessons, the pandemic has taught us that a reliable supply of nutritious canned foods is essential for the comfort and security of U.S. consumers. Our inability to source sufficient volumes of tin mill products from the domestic industry currently threatens not only our can making operations, but also our entire canned food business.

Thank you for your time, and please feel free to contact me if you have any questions.

Sincerely,

Leon Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
llindsay@senecafoods.com
M: (507) 364-8205

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Objecting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin M. Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://ussteel.com/

## Organization Requesting Exclusion

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

## Product Information

**Exclusion Request number**
257709

**10 Digit HTSUS Code**
7210120000

**Annual Exclusion Quantity Requested(Kilograms)**
5250000
Kilograms

171

# Reason for Objection

Indicate what type of order the Exclusion Request that is the subject of the Objection Filing would pertain to:

> Standard Product

Comments

> This Exclusion Request is for a standard electrolytic tinplate (ETP) product.  United States Steel Corporation (U. S. Steel) actively manufactures and is is capable of supplying Seneca Foods Corporation (Seneca or the Requestor) with ETP coils that meet the requested chemical, dimensional, and mechanical specifications.

Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States , or can it immediately be made (within 8 weeks) by your organization, in a company owned plant in the United States?  If "Yes" identify the location(s) of your production facilities  in the United States.

> Yes

Locations

| City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|------|-------|-----------------------------------------------|------------------------------|
| Portage | Indiana | | |
| Gary | Indiana | | |

This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following facilities:

Comments

> U. S. Steel currently produces the requested ETP at multiple facilities and has the available capacity to supply additional volumes within the necessary time frame (i.e., 270 days).  Specific capacity and utilization information is considered business proprietary, so it is not included in this public submission.  U. S. Steel is prepared to confidentially provide the relevant information upon request from the U.S. Department of Commerce (Commerce).

Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and  performance?  If "Yes" identify the location(s) of your production facilities  in the United States, current plant capacity and utilization

> No

This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities:

Comments

> 

172

Select "Yes" for any assertions identified in the Exclusion Request that your organization is challenging:

No Production Capacity

[ Yes ▼ ]

Product Quality

[ Yes ▼ ]

Shipping Time

[ No ▼ ]

Insufficient Volume

[ Yes ▼ ]

Unique Product

[ Yes ▼ ]

Other (specify here)

[ The requested material is available from domestic manufact ]

Discuss the suitability of your organization's steel product compared to that identified by the Exclusion Requestor.

U. S. Steel produces ETP that meets Seneca's specifications. U. S. Steel's material is prime, double reduced/DR8.5, continuously annealed, ETP that meets ASTM International A623M standards and has the requested 7C melted finish, chemical treatment, and 58 pound basis weight. The ETP offered by U. S. Steel can be used for vegetable can bodies.

Provide a full technical description of the properties of the product it manufactures relative to specifications cited in the Exclusion Request posted in regulations.gov. This description must include information on dimensions, plus performance factors such as strength, toughness, ductility, magnetic permeability, surface finish, coatings, and other relevant data.

State the chemical composition of the specific product that your organization can manufacture at a company owned production facility located in the United States. Numbers may appear rounded, but full values will be stored.

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| % | 0.00 | 0.00 | 0.00 | 00.00 | 0.00 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |
| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.2539 | 0.00 | 0.00 | 0.00 |
| | Zinc | Zirconium | Other Chemical | | |
| Minimum % | 0.00 | 0.00 | 0 | | |
| Maximum % | 0.00 | 0.00 | 0 | | |

Comments

U. S. Steel produces ETP with the requested chemical composition.

Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. Numbers may appear rounded, but full values will be stored.

Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.15494 | 406.4 | 0 | 0 | 820 | 0 |
| Maximum | 0.17018 | 0 | 1828.8 | 0 | 825 | 0 |

Strength

| | Tensile Strength Mega | Yield Strength Mega | Hardness (specify method | Brinell, Rockwell, |
|---|---|---|---|---|

174

| | Pascal (MPa) | Pascal (MPa) | Vickers, etc.) |
|---|---|---|---|
| | | | Rockwell |
| Minimum | 586.05 | 550 | 71 |
| Maximum | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

Comments

U. S. Steel produces ETP that meets the requested dimensional and mechanical/performance specifications.

Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. Numbers may appear rounded, but full values will be stored.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2    % | 0    % | 0    % | 0    mm |
| Maximum | 4    % | 0    % | 0    % | 0    mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer  [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |

175

| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |
|---|---|---|

| Coating Weight and Thickness | | |
|---|---|---|
| | Coating Weight | Coating Thickness |
| Minimum | 1.1 grams psq | 0.15 micrometers |
| Maximum | 2.2 grams psq | 0 micrometers |

Select any additional processing methods used:

| | | |
|---|---|---|

Comments

U. S. Steel produces ETP that meets the requested mechanical and performance specifications.

---

What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis?    `100` %

State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received:    `0000000000000`

State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received:    `0000000000000`

State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock:    `0000000000000`

Comments

U. S. Steel's ETP is mined, melted, poured, rolled, and coated in the United States, and the finished coils can be shipped directly to the customer via truck or rail. Although the U.S. tin mill market experienced some supply constraints in the immediate wake of the COVID 19 pandemic, such conditions were temporary and do not impact U. S. Steel's ability to supply ETP or other tin mill products during the remainder of 2021 and into 2022. Indeed, U. S. Steel confirms it can supply the requested quantity of ETP within the 270 day manufacturing and delivery day lead time reported for the Requestor's foreign supplier. Specific manufacturing and delivery lead time information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information at Commerce's request.

Identify the reasons your organization objects to an Exclusion Request being granted to the applicant. Written comments may be submitted (not required) for each of the reasons your organization has cited in the Objection Filing form. Organizations filing Objections should identify factual problems in the Exclusion Request (e.g., product description).

176

U. S. Steel confirms it is capable of producing ETP that meets all requested specifications. Therefore, the requested ETP coils are produced by and available from domestic manufacturers. Furthermore, the Exclusion Request admits that the requested ETP is already available from at least one alternative Section 232 tariff free source (i.e., Canada), with potentially greater availability in calendar year 2022 (i.e., the primary term that would be covered by the requested exclusion). Since U.S. imports of Canadian steel products are also exempt from Section 232 quotas, there is no limit on the quantity of Canadian ETP available to Seneca. To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff free ETP from Canada and other exempt sources can supplement Seneca's demand without additional exclusions. Given these circumstances, granting this Exclusion Request would undermine the national security goals of the Section 232 action by inhibiting the domestic industry's ability to achieve sustainable capacity utilization rates.

Has the organization making the Exclusion Request asserted that there is no capability in the United States to manufacture this type of product it requires?   **No**

Comments

---

Has the Exclusion Requestor supported its assertion of product uniqueness with engineering and scientific data, or independent laboratory tests results?   **No**

Does your organization have technical data to disprove the assertions of the Exclusion Requestor? If "Yes" provide comments in the space below, or in attachments.   **Yes**

Comments

U. S. Steel produces the requested ETP and is prepared to confidentially provide technical information confirming the quality of its material.

Has the organization making this Objection Filing within the last two years attempted to sell, or successfully sold, the product described in the Exclusion Request to the exclusion requestor previously?   **Yes**

Does your organization manufacture a product similar to that cited in the Exclusion Request for which it has asked to Exclusion Requestor, within two years of the filing of the Exclusion Request, to perform a formal technical qualification to determine equivalency in form, fit, function and performance?   **Yes**

Did the Exclusion Requestor accept or reject the request to perform a formal technical qualification?   **Accept**

Comments

U. S. Steel has supplied Seneca with ETP within the last two years.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

177

United States Steel Corporation

| Name of Authorizing Official | Title of Authorizing Official |
|---|---|
| Kaitlin M. Wojnar | Counsel  International Trade & Public Policy |

| Phone Number | Email of Authorizing Official |
|---|---|
| 202 783 6315 | kmwojnar@uss.com |

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

| Point of Contact Name | Title |
|---|---|
| | |

| E mail Address | Phone Number |
|---|---|
| | |

I have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission:



Yes

Small Business?

# Attachment

There are no attachments for this objection filing

## Published Objection Rebuttal

| Company | Product | Posted Date | Details |
|---|---|---|---|
| Seneca Foods Corporation | Steel | 12/6/2021 | Details |



178

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

179



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364 8205

**E mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

| | |
|---|---|
| Exclusion Request number | 257709 |
| Objection to Exclusion Request Identifier # | 96609 |
| Does this rebuttal address a substitute or an identical product? | Identical Product |
| Are you submitting confidential business information with this form? (If yes, please email it to 232rebuttals@doc.gov and submit a public version with this form. Confidential business information related to this rebuttal will not be made available to the public.) | Yes |

## The basis of your rebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |
| Delivery Time | Yes |

180

Other (limit: 100 characters)

USS declined to supply the 5/3/21 order covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks

Yes

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so

No

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks.

No

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product.

No

The Objector can manufacture the product within the time frame stated in their Objection filing.

Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 5/3/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news    if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:

Chemical composition

No

Dimensional specifications

No

Strength

No

Toughness

No

Ductility

No

Magnetic permeability

No

Surface finish

No

Coatings and composition

No

Other technical specifications (e.g., end use requirements)

No

181

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                                          Yes

The Objector can supply the percentage of product stated in their Objection filing.            Yes

U.S. manufacturers have the capability to manufacture the identified product.                  No

The Objector has sold or has attempted to sell the product described in the Exclusion Request. Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 5/3/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news    if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

DELIVERY TIME Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the   Yes
product is ready to ship.

Domestic product is available for timely delivery from manufacturing plant to loading dock.               Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 5/3/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news    if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

Seneca Foods Corporation

**Name of Authorizing Official**

Leon J. Lindsay

**Title of Authorizing Official**

VP  Strategic Sourcing

**Phone Number**

(507) 364 8205

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

Small Business?

# Attachment

View attachment file

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility   •   Privacy policy

183

PUBLIC VERSION



December 3, 2021

**Seneca Rebuttal to U.S. Steel objections to requests 257423, 257428, 257708, 257709, and 257712 for limited volumes of tin mill products that U.S. Steel declined to supply**

U.S. Steel ("USS") has objected to exclusion requests **257423, 257428, 257708, 257709, and 257712** submitted by Seneca Foods Corporation ("Seneca") regarding limited imports of prime tin-free steel ("TFS") and prime electrolytic tinplate ("ETP") (collectively, "tin mill products"). We disagree with USS's claims and below rebut each of its principal assertions, which are inaccurate as applied to the Seneca requests at issue.

There is no dispute that USS could not and cannot supply Seneca with the requested volumes, which are limited to November 20, 2020; April 22, 2021; and May 31, 2021 purchase orders placed by Seneca only after USS affirmatively declined to award Seneca any 2021 volume. (See **Exhibit 1**.) USS still to this day has no volume available for Seneca. In fact, in November 2021, after the objections at issue were submitted to Commerce, USS advised Seneca that it has no ETP or TFS to offer Seneca. (See **Confidential Exhibit 2**.) The purchase orders at issue were for anticipated delivery in 2021, at a time when USS concedes that it had no availability. Accordingly, Commerce should grant Seneca's exclusion requests.

    A. **USS claims that it can "supply the requested quantity of ETP within the 270-day manufacturing and delivery day lead time" and "the requested quantity of TFS within the 120-day manufacturing and delivery lead time" for the tin mill product volumes covered by these requests**

Seneca rebuttal:

The imports of tin mill products covered by these exclusion requests are limited to volumes ordered — on November 20, 2020; April 22, 2021; and May 3, 2021 — only after USS declined to contract to supply *any* tin mill products to Seneca during 2021. (See **Exhibit 1**.) As USS itself concedes, it had no availability to supply Seneca with any tin mill products at the time Seneca placed the purchase orders at issue.

In fact, as noted above, USS still to this day has no volume available for Seneca; most recently in November 2021, USS advised that it has no ETP or TFS to offer Seneca in 2022, after stating and certifying the opposite to Commerce. (See **Confidential Exhibit 2**.) In [                                    ] Seneca asked for updates on [                          ] as reflected in the [            ]. Specifically, Seneca [                          ] a couple of months ago, namely that [                                        ] and asked [                          ] at issue in these requests. The USS [                                          ]

       [            ]

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**



The claim by USS that it now has ability to supply tin mill products during the remainder of 2021 represents a departure from its longstanding position. As noted, that claim is contradicted by a more recent communication from USS that post-dates its objections. Moreover, that dubious claim is irrelevant to these exclusion requests, which solely relate to purchase orders placed at a time when USS concedes that it had no availability at all.

Specifically, the purchase orders covered by these requests were placed on November 20, 2020; April 22, 2021; and May 3, 2021, only after Seneca had confirmed that no domestic producers were able to supply these volumes during 2021:

- On Oct. 13, 2020, one of our domestic steel suppliers agreed to supply only a reduced share of our requested tons for 2021, compared to 2020. That supplier later confirmed that no additional volume would be available in 2021.

- On Nov. 11, 2020, a second domestic steel supplier confirmed acceptance of a portion of our requested steel needs for 2021, but stated that no additional steel was available despite our emphasized need for more.

- Finally, on Nov. 13, 2020, USS confirmed via phone that it would not offer Seneca *any* steel for 2021 delivery, regardless of price. USS stated that it did not want to make any commitment at the time at any price and noted that if it had available volume in future months, it would contact Seneca (*see* **Exhibit 1**). To date, USS has not reached out to Seneca to commit *any* 2021 volume.

Unable to secure the necessary volume for 2021 deliveries from the domestic industry, Seneca then turned to imports as a supplement. On November 20, 2020; April 22, 2021; and May 3, 2021, after concluding all discussions with U.S. producers, Seneca placed orders for the limited volumes covered by these requests, all of it for anticipated delivery in 2021.

The fact that USS could not contract to supply the very same volumes before the orders were placed in fall 2020 and spring 2021 means that its objections to exclusions for the very same orders now deserve no weight. The fact that USS had no availability at that time is not in dispute, as its objection concedes.

Meanwhile, though irrelevant to these requests, the fact that USS now claims the ability to supply Seneca in 2022, within 270 days in the case of ETP and 120 days in the case of TFS, is good news if – for a change – it proves to be true. If USS is able to contract for 2022 volumes, it will mark a significant departure from recent years, as the last time that USS agreed to supply contracted volumes was for deliveries in 2018.

Unfortunately, all indications received thus far suggest that USS will not supply Seneca with any contracted volume for next year. Like last year, Seneca a few days ago engaged USS for volumes to be delivered in 2022, but USS offered nothing. Given that rejection, it is unclear why USS is filing objections even with respect to what it erroneously believes to be volumes for 2022. One thing is clear, however: Seneca cannot look to USS for a reliable source of supply.



**B. USS claim that it has supplied Seneca with TFS and ETP "within the last two years"**

Seneca rebuttal:

This claim is false. The most recent delivery of *any steel* from USS to Seneca occurred on February 19, 2019—more than two years ago. Moreover, the delivery was of a single coil, not any meaningful volume. Finally, Seneca ordered that coil from USS as part of a larger purchase order placed on May 15, 2018 for delivery in August 2018, but the final coil was delivered only many months later, in early 2019.

Unfortunately, in our experience, Seneca cannot look to USS as a dependable source of steel supply. No contract volumes have been made available to Seneca by USS since our orders for deliveries during 2018. Any suggestion that USS has been a regular supplier of tin mill products to Seneca in recent years is false.

**C. USS claim that requested ETP and TFS are "also already available from at least one alternative Section 232 tariff-free source (i.e., Canada)"**

"To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff-free [ETP and TFS] from Canada and other exempt sources can supplement Seneca's demand."

Seneca rebuttal:

As noted, these exclusion requests are limited to Seneca's 2021 volume needs, which in the fall of 2020 and spring of 2021 Seneca sought to secure first from domestic steel suppliers, and then from any exempt Canadian sources.

Unfortunately, the only potential Canadian supplier at that time was ArcelorMittal, which as a matter of policy considered offering Seneca volume only from its domestic facility in Weirton, WV, not from its Canadian mill. Afterwards, the Weirton facility was sold to Cleveland Cliffs. With separate owners for the two facilities, there is a new possibility of purchasing tin mill products for 2022 deliveries from the Canadian ArcelorMittal Dofasco mill. Dofasco has offered trial quantities, and Seneca will be running trials on a few coils from Dofasco this fall in an attempt to qualify that facility as a potential source for 2022. But those trials for 2022 are irrelevant to the already delivered 2021 volumes covered by these requests.

**Conclusion**

Because the volumes at issue in these requests were unavailable from USS and the rest of the domestic industry when ordered in November 2020 and spring of 2021 for anticipated delivery in 2021, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products. USS should not be allowed to decline repeated requests to supply Seneca's 2021 orders, yet then block an exclusion for those very same orders.



More generally, as a matter of policy, Commerce should support the approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

As explained above, the timeframe for these requests is limited to orders placed last November and spring of 2021 for anticipated delivery in 2021, not during 2022. There is no dispute that USS could not and cannot supply these volumes within the relevant timeframe, and accordingly there is no basis for Commerce to give weight to the objections of USS.

Please let us know if you have any questions or would like to receive any additional information, including any additional supporting confidential information.

# EXHIBIT 1

They are not offering anything now at any price.

They say if they have available production in any month, they will contact us and see if we have interest.  They just don't want to commit to anything right now.

Still waiting to hear from Tata.

Leon J. Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
600 5th Street South East
Montgomery, Minnesota 56069
Office: (507) 364-8205; Ext 43205
Email: llindsay@senecafoods.com

# EXHIBIT 2

**BUSINESS CONFIDENTIAL INFORMATION REDACTED FROM PUBLIC SUMMARY**

*[Evidence documenting that in November 2021, after it submitted the objections at issue to Commerce, U.S. Steel declined to offer Seneca any prime tin-free steel ("TFS") or electrolytic tinplate ("ETP")]*



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Surrebutting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://www.ussteel.com/

## Surrebuttal of Objections Filed Against An Exclusion Request

| | |
|---|---|
| Exclusion Request number | 257709 |
| Objection to Exclusion Request Identifier # | 96609 |
| Rebuttal Identification # | 47459 |
| Does this surrebuttal address a substitute or an identical product? | Identical Product |
| Are you submitting confidential business information with this form? (If yes, please email it to 232surrebuttals@doc.gov and submit a public version with this form. Confidential business information related to this surrebuttal will not be made available to the public.) | Yes |

## The basis of your surrebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |

192

Delivery Time

Yes ⌄

Other (limit: 100 characters)

Section 232 exclusion requests are prospective, not retrospective, based on current availability.

# Basis for Surrebuttal of Objection Filings

MANUFACTURING TIME

Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks

Yes ⌄

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so

No ⌄

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks.

No ⌄

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product.

No ⌄

The Objector can manufacture the product within the time frame stated in their Objection filing.

Yes ⌄

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

United States Steel Corporation (U. S. Steel) manufactures the requested electrolytic tinplate (ETP) at its Gary and Portage, Indiana mills. The rebuttal (the Rebuttal) focuses on 'contract' volumes and fails to mention that U. S. Steel has recently offered Seneca Foods Corporation (Seneca or the Requestor) spot sale volumes of ETP. In fact, U. S. Steel is currently only offering additional spot  not contract  volumes of tin mill products for 2022. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this ETP), but Section 232 exclusions are prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 270 days reported for Seneca's Turkish supplier), and the U.S. Department of Commerce (Commerce) must evaluate this request based current availability. Specific lead times are provided in a confidential attachment.

QUALITY

Challenging the Objector's assertion that their product is interchangeable with respect to its:

Chemical composition

No ⌄

Dimensional specifications

No ⌄

Strength

No ⌄

Toughness

No ⌄

Ductility

No ⌄

Magnetic permeability

No ⌄

193

| Surface finish | No |
| Coatings and composition | No |
| Other technical specifications (e.g., end use requirements) | No |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY

Challenging the Objector's assertion that:

| Domestic product is available in sufficient quantity. | Yes |
| The Objector can supply the percentage of product stated in their Objection filing. | Yes |
| U.S. manufacturers have the capability to manufacture the identified product. | No |
| The Objector has sold or has attempted to sell the product described in the Exclusion Request. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)



U. S. Steel confirms that it can immediately manufacture the requested quantity of ETP at its Gary and Portage facilities. The Rebuttal fails to mention that, although U. S. Steel is not currently engaging in new 2022 tin mill supply contracts for any customers, it has clearly indicated to the Requestor that it is willing to make ETP spot sales. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when Seneca ordered this ETP), but Section 232 exclusions are prospective not retrospective. The requested quantity of ETP is now immediately available from U. S. Steel, and Commerce must evaluate this request based such current availability. Specific capacity and utilization rates are provided in a confidential attachment.

DELIVERY TIME

Challenging the Objector's assertion that:

| Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship. | Yes |
| Domestic product is available for timely delivery from manufacturing plant to loading dock. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)



U. S. Steel actively manufactures the requested ETP at its Gary and Portage facilities and can immediately (i.e., within 270 days) deliver this material to Seneca. Despite the Requestor's implications, U. S. Steel is currently offering tin mill product spot sales not contract sales for 2022, but Seneca has not pursued this option. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this ETP), but Section 232 exclusions are prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 270 day lead time reported for Seneca's Turkish supplier), and Commerce must evaluate this request based such current availability. Specific lead times are provided in a confidential attachment.

Certification

194

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

Name of Authorizing Official

Kaitlin Wojnar

Title of Authorizing Official

Counsel   International Trade & Public Policy

Phone Number

202 783 6315

Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Matthew McConkey

Title

Partner

E mail Address

mmcconkey@mayerbrown.com

Phone Number

202 263 3235

Small Business?

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



# U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility   •   Privacy policy

**UNITED STATES STEEL CORPORATION SURREBUTTAL
TO EXCLUSION REQUESTS 257709 AND 257712
FILED BY SENECA FOODS CORPORATION
CONFIDENTIAL SUPPLEMENT**

## I.     Confidentiality

This document includes confidential business information ("CBI"), which is contained in brackets (*i.e.*, "[ ]"). United States Steel Corporation ("U. S. Steel") is providing this CBI with the understanding that the U.S. Department of Commerce ("Commerce") will use it solely for purposes of reviewing the above-referenced exclusion requests (collectively, the "Exclusion Requests") and U. S. Steel's opposition submissions and that Commerce will treat it as proprietary and business confidential. It is U. S. Steel's understanding that the bracketed CBI will not be made available to the public or any other parties outside of the U.S. government, unless so ordered by a court of competent jurisdiction. In the event Commerce is compelled by a court of competent jurisdiction to disclose this proprietary CBI, Commerce will provide U. S. Steel with reasonable prior notice, allowing U. S. Steel to consider seeking a protective order or other appropriate remedy.

## II.     Quantity

U. S. Steel's Portage, East Chicago, and Gary, Indiana tin mills have the combined capacity to produce [                    ] metric tons ("MT") of tin mill products (*i.e.*, electrolytic tinplate ("ETP") and tin-free steel) each year.[1]  U. S. Steel's UPI facility in Pittsburg, California, has the capacity to produce an additional [          ] MT of tin mill products each year. In 2020, these facilities operated at [    ] percent capacity utilization, leaving more than [          ] MT of unused of tin mill—including ETP—production capacity. U. S. Steel's active Gary and Portage, Indiana tin mills can immediately produce the exact ETP requested by Seneca Foods Corporation ("Seneca" or the "Requestor").

U. S. Steel acknowledges that, as stated in Seneca's rebuttals, it has not supplied the Requestor with tin mill products since February 2019, which is more than two years before submission of U. S. Steel's objections (collectively, the "Objections"). Contradictory statements in each of the Objections were made in error. Nevertheless, U. S. Steel regularly discussed tin mill product availability and sales with Seneca throughout 2019, 2020, and 2021.

## III.     Manufacturing and Delivery Time

U. S. Steel's manufacturing lead times for tin mill products typically range from [                    ] after receipt of an approved order, which is consistent with industries standards. As of December 13, 2021, **the manufacturing lead time for the exact requested continuously annealed ETP is [          ] at U. S. Steel's Gary, Indiana facility and [          ] at U. S. Steel's Portage, Indiana facility. Shipment from either of these U. S. Steel facilities to the**

---

[1]     The East Chicago facility was indefinitely idled in December 2019.

1

**Requestor's loading dock, which is presumed to be at the address listed in the Exclusion Requests, takes [          ].**

Therefore, U. S. Steel's current production and delivery lead time for this ETP is [          ] if manufactured at and shipped from the Gary tin mill or [          ] if manufactured at and shipped from the Portage tin mill, which is significantly less than the 270-day lead time reported for Seneca's Turkish supplier.

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Seneca Foods Corp., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Ct. No. 22-00243 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant, | ) |

## INDEX OF ADMINISTRATIVE RECORD – PUBLIC SET
### EXCLUSION REQUEST NUMBER: 257712

|  | Relevant Party | Type of Document | Page # Seneca Foods-257712 |
|---|---|---|---|
| **BIS Decision Memorandum** | | | |
| 1 | BIS | Decision Memorandum | 198 |
| **ITA Recommendation Memorandum** | | | |
| 2 | ITA | Recommendation Memorandum | 200 |
| **Exclusion Request and Related Submission** | | | |
| 3 | Seneca Foods | Exclusion Request | 205 |
| 3.1 | Seneca Foods | Exclusion Request Supplement | 217 |
| **Objections and Related Submissions** | | | |
| 4 | U.S. Steel Corporation | Objection | 220 |
| **Rebuttal and Related Submissions** | | | |
| 5 | Seneca Foods | Rebuttal | 229 |
| 5.1 | Seneca Foods | Rebuttal Supplement | 233 |
| **Surrebuttal and Related Submissions** | | | |
| 6 | U.S. Steel Corporation | Surrebuttal | 241 |
| 6.1 | U.S. Steel Corporation | Surrebuttal CBI | 245 |

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 257712**

**Summary:**

- Requester: Seneca Foods Corporation
- Product Description: Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC-3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm thickness)
- HTSUS: 7210120000

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #257712**

|              |   |
| ------------ | - |
| **X**        | I approve denying this exclusion request. |
|              | I do not approve denying this exclusion request. |
|              | I would like to discuss. |

*Matthew S. Borman*
Deputy Assistant Secretary of Export Administration

<u>**April 9, 2022**</u>
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has referred this exclusion request to ITA for ITA's recommendation as to whether the Steel article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 1 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 257712
Requestor: Seneca Foods Corporation (Seneca)
Objector(s):

    United States Steel Corporation (U.S. Steel)

Case Filings

|  | Seneca | U.S. Steel |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | Yes |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |

Recommendation: Denial
Rationale: {At least one} objector meets the quality, quantity, and timeliness criteria.

| QUALITY | | | | |
|---|---|---|---|---|

| | U.S. Steel | | | |
|---|---|---|---|---|
| Identical (1.c or 1.d filled in)* | Yes | | | |
| Substitute (1.e or 1.f filled in)* | No | | | |
| **2.c*** match | Yes | | | |
| **2.d*** match | Yes | | | |
| **2.e*** match | Yes | | | |
| **Standards** match Exclusion Request | N/A | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?

| No | | | |
|---|---|---|---|

**Subject Matter Expert (SME) Evaluation of Facts:** No

**Analysis of the Record:** U.S. Steel can manufacture an identical product to the product in the request. U.S. Steel's product matches the specifications of the request. As such, U.S. Steel meets the quality criterion.

<br>

| QUANTITY | | | | |
|---|---|---|---|---|

**OBJECTOR(S) –QUANTITY**

| | U.S. Steel | | | |
|---|---|---|---|---|
| **3.a** | 100% | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?

| No | | | |
|---|---|---|---|

**Analysis of the Record:** U.S. Steel can produce 100 percent of the requested volume. As such, U.S. Steel meets the quantity criterion. ITA notes both Seneca and U.S. Steel submit confidential business information (CBI) related to U.S. Steel's ability to meet the quantity criterion. Based on the evidence submitted, nothing contradicts the information certified by U.S. Steel in its objection submission. Seneca states in its rebuttal, "Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021." U.S. Steel states in its surrebuttal that it can provide the requested ETP as spot sales rather than contract volumes. This does not impact U.S. Steel's ability to supply the requested quantity.

| TIMELINESS | | | | |
|---|---|---|---|---|
| **REQUESTOR– DELIVERY TIME** | | | | |
| **2.d (request form):** Days: 270 | | | | |
| **2.f (request form):** Days: 90 | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f? | | | | |
| No | | | | |
| **OBJECTOR – DELIVERY TIME** | | | | |
| | U.S. Steel | | | |
| **3.b** | BPI | | | |
| **3.d** | BPI | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d? | | | | |
| | No | | | |

**Delivery Time Totals**
- o   Requestor's Import Delivery Time = *{2d + 2f of the exclusion request, plus any adjustments}*
- o   Objector's Delivery Time = *{3b + 3d of the objection, plus any adjustments}*

**Analysis of the Record:** Seneca reports 360 days for import delivery time. U.S. Steel claims the information for 3.b and 3.d are business proprietary in its objection form. ITA requested that information from U.S. Steel. In addition, U.S. Steel provided confidential business information in its surrebuttal submission that required ITA to adjust U.S. Steel's delivery time. Based on the information provided by U.S. Steel, compared to the requestor's import delivery time, U.S. Steel is able to deliver the product in a timely manner. Therefore, U.S. Steel meets the timeliness criterion.

**Explanation/Additional Comments** (if needed):

| General Notes: |
|---|
| **This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.** |
| ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections. |
| Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2d and 2f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3b and 3d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation. In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion. |
| An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive. |
| **ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the** |

| Field Definitions (Requestor Form) | |
|---|---|
| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

| | |
|---|---|

| * Field Definitions (Objection Form) | |
|---|---|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 10/21/2021

Public Status: Denied

Please select product type

Steel

Identify the class of product for which the Exclusion is sought

Carbon and Alloy Flat

10 Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7210120000

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

## Requesting Organization Information

Full Organization Legal Name

Seneca Foods Corporation

Street Address

418 East Conde Street

City

Janesville

State

Wisconsin

Zip Code

53546

Headquarters Country

United States

Point of Contact Name

Leon Lindsay

Phone Number

(507) 364 8205

E mail Address

llindsay@senecafoods.com

Web Site Address

https://www.senecafoods.com/

## Parent Company of Requesting Organization

Full Organization Legal Name

Street Address

City

205



## Importer of Record for Organization Requesting an Exclusion

**Full Organization Legal Name**
Tata International Metals, Ltd. (America)

**Street Address**
475 North Martingale Road, #400

**City**
Schaumburg

**State**
Illinois

**Zip Code**
60173

**Headquarters Country**
United States

**Point of Contact Name**
Robert Brady

**Phone Number**
(847) 585 2587

**E mail Address**
robert.brady@tatainternational.com

**Web Site Address**
https://tatainternational.com/



## Requester's Authorized Representative/Agent (if applicable)

**Requestor Point of Contact Name**

**Point of Contact Organization**

**Country Location**

**Phone Number**

**E Mail Address**

**Web Site Address**

**Other Information**

## Exclusion Request Details

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?

| No |

Identify the activity

Identify the organization

Identify the country where the organization is headquartered

Comments

Identify the primary type of activity of the Exclusion Requester

Manufacturer

Comments

Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton    1,000 kilograms)

| 5250000 | Kilograms |

Average annual consumption for years 2015 2017 of the product that is subject of this Exclusion Request (Kilograms)

| 33332000 | Kilograms |

Explain why your organization requires an Exclusion

Insufficient U.S. Availability

Please provide comments

Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States

| 100 | % |

Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization

| 270 | days |

Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed

| 180 | days |

Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock

| 90 | days |

Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request

| 1 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 Milwaukee, WI

207

Port 1 Milwaukee, WI

Is the organization making this Exclusion Request doing so on behalf of a non U.S. producer that does not manufacture products in the United States?

> No

Identify the non U.S. producer

Identify the country where the organization is headquartered

Comments

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below. See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

> Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC 3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm thickness)

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

> Double reduced DR8.5 CA for vegetable can bodies (58# Base Weight  0.16205mm thickness).

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108 13):

| **Organization** | **Designation** |
|---|---|
| 1 ASTM | A623 |

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab | Blooms | Billets | Ingots | Flat | Long |
|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |

208

| Beams ☐ | Semi Finished ☐ | Pipe ☐ | Tube ☐ | Stainless ☐ | Wire ☐ |
|---|---|---|---|---|---|
| Hot Rolled ☐ | Cold Rolled ☑ | Annealed ☑ | Plated ☐ | Electro Plated ☑ | Galvanized ☐ |
| Electro Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☑ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

Comments

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum % | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |

209

|  | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.2539 | 0.00 | 0.00 | 0.00 |
|  | Zinc | Zirconium | Other Chemical |  |  |
| Minimum % | 0.00 | 0.00 | 0 |  |  |
| Maximum % | 0.00 | 0.00 | 0 |  |  |

Comments

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size not a range of products and or sizes (e.g., 19 mm dia. rebar not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.

## Product Specifications (Millimeters)

|  | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.15494 | 406.4 | 0 | 0 | 820 | 0 |
| Maximum | 0.17018 | 0 | 1828.8 | 0 | 825 | 0 |

## Strength

|  | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) |
|---|---|---|---|
|  |  |  | Rockwell |
| Minimum | 586.05 | 550 | 71 |
| Maximum | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
|  |  |  | Provide Test Method |
| Temperature |  |  |  |

| | | | |
|---|---|---|---|
| **Joules** | | | |
| **% Shear** | | | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | **Elongation %** | **Reduction in Area %** | **Hole Expansion %** | **Bendability (mm)** |
| **Minimum** | 2 % | 0 % | 0 % | 0 mm |
| **Maximum** | 4 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | **Epstein Test** | **Greer Lab Method** | **Stacked Wide Sheet** | **Profilometer - [SAE J911]** |
| **Minimum** | 0 | 0 | 0 | 6 |
| **Maximum** | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| **Coating Method** | **Coating Product Name and Abbreviation** | **Composition (e.g., Zn, Al, Si, Mg)** |
| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |

| Coating Weight and Thickness | | |
|---|---|---|
| | **Coating Weight** | **Coating Thickness** |
| **Minimum** | 1.1 grams psq | 0.15 micrometers |
| **Maximum** | 2.2 grams psq | 0 micrometers |

Specify any Additional Methods Used

| | | |
|---|---|---|
| | | |

Comments

Tin coating weight is 1.1 g/sq. m (internal) and 2.2 g/sp. m (external). Surface finish (Roughness) is 6 25 microinches (7C finish)

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

Double reduced, 58# Base Weight, electro tinplate, continuously annealed, 10/20 tin coating, DR8.5 Temper, 32 3/8

Comments

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Vegetable Can Bodies 2) Sufficient supply is not available from domestic producers for the rest of 2021 and into 2022. The limited domestic supply puts Seneca's entire vertically integrated food business in jeopardy. Please see attached letter for details.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

| | Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|---|
| 1 | Turkey | Turkey | 5250000 | Toyo | Tata International Metals, Ltd. / T. |

212

# Product Availability Information

Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?

Yes

Comments

There are two integrated suppliers and one other smaller domestic producer that manufacture these steel specifications; however, none of the domestic suppliers can provide sufficient volume to Seneca Foods in the near term. Please refer to the attached letter for further details.

Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.

Yes

Comments

Canada: Dofasco. Seneca has been in contact with Dofasco, which has not been a supplier in the past and is not qualified now. They have no availability for 2021, but Seneca is working on running a trial to qualify them during 2022 for supply in future years.

Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?

No

Comments

Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.

No

Please provide names of the manufacturers.

**Manufacturers**

Comments

Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

No domestic producers have available capacity in the short term. Please refer to the attached letter for details.

213

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

**Comments**

Yes

> Our existing domestic suppliers have no available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

**Comments**

No

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

**Comments**

No

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

> CBP can track the HTSUS code, importer of record, and consignee and can verify the identifying physical characteristics of the product as described in the importation documents.

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

- A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;
- B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge or arbitrage the price;
- C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

214

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:
   1. loss of contract(s);
   2. unanticipated business downturns; or
   3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and
E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

Seneca Foods Corporation

Name of Authorizing Official

Leon J. Lindsay

Title of Authorizing Official

VP   Strategic Sourcing

Phone Number

(507) 364 8205

Email of Authorizing Official

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?
*Note: If the answer is 'Yes', do not attach business confidential information at this time.*

No

Small Business?

# Attachment

View attachment file

## Published Objection Filings

| Company | Product | Posted Date | Details |
|---|---|---|---|
| > United States Steel Corporation | Steel | 11/28/2021 | Details |

## BIS Decision Memo

View attachment file

## ITA Public Recommendation Memo

There are no attachments for this public recommendation memo

Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility  •  Privacy policy

October 21, 2021

Brad Botwin
Office of Technology Evaluation
Bureau of Industry & Security
U.S. Dep't of Commerce
1401 Constitution Avenue, NW, Room 1093
Washington, DC 20230

**Subject:** **Seneca Foods Corporation Requires Limited Product Exclusions**
**for Tin Mill Products That Are Not Available from U.S. Producers**

Dear Mr. Botwin,

Seneca Foods Corporation ("Seneca") submits a targeted set of narrow exclusion requests for tin mill products to be delivered in late 2021, a time period during which the domestic industry has declined to provide additional supply. The volumes covered by these requests are limited to orders placed by Seneca between late 2020 and spring 2021. These orders were placed soon after all relevant domestic producers affirmatively declined to award Seneca any additional volume for 2021. All of the orders at issue are scheduled for delivery during the fourth quarter of 2021. Notwithstanding the one-year time frame of granted exclusions, no future deliveries beyond 2021 are covered by these requests. Accordingly, Commerce should grant Seneca's exclusion requests.

BACKGROUND: OUR INTEGRATED CANNED FOOD OPERATIONS

Seneca is primarily a fruit and vegetable processor with 24 facilities across the United States. We contract with approximately 1,650 agricultural producers for over 200,000 acres of fruit and vegetable crops that are processed at our facilities. We are the largest vegetable canner in the United States representing an estimated 50% of the canned vegetables (excluding tomatoes and dry beans) sold in the United States. We do business with almost every retailer and food service distributor in the country. We are very proud that we provide safe and nutritious canned products that represent a "value proposition" for consumers compared to foods in other forms (primarily fresh and frozen). Strategically, vertical integration is a core part of Seneca's success, and we thus engage in farming, plant breeding and seed development, transportation, and also can manufacturing.

SENECA'S CAN MANUFACTURING REQUIRES PURCHASES OF TIN MILL PRODUCTS

Seneca has been involved in can manufacturing since 1972. While a number of food companies made their own cans over the years, most divested those operations. Today, Seneca is the last U.S.-based food company that still makes its own cans. After investing more than $50 million over the last 12 years in our can making operations, we have among the most efficient can making operations running today. Our primary can making facility is in Baraboo, Wisconsin, with another smaller facility located in Payette, Idaho. We employ over 350 people in these operations, with an annual payroll in the tens

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

of millions of dollars.

Prior to 2014, other than some minor trials of imported material, we purchased 100% of our tin mill products from domestic producers. In 2013 our major U.S. supplier communicated concerns about the sustainability of a major portion of domestic tin mill production. This opened our eyes to the threat that should we lose one of the two major U.S. suppliers (and our largest), not only would our can making operation be at risk but our entire vertically integrated food business would be in jeopardy. As such, we had no choice but to expand our supply chain in order to spread our risk. In 2014 we began importing a portion of our needs, primarily from South Korea, and evaluating suppliers from other countries.

DOMESTIC TIN MILLS CANNOT MEET U.S. DEMAND

While we support strong U.S. production of tin mill products, domestic supply constraints have left us with no option but to rely on imports for some portion of our needs. In 2016, U.S. demand for tin mill products was 2.1 million tons while domestic tin mill production was 1.2 million tons, representing only 58% of U.S. demand. Since that time and through three quarters of 2020, according to information available to us, the percentage of domestic demand supplied by U.S. producers has remained around 57% to 60%. Tin mill products represent less than 3% of overall U.S. steel production. Further, there are only two fully integrated domestic producers: U.S. Steel and Cleveland Cliffs (formerly ArcelorMittal). One smaller supplier, Ohio Coatings, provides coating only and must rely on others for the substrate to produce our products. While U.S. suppliers may claim the ability or willingness to expand domestic tin mill production in the longer term, they cannot meet Seneca's needs in the short term. Thus, we must rely, at least in part, on imports to cover our needs.

In addition to our predominant concerns about the availability and sustainability of domestic supplies, we have experienced quality issues with tin mill products from domestic producers. Until recent years, we had no context for comparing the quality of domestic tin mill products, but once we brought in material from South Korea it became clear that our "U.S. only" purchasing strategy made it more difficult for us to remain competitive with commercial can makers. As an illustration, over the last 3 years (2018-2020), the percentage of cut sheets from domestic suppliers that we rejected for quality issues was 13.3%, which is more than ten times the 1.3% rejection rate for our imports. The superior quality of imports leads to better efficiencies on our can making lines and reduces the management time, rework costs, and freight costs of dealing with defective material, both for us and for our suppliers.

DOMESTIC PRODUCERS CANNOT PROVIDE SENECA ADDITIONAL VOLUME IN 2021, THE DELIVERY TIME FOR THE REQUESTS AT ISSUE

Over the past several months, we have met with both of our domestic suppliers to understand their ability to supply more tin mill products to us in the near term. Our largest supplier indicated that there is no more material available for 2021. The smaller of our domestic suppliers likewise has no additional availability for 2021. As noted, the fourth quarter of 2021 is the window for delivery of all products covered by these requests. No domestic producer is able and willing to make any additional supply available to us within the relevant timeframe in 2021.

Farm Fresh Goodness Made Great

Looking ahead to 2022, we continue to communicate to both domestic suppliers that we would take up to double the volume that they currently supply us on an annual basis. While they fully understand our needs, the larger supplier has agreed to volumes for 2022 that are only slightly higher than 2021, and the smaller supplier remains uncertain as to what if any volume it may offer for 2022. Both domestic suppliers have informed us that they would advise only at some uncertain future date if they will have any additional capacity for 2022.

We also reached out to U.S. Steel to understand its ability to supply Seneca with tin mill products for our 2021 and 2022 needs. For its part, U.S. Steel was unwilling even to give us a quote for tin mill products due to its inability to supply any additional material in 2021 or beyond.

GIVEN THE UNAVAILABILITY OF DOMESTIC SUPPLIES, A LIMITED EXCLUSION IS NECESSARY

Facing these severe domestic supply constraints, Seneca respectfully requests exclusions to allow us to bring in a limited quantity of imported tin mill products in late 2021 to meet the needs of our integrated production operations. Because the volumes at issue were unavailable from the domestic industry when ordered months ago, and because the full quantity covered by the requests will be delivered in 2021, during which there is no dispute as to availability from domestic producers, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products.

More generally, as a matter of policy, Commerce should support the responsible approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed these exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

Among many lessons, the pandemic has taught us that a reliable supply of nutritious canned foods is essential for the comfort and security of U.S. consumers. Our inability to source sufficient volumes of tin mill products from the domestic industry currently threatens not only our can making operations, but also our entire canned food business.

Thank you for your time, and please feel free to contact me if you have any questions.

Sincerely,

Leon Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
llindsay@senecafoods.com
M: (507) 364-8205

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Objecting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin M. Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://ussteel.com/

## Organization Requesting Exclusion

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

## Product Information

**Exclusion Request number**
257712

**10 Digit HTSUS Code**
7210120000

**Annual Exclusion Quantity Requested(Kilograms)**
5250000          Kilograms

220

# Reason for Objection

Indicate what type of order the Exclusion Request that is the subject of the Objection Filing would pertain to:

> Standard Product

Comments

> This Exclusion Request is for a standard electrolytic tinplate (ETP) product. United States Steel Corporation (U. S. Steel) actively manufactures and is is capable of supplying Seneca Foods Corporation (Seneca or the Requestor) with ETP coils that meet the requested chemical, dimensional, and mechanical specifications.

Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States , or can it immediately be made (within 8 weeks) by your organization, in a company owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States.

> Yes

Locations

| | City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current | |
|---|---|---|---|---|---|
| | Portage | Indiana | | | |
| | Gary | Indiana | | | |

This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following facilities:

Comments

> U. S. Steel currently produces the requested ETP at multiple facilities and has the available capacity to supply additional volumes within the necessary time frame (i.e., 270 days). Specific capacity and utilization information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information upon request from the U.S. Department of Commerce (Commerce).

Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization

> No

This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities:

Comments

> 

221

Select "Yes" for any assertions identified in the Exclusion Request that your organization is challenging:

No Production Capacity

> Yes

Product Quality

> Yes

Shipping Time

> No

Insufficient Volume

> Yes

Unique Product

> Yes

Other (specify here)

> The requested material is available from domestic manufact

Discuss the suitability of your organization's steel product compared to that identified by the Exclusion Requestor.

> U. S. Steel produces ETP that meets Seneca's specifications. U. S. Steel's material is prime, double reduced/DR8.5, continuously annealed, ETP that meets ASTM International A623M standards and has the requested 7C melted finish, chemical treatment, and 58 pound basis weight. The ETP offered by U. S. Steel can be used for vegetable can bodies.

Provide a full technical description of the properties of the product it manufactures relative to specifications cited in the Exclusion Request posted in regulations.gov. This description must include information on dimensions, plus performance factors such as strength, toughness, ductility, magnetic permeability, surface finish, coatings, and other relevant data.

State the chemical composition of the specific product that your organization can manufacture at a company owned production facility located in the United States. Numbers may appear rounded, but full values will be stored.

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
|  | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |

| % | 0.00 | 0.00 | 0.00 | 50.00 | 0.00 |
|---|---|---|---|---|---|
|  | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
|  | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |
|  | Tellurium | Tin | Titanium | Tungsten | Vanadium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.2539 | 0.00 | 0.00 | 0.00 |
|  | Zinc | Zirconium | Other Chemical |  |  |
| Minimum % | 0.00 | 0.00 | 0 |  |  |
| Maximum % | 0.00 | 0.00 | 0 |  |  |

Comments

U. S. Steel produces ETP with the requested chemical composition.

Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.  Numbers may appear rounded, but full values will be stored.

## Product Specifications (Millimeters)

|  | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.15494 | 406.4 | 0 | 0 | 820 | 0 |
| Maximum | 0.17018 | 0 | 1828.8 | 0 | 825 | 0 |

## Strength

|  | Tensile Strength Mega | Yield Strength Mega | Hardness (specify method Brinell, Rockwell, |
|---|---|---|---|

| | Pascal (MPa) | Pascal (MPa) | Vickers, etc.) |
|---|---|---|---|
| | | | Rockwell |
| Minimum | 586.05 | 550 | 71 |
| Maximum | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

Comments

U. S. Steel produces ETP that meets the requested dimensional and mechanical/performance specifications.

Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. Numbers may appear rounded, but full values will be stored.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2 % | 0 % | 0 % | 0 mm |
| Maximum | 4 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |

224

| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |

| Coating Weight and Thickness | | |
| --- | --- | --- |
| | Coating Weight | Coating Thickness |
| Minimum | 1.1 | grams psq | 0.15 | micrometers |
| Maximum | 2.2 | grams psq | 0 | micrometers |

Select any additional processing methods used:

Comments

U. S. Steel produces ETP that meets the requested mechanical and performance specifications.

What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis?  `100` %

State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received:  `0000000000000`

State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received:  `0000000000000`

State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock:  `0000000000000`

Comments

U. S. Steel's ETP is mined, melted, poured, rolled, and coated in the United States, and the finished coils can be shipped directly to the customer via truck or rail. Although the U.S. tin mill market experienced some supply constraints in the immediate wake of the COVID 19 pandemic, such conditions were temporary and do not impact U. S. Steel's ability to supply ETP or other tin mill products during the remainder of 2021 and into 2022. Indeed, U. S. Steel confirms it can supply the requested quantity of ETP within the 270 day manufacturing and delivery day lead time reported for the Requestor's foreign supplier. Specific manufacturing and delivery lead time information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information at Commerce's request.

Identify the reasons your organization objects to an Exclusion Request being granted to the applicant. Written comments may be submitted (not required) for each of the reasons your organization has cited in the Objection Filing form. Organizations filing Objections should identify factual problems in the Exclusion Request (e.g., product description).

225

U. S. Steel confirms it is capable of producing ETP that meets all requested specifications. Therefore, the requested ETP coils are produced by and available from domestic manufacturers. Furthermore, the Exclusion Request admits that the requested ETP is already available from at least one alternative Section 232 tariff free source (i.e., Canada), with potentially greater availability in calendar year 2022 (i.e., the primary term that would be covered by the requested exclusion). Since U.S. imports of Canadian steel products are also exempt from Section 232 quotas, there is no limit on the quantity of Canadian ETP available to Seneca. To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff free ETP from Canada and other exempt sources can supplement Seneca's demand without additional exclusions. Given these circumstances, granting this Exclusion Request would undermine the national security goals of the Section 232 action by inhibiting the domestic industry's ability to achieve sustainable capacity utilization rates.

**Has the organization making the Exclusion Request asserted that there is no capability in the United States to manufacture this type of product it requires?**    No

Comments

**Has the Exclusion Requestor supported its assertion of product uniqueness with engineering and scientific data, or independent laboratory tests results?**    No

**Does your organization have technical data to disprove the assertions of the Exclusion Requestor? If "Yes" provide comments in the space below, or in attachments.**    Yes

Comments

U. S. Steel produces the requested ETP and is prepared to confidentially provide technical information confirming the quality of its material.

**Has the organization making this Objection Filing within the last two years attempted to sell, or successfully sold, the product described in the Exclusion Request to the exclusion requestor previously?**    Yes

**Does your organization manufacture a product similar to that cited in the Exclusion Request for which it has asked to Exclusion Requestor, within two years of the filing of the Exclusion Request, to perform a formal technical qualification to determine equivalency in form, fit, function and performance?**    Yes

**Did the Exclusion Requestor accept or reject the request to perform a formal technical qualification?**    Accept

Comments

U. S. Steel has supplied Seneca with ETP within the last two years.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

United States Steel Corporation

| Name of Authorizing Official | Title of Authorizing Official |
|---|---|
| Kaitlin M. Wojnar | Counsel   International Trade & Public Policy |

| Phone Number | Email of Authorizing Official |
|---|---|
| 202 783 6315 | kmwojnar@uss.com |

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

| Point of Contact Name | Title |
|---|---|
| | |

| E mail Address | Phone Number |
|---|---|
| | |

I have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission:     Yes

Small Business?

# Attachment

There are no attachments for this objection filing

# Published Objection Rebuttal

| Company | Product | Posted Date | Details |
|---|---|---|---|
| Seneca Foods Corporation | Steel | 12/6/2021 | Details |

 Back

227

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



## U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

228



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364 8205

**E mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

Exclusion Request number
257712

Objection to Exclusion Request
Identifier #
96617

Does this rebuttal address a substitute
or an identical product?
Identical Product

Are you submitting confidential business information with this form? (If yes, please email it to
232rebuttals@doc.gov and submit a public version with this form. Confidential business information
related to this rebuttal will not be made available to the public.)
Yes

## The basis of your rebuttal is for the following reason(s):

Manufacturing Time         Yes

Quality                    No

Available Quantity         Yes

Delivery Time              Yes

Other (limit: 100 characters)

USS declined to supply the 5/3/2021 order covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks — **Yes**

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so — **No**

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. — **No**

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. — **No**

The Objector can manufacture the product within the time frame stated in their Objection filing. — **Yes**

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 5/3/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news   if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:

Chemical composition — **No**

Dimensional specifications — **No**

Strength — **No**

Toughness — **No**

Ductility — **No**

Magnetic permeability — **No**

Surface finish — **No**

Coatings and composition — **No**

Other technical specifications (e.g., end use requirements) — **No**

230

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                                              Yes ⌄

The Objector can supply the percentage of product stated in their Objection filing.                Yes ⌄

U.S. manufacturers have the capability to manufacture the identified product.                      No ⌄

The Objector has sold or has attempted to sell the product described in the Exclusion Request.     Yes ⌄

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 5/3/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news    if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

DELIVERY TIME Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the     Yes ⌄
product is ready to ship.

Domestic product is available for timely delivery from manufacturing plant to loading dock.                   Yes ⌄

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Contrary to its claims, U.S. Steel (USS) still to this day has no volume available for Seneca, as explained in the attached narrative. In any event, the timeframe for this request was an order placed on 5/3/2021, when USS admits it had no availability, for anticipated delivery in 2021. Further, the relevant purchase order was placed only after USS declined to commit any 2021 volume to Seneca (see Attachment, Exhibit 1). Seneca's request should be granted on that basis. Though irrelevant to this exclusion, the fact that USS now claims ability to supply Seneca in 2022, within 270 days, is very good news    if it turns out to be true. However, like last year, Seneca has recently engaged USS for volumes to be delivered in 2022. Contrary to its claims, USS has been unwilling to commit to any contractual volume thus far, most recently in November 2021 (see Attachment, Confidential Exhibit 2).

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being
accurate and complete

accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

Seneca Foods Corporation

**Name of Authorizing Official**

Leon J. Lindsay

**Title of Authorizing Official**

VP   Strategic Sourcing

**Phone Number**

(507) 364 8205

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

Small Business?

# Attachment

View attachment file

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility   •   Privacy policy

232



December 3, 2021

**Seneca Rebuttal to U.S. Steel objections to requests 257423, 257428, 257708, 257709, and 257712 for limited volumes of tin mill products that U.S. Steel declined to supply**

U.S. Steel ("USS") has objected to exclusion requests **257423, 257428, 257708, 257709, and 257712** submitted by Seneca Foods Corporation ("Seneca") regarding limited imports of prime tin-free steel ("TFS") and prime electrolytic tinplate ("ETP") (collectively, "tin mill products"). We disagree with USS's claims and below rebut each of its principal assertions, which are inaccurate as applied to the Seneca requests at issue.

There is no dispute that USS could not and cannot supply Seneca with the requested volumes, which are limited to November 20, 2020; April 22, 2021; and May 31, 2021 purchase orders placed by Seneca only after USS affirmatively declined to award Seneca any 2021 volume. (See **Exhibit 1**.) USS still to this day has no volume available for Seneca. In fact, in November 2021, after the objections at issue were submitted to Commerce, USS advised Seneca that it has no ETP or TFS to offer Seneca. (See **Confidential Exhibit 2**.) The purchase orders at issue were for anticipated delivery in 2021, at a time when USS concedes that it had no availability. Accordingly, Commerce should grant Seneca's exclusion requests.

> A. **USS claims that it can "supply the requested quantity of ETP within the 270-day manufacturing and delivery day lead time" and "the requested quantity of TFS within the 120-day manufacturing and delivery lead time" for the tin mill product volumes covered by these requests**

Seneca rebuttal:

The imports of tin mill products covered by these exclusion requests are limited to volumes ordered — on November 20, 2020; April 22, 2021; and May 3, 2021 — only after USS declined to contract to supply *any* tin mill products to Seneca during 2021. (See **Exhibit 1**.) As USS itself concedes, it had no availability to supply Seneca with any tin mill products at the time Seneca placed the purchase orders at issue.

In fact, as noted above, USS still to this day has no volume available for Seneca; most recently in November 2021, USS advised that it has no ETP or TFS to offer Seneca in 2022, after stating and certifying the opposite to Commerce. (See **Confidential Exhibit 2**.) In [                                        ] Seneca asked for updates on [                          ] as reflected in the [              ]. Specifically, Seneca [                              ] a couple of months ago, namely that [                                                    ] and asked [                                    ] at issue in these requests. The USS [                                    ]

[        ]

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**


The claim by USS that it now has ability to supply tin mill products during the remainder of 2021 represents a departure from its longstanding position. As noted, that claim is contradicted by a more recent communication from USS that post-dates its objections. Moreover, that dubious claim is irrelevant to these exclusion requests, which solely relate to purchase orders placed at a time when USS concedes that it had no availability at all.

Specifically, the purchase orders covered by these requests were placed on November 20, 2020; April 22, 2021; and May 3, 2021, only after Seneca had confirmed that no domestic producers were able to supply these volumes during 2021:

- On Oct. 13, 2020, one of our domestic steel suppliers agreed to supply only a reduced share of our requested tons for 2021, compared to 2020. That supplier later confirmed that no additional volume would be available in 2021.

- On Nov. 11, 2020, a second domestic steel supplier confirmed acceptance of a portion of our requested steel needs for 2021, but stated that no additional steel was available despite our emphasized need for more.

- Finally, on Nov. 13, 2020, USS confirmed via phone that it would not offer Seneca *any* steel for 2021 delivery, regardless of price. USS stated that it did not want to make any commitment at the time at any price and noted that if it had available volume in future months, it would contact Seneca (*see* **Exhibit 1**). To date, USS has not reached out to Seneca to commit *any* 2021 volume.

Unable to secure the necessary volume for 2021 deliveries from the domestic industry, Seneca then turned to imports as a supplement. On November 20, 2020; April 22, 2021; and May 3, 2021, after concluding all discussions with U.S. producers, Seneca placed orders for the limited volumes covered by these requests, all of it for anticipated delivery in 2021.

The fact that USS could not contract to supply the very same volumes before the orders were placed in fall 2020 and spring 2021 means that its objections to exclusions for the very same orders now deserve no weight. The fact that USS had no availability at that time is not in dispute, as its objection concedes.

Meanwhile, though irrelevant to these requests, the fact that USS now claims the ability to supply Seneca in 2022, within 270 days in the case of ETP and 120 days in the case of TFS, is good news if – for a change – it proves to be true. If USS is able to contract for 2022 volumes, it will mark a significant departure from recent years, as the last time that USS agreed to supply contracted volumes was for deliveries in 2018.

Unfortunately, all indications received thus far suggest that USS will not supply Seneca with any contracted volume for next year. Like last year, Seneca a few days ago engaged USS for volumes to be delivered in 2022, but USS offered nothing. Given that rejection, it is unclear why USS is filing objections even with respect to what it erroneously believes to be volumes for 2022. One thing is clear, however: Seneca cannot look to USS for a reliable source of supply.


**B. USS claim that it has supplied Seneca with TFS and ETP "within the last two years"**

Seneca rebuttal:

This claim is false. The most recent delivery of *any steel* from USS to Seneca occurred on February 19, 2019—more than two years ago. Moreover, the delivery was of a single coil, not any meaningful volume. Finally, Seneca ordered that coil from USS as part of a larger purchase order placed on May 15, 2018 for delivery in August 2018, but the final coil was delivered only many months later, in early 2019.

Unfortunately, in our experience, Seneca cannot look to USS as a dependable source of steel supply. No contract volumes have been made available to Seneca by USS since our orders for deliveries during 2018. Any suggestion that USS has been a regular supplier of tin mill products to Seneca in recent years is false.

**C. USS claim that requested ETP and TFS are "also already available from at least one alternative Section 232 tariff-free source (i.e., Canada)"**

"To the extent there is insufficient supply of this material from domestic manufacturers, Section 232 tariff-free [ETP and TFS] from Canada and other exempt sources can supplement Seneca's demand."

Seneca rebuttal:

As noted, these exclusion requests are limited to Seneca's 2021 volume needs, which in the fall of 2020 and spring of 2021 Seneca sought to secure first from domestic steel suppliers, and then from any exempt Canadian sources.

Unfortunately, the only potential Canadian supplier at that time was ArcelorMittal, which as a matter of policy considered offering Seneca volume only from its domestic facility in Weirton, WV, not from its Canadian mill. Afterwards, the Weirton facility was sold to Cleveland Cliffs. With separate owners for the two facilities, there is a new possibility of purchasing tin mill products for 2022 deliveries from the Canadian ArcelorMittal Dofasco mill. Dofasco has offered trial quantities, and Seneca will be running trials on a few coils from Dofasco this fall in an attempt to qualify that facility as a potential source for 2022. But those trials for 2022 are irrelevant to the already delivered 2021 volumes covered by these requests.

**Conclusion**

Because the volumes at issue in these requests were unavailable from USS and the rest of the domestic industry when ordered in November 2020 and spring of 2021 for anticipated delivery in 2021, we respectfully urge the Department to grant Seneca's exclusions for these limited volumes of imported tin mill products. USS should not be allowed to decline repeated requests to supply Seneca's 2021 orders, yet then block an exclusion for those very same orders.



More generally, as a matter of policy, Commerce should support the approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

As explained above, the timeframe for these requests is limited to orders placed last November and spring of 2021 for anticipated delivery in 2021, not during 2022. There is no dispute that USS could not and cannot supply these volumes within the relevant timeframe, and accordingly there is no basis for Commerce to give weight to the objections of USS.

Please let us know if you have any questions or would like to receive any additional information, including any additional supporting confidential information.

# EXHIBIT 1

They are not offering anything now at any price.

They say if they have available production in any month, they will contact us and see if we have interest.  They just don't want to commit to anything right now.

Still waiting to hear from Tata.

Leon J. Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
600 5th Street South East
Montgomery, Minnesota 56069
Office: (507) 364-8205; Ext 43205
Email: llindsay@senecafoods.com

# EXHIBIT 2

**BUSINESS CONFIDENTIAL INFORMATION REDACTED FROM PUBLIC SUMMARY**


*[Evidence documenting that in November 2021, after it submitted the objections at issue to Commerce, U.S. Steel declined to offer Seneca any prime tin-free steel ("TFS") or electrolytic tinplate ("ETP")]*



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Surrebutting Organization Information

**Full Organization Legal Name**

United States Steel Corporation

**Street Address**

600 Grant Street

**City**

Pittsburgh

**State**

Pennsylvania

**Zip Code**

15219

**Headquarters Country**

United States

**Point of Contact Name**

Kaitlin Wojnar

**Phone Number**

202 783 6315

**E mail Address**

kmwojnar@uss.com

**Web Site Address**

https://www.ussteel.com/

## Surrebuttal of Objections Filed Against An Exclusion Request

| | |
|---|---|
| Exclusion Request number | 257712 |
| Objection to Exclusion Request Identifier # | 96617 |
| Rebuttal Identification # | 47460 |
| Does this surrebuttal address a substitute or an identical product? | Identical Product |

Are you submitting confidential business information with this form? (If yes, please email it to 232surrebuttals@doc.gov and submit a public version with this form. Confidential business information related to this surrebuttal will not be made available to the public.) — Yes

## The basis of your surrebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |

Delivery Time



Other (limit: 100 characters)

Section 232 exclusion requests are prospective, not retrospective, based on current availability.

# Basis for Surrebuttal of Objection Filings

MANUFACTURING TIME

Challenging the Objector's assertion that:

| | |
|---|---|
| The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks | Yes |
| The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so | No |
| The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. | No |
| The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. | No |
| The Objector can manufacture the product within the time frame stated in their Objection filing. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

United States Steel Corporation (U. S. Steel) manufactures the requested electrolytic tinplate (ETP) at its Gary and Portage, Indiana mills. The rebuttal (the Rebuttal) focuses on 'contract' volumes and fails to mention that U. S. Steel has recently offered Seneca Foods Corporation (Seneca or the Requestor) spot sale volumes of ETP. In fact, U. S. Steel is currently only offering additional spot  not contract  volumes of tin mill products for 2022. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this ETP), but Section 232 exclusions are prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 270 days reported for Seneca's Turkish supplier), and the U.S. Department of Commerce (Commerce) must evaluate this request based current availability. Specific lead times are provided in a confidential attachment.

QUALITY

Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | No |
| Dimensional specifications | No |
| Strength | No |
| Toughness | No |
| Ductility | No |
| Magnetic permeability | No |

242

| Surface finish | No |
| Coatings and composition | No |
| Other technical specifications (e.g., end use requirements) | No |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

---

AVAILABLE QUANTITY

Challenging the Objector's assertion that:

| Domestic product is available in sufficient quantity. | Yes |
| The Objector can supply the percentage of product stated in their Objection filing. | Yes |
| U.S. manufacturers have the capability to manufacture the identified product. | No |
| The Objector has sold or has attempted to sell the product described in the Exclusion Request. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

U. S. Steel confirms that it can immediately manufacture the requested quantity of ETP at its Gary and Portage facilities. The Rebuttal fails to mention that, although U. S. Steel is not currently engaging in new 2022 tin mill supply contracts for any customers, it has clearly indicated to the Requestor that it is willing to make ETP spot sales. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when Seneca ordered this ETP), but Section 232 exclusions are prospective not retrospective. The requested quantity of ETP is now immediately available from U. S. Steel, and Commerce must evaluate this request based such current availability. Specific capacity and utilization rates are provided in a confidential attachment.

---

DELIVERY TIME

Challenging the Objector's assertion that:

| Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship. | Yes |
| Domestic product is available for timely delivery from manufacturing plant to loading dock. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

U. S. Steel actively manufactures the requested ETP at its Gary and Portage facilities and can immediately (i.e., within 270 days) deliver this material to Seneca. Despite the Requestor's implications, U. S. Steel is currently offering tin mill product spot sales not contract sales for 2022, but Seneca has not pursued this option. The COVID 19 pandemic and other economic forces resulted in temporary U.S. tin mill supply constraints/delays in 2020 and early 2021 (i.e., when the Requestor ordered this ETP), but Section 232 exclusions are prospective not retrospective. U. S. Steel can now deliver the relevant product 'immediately' (i.e., within the 270 day lead time reported for Seneca's Turkish supplier), and Commerce must evaluate this request based such current availability. Specific lead times are provided in a confidential attachment.

Certification

243

## Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

Name of Authorizing Official

Kaitlin Wojnar

Title of Authorizing Official

Counsel   International Trade & Public Policy

Phone Number

202 783 6315

Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Matthew McConkey

Title

Partner

E mail Address

mmcconkey@mayerbrown.com

Phone Number

202 263 3235

Small Business?

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



## U.S. Department of Commerce

1401 Constitution Ave NW
Washington, DC 20230

Accessibility   •   Privacy policy

244

**UNITED STATES STEEL CORPORATION SURREBUTTAL
TO EXCLUSION REQUESTS 257709 AND 257712
FILED BY SENECA FOODS CORPORATION
CONFIDENTIAL SUPPLEMENT**

## I.    Confidentiality

This document includes confidential business information ("CBI"), which is contained in brackets (*i.e.*, "[ ]"). United States Steel Corporation ("U. S. Steel") is providing this CBI with the understanding that the U.S. Department of Commerce ("Commerce") will use it solely for purposes of reviewing the above-referenced exclusion requests (collectively, the "Exclusion Requests") and U. S. Steel's opposition submissions and that Commerce will treat it as proprietary and business confidential. It is U. S. Steel's understanding that the bracketed CBI will not be made available to the public or any other parties outside of the U.S. government, unless so ordered by a court of competent jurisdiction. In the event Commerce is compelled by a court of competent jurisdiction to disclose this proprietary CBI, Commerce will provide U. S. Steel with reasonable prior notice, allowing U. S. Steel to consider seeking a protective order or other appropriate remedy.

## II.    Quantity

U. S. Steel's Portage, East Chicago, and Gary, Indiana tin mills have the combined capacity to produce [          ] metric tons ("MT") of tin mill products (*i.e.*, electrolytic tinplate ("ETP") and tin-free steel) each year.[1]  U. S. Steel's UPI facility in Pittsburg, California, has the capacity to produce an additional [          ] MT of tin mill products each year. In 2020, these facilities operated at [    ] percent capacity utilization, leaving more than [          ] MT of unused of tin mill—including ETP—production capacity. U. S. Steel's active Gary and Portage, Indiana tin mills can immediately produce the exact ETP requested by Seneca Foods Corporation ("Seneca" or the "Requestor").

U. S. Steel acknowledges that, as stated in Seneca's rebuttals, it has not supplied the Requestor with tin mill products since February 2019, which is more than two years before submission of U. S. Steel's objections (collectively, the "Objections"). Contradictory statements in each of the Objections were made in error. Nevertheless, U. S. Steel regularly discussed tin mill product availability and sales with Seneca throughout 2019, 2020, and 2021.

## III.    Manufacturing and Delivery Time

U. S. Steel's manufacturing lead times for tin mill products typically range from [          ] after receipt of an approved order, which is consistent with industries standards. As of December 13, 2021, **the manufacturing lead time for the exact requested continuously annealed ETP is [          ] at U. S. Steel's Gary, Indiana facility and [          ] at U. S. Steel's Portage, Indiana facility. Shipment from either of these U. S. Steel facilities to the**

---

[1]    The East Chicago facility was indefinitely idled in December 2019.

**Requestor's loading dock, which is presumed to be at the address listed in the Exclusion Requests, takes [       ].**

Therefore, U. S. Steel's current production and delivery lead time for this ETP is [       ] if manufactured at and shipped from the Gary tin mill or [       ] if manufactured at and shipped from the Portage tin mill, which is significantly less than the 270-day lead time reported for Seneca's Turkish supplier.

2

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Seneca Foods Corp., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )     Ct. No. 22-00243 |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant, | ) |

## INDEX OF ADMINISTRATIVE RECORD – PUBLIC SET
### EXCLUSION REQUEST NUMBER: 275504

|  | Relevant Party | Type of Document | Page # Seneca Foods-275504 |
|---|---|---|---|
| **BIS Decision Memorandum** | | | |
| 1 | BIS | Decision Memorandum | 247 |
| **ITA Recommendation Memorandum** | | | |
| 2 | ITA | Recommendation Memorandum | 249 |
| **Exclusion Request and Related Submission** | | | |
| 3 | Seneca Foods | Exclusion Request | 254 |
| 3.1 | Seneca Foods | Exclusion Request Supplement | 266 |
| **Objections and Related Submissions** | | | |
| 4 | U.S. Steel Corporation | Objection | 269 |
| **Rebuttal and Related Submissions** | | | |
| 5 | Seneca Foods | Rebuttal | 278 |
| 5.1 | Seneca Foods | Rebuttal Supplement | 282 |
| **Surrebuttal and Related Submissions** | | | |
| 6 | U.S. Steel Corporation | Surrebuttal | 287 |
| 6.1 | U.S. Steel Corporation | Surrebuttal CBI | 291 |

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 275504**

**Summary:**

- Requester: Seneca Foods Corporation
- Product Description: Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC-3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm nominal thickness)
- HTSUS: 7210120000

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #275504**

| | |
|---|---|
| **X** | I approve denying this exclusion request. |
| | I do not approve denying this exclusion request. |
| | I would like to discuss. |

_Matthew S. Borman_
Deputy Assistant Secretary of Export Administration

<u>April 30, 2022</u>
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has referred this exclusion request to ITA for ITA's recommendation as to whether the Steel article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 1 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 275504
Requestor:  Seneca Foods Corporation (Seneca)
Objector(s):

    United States Steel Corporation (U.S. Steel)

Case Filings

|  | Seneca | U.S. Steel |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | Yes |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |

Recommendation: Denial
Rationale: {At least one} objector meets the quality, quantity, and timeliness criteria.

| QUALITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) – QUALITY** | | | | |
| | U.S. Steel | | | |
| Identical (1.c or 1.d filled in)* | Yes | | | |
| Substitute (1.e or 1.f filled in)* | No | | | |
| **2.c*** match | Yes | | | |
| **2.d*** match | Yes | | | |
| **2.e*** match | Yes | | | |
| **Standards** match Exclusion Request | Yes | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?
No

**Subject Matter Expert (SME) Evaluation of Facts:** No

**Analysis of the Record:** U.S. Steel can manufacture an identical product to the product in the request. U.S. Steel's product matches the specifications of the request. As such, U.S. Steel meets the quality criterion.

| QUANTITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) –QUANTITY** | | | | |
| | U.S. Steel | | | |
| **3.a** | 100% | | | |

Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims?
No

**Analysis of the Record:** U.S. Steel can produce 100 percent of the requested volume. As such, U.S. Steel meets the quantity criterion. ITA notes that Seneca states in its rebuttal, "…in November 2021 USS affirmatively declined to supply the very same volume that is at issue in this request." Seneca also submitted confidential business information with its rebuttal. Nothing in the information provided contradicts U.S. Steel's certified statements in its objection and in its surrebuttal that it can currently manufacture 100% of the requested quantity.

| TIMELINESS | | | | |
|---|---|---|---|---|
| **REQUESTOR– DELIVERY TIME** | | | | |
| **2.d (request form):** Days: 270 | | | | |
| **2.f (request form):** Days: 90 | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f? | | | | |
| No | | | | |
| **OBJECTOR – DELIVERY TIME** | | | | |
| | U.S. Steel | | | |
| **3.b** | BPI | | | |
| **3.d** | BPI | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d? | | | | |
| | Yes | | | |

**Delivery Time Totals**
- o   Requestor's Import Delivery Time = *{2d + 2f of the exclusion request, plus any adjustments}*
- o   Objector's Delivery Time = *{3b + 3d of the objection, plus any adjustments}*

**Analysis of the Record:** Seneca reports 360 days for import delivery time. U.S. Steel claims the information for 3.b and 3.d are business proprietary in its objection form. ITA requested that information from U.S. Steel. In addition, U.S. Steel provided confidential business information in its surrebuttal submission that required ITA to adjust U.S. Steel's delivery time. Based on the information provided by U.S. Steel, compared to the requestor's import delivery time, U.S. Steel is able to deliver the product in a timely manner. Therefore, U.S. Steel meets the timeliness criterion.

**Explanation/Additional Comments** (if needed):

| General Notes: |
| --- |
| **This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.**<br><br>ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections.<br><br>Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2d and 2f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3b and 3d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation. In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion.<br><br>An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive.<br><br>**ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the** |

| Field Definitions (Requestor Form) | |
| --- | --- |
| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

| | |
|---|---|
| | |

| * Field Definitions (Objection Form) | |
|---|---|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 1/23/2022

Public Status: Denied

Please select product type

Steel

Identify the class of product for which the Exclusion is sought

Carbon and Alloy Flat

10 Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7210120000

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

## Requesting Organization Information

Full Organization Legal Name

Seneca Foods Corporation

Street Address

418 East Conde Street

City

Janesville

State

Wisconsin

Zip Code

53546

Headquarters Country

United States

Point of Contact Name

Leon Lindsay

Phone Number

(507) 364 8205

E mail Address

llindsay@senecafoods.com

Web Site Address

https://www.senecafoods.com/

## Parent Company of Requesting Organization

Full Organization Legal Name

Street Address

City



## Importer of Record for Organization Requesting an Exclusion

**Full Organization Legal Name**
Tata International Metals, Ltd. (America)

**Street Address**
475 North Martingale Road, #400

**City**
Schaumburg

**State**
Illinois

**Zip Code**
60173

**Headquarters Country**
United States

**Point of Contact Name**
Robert Brady

**Phone Number**
(847) 585 2587

**E mail Address**
robert.brady@tatainternational.com

**Web Site Address**
https://tatainternational.com/



## Requester's Authorized Representative/Agent (if applicable)

**Requestor Point of Contact Name**

**Point of Contact Organization**

**Country Location**

**Phone Number**

**E Mail Address**

**Web Site Address**

**Other Information**

## Exclusion Request Details

255

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?

No

Identify the activity

Identify the organization

Identify the country where the organization is headquartered

Comments

Identify the primary type of activity of the Exclusion Requester

Manufacturer

Comments

| Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton 1,000 kilograms) | 17325000 | Kilograms |
| Average annual consumption for years 2015 2017 of the product that is subject of this Exclusion Request (Kilograms) | 33332000 | Kilograms |

Explain why your organization requires an Exclusion

Insufficient U.S. Availability

Please provide comments

| Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States | 100 | % |
| Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization | 270 | days |
| Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed | 180 | days |
| Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock | 90 | days |
| Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request | 1 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 New Orleans LA

256

Port 1 New Orleans, LA

Port 2 Philadelphia, PA

Port 3 Milwaukee, WI

Port 4 Cleveland, OH

Is the organization making this Exclusion Request doing so on behalf of a non U.S. producer that does not manufacture products in the United States?                    No

Identify the non U.S. producer                    Identify the country where the organization is headquartered

Comments

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below.See explanation below.
The product for which an Exclusion is being requested is defined as follows: *

> Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC 3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm nominal thickness)

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.
Comments

> Double reduced DR8.5 CA for vegetable can bodies (58# Base Weight   0.16205mm nominal thickness).

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108 13):

**Organization Designation**

1 ASTM        A623

257

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab ☐ | Blooms ☐ | Billets ☐ | Ingots ☐ | Flat ☑ | Long ☐ |
|---|---|---|---|---|---|
| Beams ☐ | Semi Finished ☐ | Pipe ☐ | Tube ☐ | Stainless ☐ | Wire ☐ |
| Hot Rolled ☐ | Cold Rolled ☑ | Annealed ☑ | Plated ☐ | Electro Plated ☑ | Galvanized ☐ |
| Electro Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☑ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

Comments

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum % | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

258

| | | | | | |
|---|---|---|---|---|---|
| **Maximum %** | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |
| | **Tellurium** | **Tin** | **Titanium** | **Tungsten** | **Vanadium** |
| **Minimum %** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Maximum %** | 0.00 | 0.2539 | 0.00 | 0.00 | 0.00 |
| | **Zinc** | **Zirconium** | Other Chemical | | |
| **Minimum %** | 0.00 | 0.00 | 0.00 | | |
| **Maximum %** | 0.00 | 0.00 | 0.00 | | |

Comments

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size — not a range of products and or sizes (e.g., 19 mm dia. rebar — not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear, and test temperature.

## Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| **Minimum** | 0.15494 | 406.4 | 0 | 0 | 820 | 0 |
| **Maximum** | 0.17018 | 0 | 1828.8 | 0 | 825 | 0 |

## Strength

| | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) |
|---|---|---|---|
| | | | Rockwell |
| **Minimum** | 586.05 | 550 | 71 |
| **Maximum** | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| **Temperature** | | | |
| **Joules** | | | |
| **% Shear** | | | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | **Elongation %** | **Reduction in Area %** | **Hole Expansion %** | **Bendability (mm)** |
| **Minimum** | 2          % | 0          % | 0          % | 0          mm |
| **Maximum** | 4          % | 0          % | 0          % | 0          mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | **Epstein Test** | **Greer Lab Method** | **Stacked Wide Sheet** | **Profilometer - [SAE J911]** |
| **Minimum** | 0 | 0 | 0 | 6 |
| **Maximum** | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| **Coating Method** | **Coating Product Name and Abbreviation** | **Composition (e.g., Zn, Al, Si, Mg)** |
| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |

| | Coating Weight and Thickness | |
|---|---|---|
| | **Coating Weight** | **Coating Thickness** |
| **Minimum** | 1.1          grams psq | 0.15          micrometers |
| **Maximum** | 2.2          grams psq | 0          micrometers |

260

Specify any Additional Methods Used

Comments

Tin coating weight is 1.1 g/sq. m (internal) and 2.2 g/sp. m (external). Surface finish (Roughness) is 6 25 microinches (7C finish)

# Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

Double reduced, 58# Base Weight, electro tinplate, continuously annealed, 10/20 tin coating, DR8.5 Temper, 32 6/16

Comments

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Vegetable Can Bodies 2) Sufficient supply is not available from domestic producers for 2022. The limited domestic supply puts Seneca's entire vertically integrated food business in jeopardy. Please see attached letter for details.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

# Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

| Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|

261

| 1 | China | China | 17325000 | Shougang Jin | Tata International Metals, Ltd. / T. |

## Product Availability Information

**Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?**

Yes

Comments

There are two integrated suppliers and one other smaller domestic producer that manufacture these steel specifications; however, none of the domestic suppliers can provide sufficient volume to Seneca Foods in the near term. Please refer to the attached letter for further details.

**Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.**

Yes

Comments

Canada: Dofasco. Seneca has been in contact with Dofasco, which has not been a supplier in the past and is not qualified now. Seneca is working on running a trial to qualify them during 2022 for supply in future years.

**Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?**

No

Comments

**Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.**

No

Please provide names of the manufacturers.

**Manufacturers**

Comments

**Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.**

Yes

Comments

Please refer to the attached letter for details.

262

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

| | |
|---|---|
| | Yes |

Comments

Our existing domestic suppliers have no available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

| | |
|---|---|
| | No |

Comments

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

| | |
|---|---|
| | No |

Comments

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

CBP can track the HTSUS code, importer of record, and consignee and can verify the identifying physical characteristics of the product as described in the importation documents.

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

  A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;
  B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge

263

or arbitrage the price;

C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:

    1. loss of contract(s);

    2. unanticipated business downturns; or

    3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and

E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

Seneca Foods Corporation

Name of Authorizing Official

Leon J. Lindsay

Title of Authorizing Official

VP   Strategic Sourcing

Phone Number

(507) 364 8205

Email of Authorizing Official

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?
*Note: If the answer is 'Yes', do not attach business confidential information at this time.*

No

Small Business?

## Attachment

View attachment file

## Published Objection Filings

| Company | Product | Posted Date | Details |
|---------|---------|-------------|---------|
| ⟩ United States Steel Corporation | Steel | 2/25/2022 | Details |

## BIS Decision Memo

View attachment file

## ITA Public Recommendation Memo

View attachment file

Back



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility      •      Privacy policy

January 22, 2022

Brad Botwin
Office of Technology Evaluation
Bureau of Industry & Security
U.S. Dep't of Commerce
1401 Constitution Avenue, NW, Room 1093
Washington, DC 20230

**Subject:**    **Seneca Foods Corporation Requires Limited Product Exclusions**
          **for Tin Mill Products That Are Not Available from U.S. Producers**

Dear Mr. Botwin,

Seneca Foods Corporation ("Seneca") submits this exclusion request for tin mill products to be delivered in 2022. The volume covered by this request is limited to orders placed by Seneca in late 2021 for 2022 supply. These orders were placed soon after all relevant domestic producers affirmatively declined to award Seneca any additional volume for 2022. All of the orders at issue are scheduled for delivery during 2022. Accordingly, Commerce should grant Seneca's exclusion request.

BACKGROUND: OUR INTEGRATED CANNED FOOD OPERATIONS

Seneca is primarily a fruit and vegetable processor with 24 facilities across the United States. We contract with approximately 1,650 agricultural producers for over 200,000 acres of fruit and vegetable crops that are processed at our facilities. We are the largest vegetable canner in the United States representing an estimated 50% of the canned vegetables (excluding tomatoes and dry beans) sold in the United States. We do business with almost every retailer and food service distributor in the country. We are very proud that we provide safe and nutritious canned products that represent a "value proposition" for consumers compared to foods in other forms (primarily fresh and frozen). Strategically, vertical integration is a core part of Seneca's success, and we thus engage in farming, plant breeding and seed development, transportation, and also can manufacturing.

SENECA'S CAN MANUFACTURING REQUIRES PURCHASES OF TIN MILL PRODUCTS

Seneca has been involved in can manufacturing since 1972. While a number of food companies made their own cans over the years, most divested those operations. Today, Seneca is the last U.S.-based food company that still makes its own cans. After investing more than $50 million over the last 12 years in our can making operations, we have among the most efficient can making operations running today. Our primary can making facility is in Baraboo, Wisconsin, with another smaller facility located in Payette, Idaho. We employ over 350 people in these operations, with an annual payroll in the tens of millions of dollars.

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

Prior to 2014, other than some minor trials of imported material, we purchased 100% of our tin mill products from domestic producers. In 2013 our major U.S. supplier communicated concerns about the sustainability of a major portion of domestic tin mill production. This opened our eyes to the threat that should we lose one of the two major U.S. suppliers (and our largest), not only would our can making operation be at risk but our entire vertically integrated food business would be in jeopardy. As such, we had no choice but to expand our supply chain in order to spread our risk. In 2014 we began importing a portion of our needs, primarily from South Korea, and evaluating suppliers from other countries.

DOMESTIC TIN MILLS CANNOT MEET U.S. DEMAND

While we support strong U.S. production of tin mill products, domestic supply constraints have left us with no option but to rely on imports for some portion of our needs. In 2016, U.S. demand for tin mill products was 2.1 million tons while domestic tin mill production was 1.2 million tons, representing only 58% of U.S. demand. Since that time and through 2021, according to information available to us, the percentage of domestic demand supplied by U.S. producers has remained around 57% to 60%. Tin mill products represent less than 3% of overall U.S. steel production. Further, there are only two fully integrated domestic producers: U.S. Steel and Cleveland Cliffs (formerly ArcelorMittal). One smaller supplier, Ohio Coatings, provides coating only and must rely on others for the substrate to produce our products. While U.S. suppliers may claim the ability or willingness to expand domestic tin mill production in the longer term, they cannot meet Seneca's needs in the short term. Thus, we must rely, at least in part, on imports to cover our needs.

In addition to our predominant concerns about the availability and sustainability of domestic supplies, we have experienced quality issues with tin mill products from domestic producers. Until recent years, we had no context for comparing the quality of domestic tin mill products, but once we brought in material from South Korea it became clear that our "U.S. only" purchasing strategy made it more difficult for us to remain competitive with commercial can makers. As an illustration, over the last 4 years (2018-2021), the percentage of cut sheets from domestic suppliers that we rejected for quality issues was 12.1%, which is more than eight times the 1.5% rejection rate for our imports. The superior quality of imports leads to better efficiencies on our can making lines and reduces the management time, rework costs, and freight costs of dealing with defective material, both for us and for our suppliers.

DOMESTIC PRODUCERS CANNOT PROVIDE SENECA ADDITIONAL VOLUME IN 2022, THE DELIVERY TIME FOR THE REQUEST AT ISSUE

Over the past several months, we have met with both of our domestic suppliers to understand their ability to supply more tin mill products to us in the near term. Our largest supplier indicated that there is no more material available for 2022. The smaller of our domestic suppliers likewise has no additional availability for 2022. Currently, no domestic producer is able and willing to make any additional supply available to us during 2022.

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

We continue to communicate to both domestic suppliers that we would take up to double the volume that they currently supply us on an annual basis. While they fully understand our needs, the larger supplier has agreed to volumes for 2022 that are only slightly higher than 2021, and the smaller supplier remains uncertain as to what if any volume it may offer for 2022. Both domestic suppliers have informed us that they would advise only at some uncertain future date if they will have any additional capacity for 2022.

We also reached out to U.S. Steel to understand its ability to supply Seneca with tin mill products for our 2022 needs. For its part, U.S. Steel currently is unwilling even to give us a quote for tin mill products due to its inability to supply any additional material in 2022.

<u>GIVEN THE UNAVAILABILITY OF DOMESTIC SUPPLIES, A LIMITED EXCLUSION IS NECESSARY</u>

Facing these severe domestic supply constraints, Seneca respectfully requests an exclusion to allow us to bring in a limited quantity of imported tin mill products in 2022 to meet the needs of our integrated production operations.

More generally, as a matter of policy, Commerce should support the responsible approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed these exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the request at issue, all of Seneca's exclusion requests track specific purchase orders and are generally filed close in time to when covered import shipments are arriving.

Among many lessons, the pandemic has taught us that a reliable supply of nutritious canned foods is essential for the comfort and security of U.S. consumers. Our inability to source sufficient volumes of tin mill products from the domestic industry currently threatens not only our can making operations, but also our entire canned food business.

Thank you for your time, and please feel free to contact me if you have any questions.

Sincerely,

Leon Lindsay
VP Strategic Sourcing
Seneca Foods Corporation
llindsay@senecafoods.com
M: (507) 364-8205



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Objecting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin M. Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://ussteel.com/

## Organization Requesting Exclusion

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

## Product Information

**Exclusion Request number**
275504

**10 Digit HTSUS Code**
7210120000

**Annual Exclusion Quantity Requested(Kilograms)**
17325000          Kilograms

269

# Reason for Objection

Indicate what type of order the Exclusion Request that is the subject of the Objection Filing would pertain to:

> Standard Product

Comments

> This exclusion request (Exclusion Request) is for a standard electrolytic tinplate (ETP) product manufactured to ASTM International (ASTM) specifications.  United States Steel Corporation (U. S. Steel) actively manufactures and this ETP material and is capable of supplying Seneca Foods Corporation (Seneca or the Requestor) with the requested quantity.

Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States , or can it immediately be made (within 8 weeks) by your organization, in a company owned plant in the United States?  If "Yes" identify the location(s) of your production facilities  in the United States.

> Yes

Locations

| City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|------|-------|-----------------------------------------------|------------------------------|
| Portage | Indiana | | |
| Gary | Indiana | | |

This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following facilities:

Comments

> U. S. Steel currently produces the requested ETP at multiple facilities and has the available capacity to supply additional volumes within the necessary time frame (i.e., 270 days).  Plant  and product specific capacity and utilization information is considered business proprietary, so it is not included in this public submission.  U. S. Steel is prepared to confidentially provide the relevant information upon request from the U.S. Department of Commerce (Commerce).

Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company  owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and  performance?  If "Yes" identify the location(s) of your production facilities  in the United States, current plant capacity and utilization

> No

This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities:

Comments

> 

270

Select "Yes" for any assertions identified in the Exclusion Request that your organization is challenging:

**No Production Capacity**

[ Yes ▾ ]

**Product Quality**

[ Yes ▾ ]

**Shipping Time**

[ No ▾ ]

**Insufficient Volume**

[ Yes ▾ ]

**Unique Product**

[ Yes ▾ ]

**Other (specify here)**

[ The requested material is available from domestic manufact ]

Discuss the suitability of your organization's steel product compared to that identified by the Exclusion Requestor.

> U. S. Steel produces ETP coils that meet Seneca's specifications. U. S. Steel's material is prime, double reduced/DR8.5, continuously annealed, ETP that meets ASTM International A623M standards and has the requested 7C melted finish, chemical treatment, and basis weight. The ETP offered by U. S. Steel can be used for vegetable can bodies.

Provide a full technical description of the properties of the product it manufactures relative to specifications cited in the Exclusion Request posted in regulations.gov. This description must include information on dimensions, plus performance factors such as strength, toughness, ductility, magnetic permeability, surface finish, coatings, and other relevant data.

State the chemical composition of the specific product that your organization can manufacture at a company owned production facility located in the United States. Numbers may appear rounded, but full values will be stored.

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
|  | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |

271

| % | | | 0.00 | 95.00 | 0.00 |
|---|---|---|---|---|---|
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |
| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.2539 | 0.00 | 0.00 | 0.00 |
| | Zinc | Zirconium | Other Chemical | | |
| Minimum % | 0.00 | 0.00 | 0.00 | | |
| Maximum % | 0.00 | 0.00 | 0.00 | | |

Comments

U. S. Steel produces ETP with the requested chemical composition.

Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.  Numbers may appear rounded, but full values will be stored.

## Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.15494 | 406.4 | 0 | 0 | 820 | 0 |
| Maximum | 0.17018 | 0 | 1828.8 | 0 | 825 | 0 |

## Strength

| | Tensile Strength Mega | Yield Strength Mega | Hardness (specify method Brinnell, Rockwell, |
|---|---|---|---|

272

| | Pascal (MPa) | Pascal (MPa) | Vickers, etc.) |
|---|---|---|---|
| | | | Rockwell |
| Minimum | 586.05 | 550 | 71 |
| Maximum | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

**Comments**

U. S. Steel produces ETP that meets the requested dimensional and mechanical/performance specifications.

Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. Numbers may appear rounded, but full values will be stored.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2 % | 0 % | 0 % | 0 mm |
| Maximum | 4 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |

273

| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |
|---|---|---|

| Coating Weight and Thickness | | | | |
|---|---|---|---|---|
| | Coating Weight | | Coating Thickness | |
| Minimum | 1.1 | grams psq | 0.15 | micrometers |
| Maximum | 2.2 | grams psq | 0 | micrometers |

Select any additional processing methods used:

| | | |
|---|---|---|

**Comments**

U. S. Steel produces ETP that meets the requested mechanical and performance specifications.

---

What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis?   | 100 | %

State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received:   | 0000000000000

State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received:   | 0000000000000

State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock:   | 0000000000000

**Comments**

U. S. Steel's ETP is mined, melted, poured, rolled, and coated in the United States, and finished coils are shipped directly to customers via truck or rail. U. S. Steel confirms that, as of this submission, it has the available capacity to manufacture and deliver the requested quantity of ETP within the 270 day manufacturing and delivery day lead time reported for the Requestor's Chinese supplier. Specific manufacturing and delivery lead time information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information at Commerce's request.

Identify the reasons your organization objects to an Exclusion Request being granted to the applicant. Written comments may be submitted (not required) for each of the reasons your organization has cited in the Objection Filing form. Organizations filing Objections should identify factual problems in the Exclusion Request (e.g., product description).

274

U. S. Steel confirms it is capable of immediately manufacturing ETP that meets all requested specifications.  Therefore, the requested ETP coils are available from at least one domestic manufacturer.  Furthermore, the Exclusion Request admits that the requested ETP is already available from at least one alternative Section 232 tariff free source (i.e., Canada), with potentially greater availability in the future.  Since U.S. imports of Canadian steel products are fully exempt from the Section 232 measures, there is no limit on the quantity of Section 232 tariff free Canadian ETP available to Seneca.  To the extent there is insufficient supply of this material from domestic manufacturers, ETP from Canada and other Section 232 tariff exempt sources can supplement Seneca's demand without additional exclusions.  Given these circumstances, granting this Exclusion Request would undermine the national security goals of the Section 232 action by inhibiting the domestic industry's ability to achieve sustainable capacity utilization rates.

Has the organization making the Exclusion Request asserted that there is no capability in the United States to manufacture this type of product it requires?

**No**

Comments

Has the Exclusion Requestor supported its assertion of product uniqueness with engineering and scientific data, or independent laboratory tests results?

**No**

Does your organization have technical data to disprove the assertions of the Exclusion Requestor? If "Yes" provide comments in the space below, or in attachments.

**Yes**

Comments

U. S. Steel produces the requested ETP and is prepared to confidentially provide technical information confirming the quality of its material.

Has the organization making this Objection Filing within the last two years attempted to sell, or successfully sold, the product described in the Exclusion Request to the exclusion requestor previously?

**Yes**

Does your organization manufacture a product similar to that cited in the Exclusion Request for which it has asked to Exclusion Requestor, within two years of the filing of the Exclusion Request, to perform a formal technical qualification to determine equivalency in form, fit, function and performance?

**Yes**

Did the Exclusion Requestor accept or reject the request to perform a formal technical qualification?

**Accept**

Comments

U. S. Steel has supplied Seneca with ETP within the last two years.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

275

United States Steel Corporation

**Name of Authorizing Official**
Kaitlin M. Wojnar

**Title of Authorizing Official**
Counsel   International Trade & Public Policy

**Phone Number**
202 783 6315

**Email of Authorizing Official**
kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

I have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission:

 Yes

Small Business?

No

# Attachment

There are no attachments for this objection filing

## Published Objection Rebuttal

| Company | Product | Posted Date | Details |
|---|---|---|---|
| Seneca Foods Corporation | Steel | 3/5/2022 | Details |

 Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364 8205

**E mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

**Exclusion Request number**
275504

**Objection to Exclusion Request Identifier #**
105321

**Does this rebuttal address a substitute or an identical product?**
Identical Product

**Are you submitting confidential business information with this form? (If yes, please email it to 232rebuttals@doc.gov and submit a public version with this form. Confidential business information related to this rebuttal will not be made available to the public.)**
Yes

## The basis of your rebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |
| Delivery Time | Yes |

278

Other (limit: 100 characters)

USS declined to supply the late 2021 orders covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks | Yes

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so | No

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. | No

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. | No

The Objector can manufacture the product within the time frame stated in their Objection filing. | Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca. As explained in the attached narrative, Seneca's request should be granted on that basis. USS now claims some theoretical ability to supply Seneca in 2022, at least within 270 days, but in November 2021 USS affirmatively declined to supply the very same volume that is at issue in this request. As in prior years, Seneca engaged USS for volumes to be delivered in 2022, but USS was again unwilling to commit to any contractual volume (see Attachment, Confidential Exhibit 1). In fact, USS has declined to quote, offer, or deliver a single ton of steel to Seneca for more than two years. Seneca turned to imports for this supplemental volume only after confirming that this ETP was not available domestically.

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:

Chemical composition | No

Dimensional specifications | No

Strength | No

Toughness | No

Ductility | No

Magnetic permeability | No

Surface finish | No

Coatings and composition | No

Other technical specifications (e.g., end use requirements) | No

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.

| Yes |

The Objector can supply the percentage of product stated in their Objection filing.

| Yes |

U.S. manufacturers have the capability to manufacture the identified product.

| No |

The Objector has sold or has attempted to sell the product described in the Exclusion Request.

| Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca. As explained in the attached narrative, Seneca's request should be granted on that basis. USS now claims some theoretical ability to supply Seneca in 2022, at least within 270 days, but in November 2021 USS affirmatively declined to supply the very same volume that is at issue in this request. As in prior years, Seneca engaged USS for volumes to be delivered in 2022, but USS was again unwilling to commit to any contractual volume (see Attachment, Confidential Exhibit 1). In fact, USS has declined to quote, offer, or deliver a single ton of steel to Seneca for more than two years. Seneca turned to imports for this supplemental volume only after confirming that this ETP was not available domestically.

DELIVERY TIME Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship.

| Yes |

Domestic product is available for timely delivery from manufacturing plant to loading dock.

| Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca. As explained in the attached narrative, Seneca's request should be granted on that basis. USS now claims some theoretical ability to supply Seneca in 2022, at least within 270 days, but in November 2021 USS affirmatively declined to supply the very same volume that is at issue in this request. As in prior years, Seneca engaged USS for volumes to be delivered in 2022, but USS was again unwilling to commit to any contractual volume (see Attachment, Confidential Exhibit 1). In fact, USS has declined to quote, offer, or deliver a single ton of steel to Seneca for more than two years. Seneca turned to imports for this supplemental volume only after confirming that this ETP was not available domestically.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being
accurate and complete.

280

accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

Seneca Foods Corporation

**Name of Authorizing Official**

Leon J. Lindsay

**Title of Authorizing Official**

VP   Strategic Sourcing

**Phone Number**

(507) 364 8205

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

**Small Business?**

No

# Attachment

View attachment file

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

**PUBLIC VERSION**



March 3, 2022

**Seneca Rebuttal to U.S. Steel Objection to Request 275504 for Tinplate that It Declined to Supply**

U.S. Steel ("USS") has objected to exclusion request **275504** submitted by Seneca Foods Corporation ("Seneca") for imports of prime electrolytic tinplate ("ETP"). We strongly dispute the USS claims and below rebut each of its principal assertions, which are fundamentally inaccurate as applied to the Seneca request at issue.

The relevant purchase orders were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit any additional 2022 volume to Seneca. Most recently in November 2021, USS again advised Seneca that it has no ETP to offer Seneca. In fact, USS has neither quoted nor offered, let alone delivered, to Seneca a *single ton of steel* for *more than two years*. Seneca had no alternative but to turn to imports for this supplemental volume, which was not available from domestic producers when ordered. Accordingly, Commerce should grant Seneca's exclusion request.

   **A.  USS claims that it can "deliver the requested quantity of ETP within the 270-day manufacturing and delivery day lead time" for ETP volumes covered by this request**

Seneca rebuttal:

The imports of ETP covered by this exclusion request are limited to volumes ordered in late 2021 — only *after* USS affirmatively declined to contract to supply *any* tin mill products to Seneca during 2022. In November 2021, USS advised that it has no ETP or prime tin-free steel ("TFS") to offer Seneca in 2022. (See **Confidential Exhibit 1**.) In [                                    ] Seneca asked for updates on [                                    ] a couple of months ago, namely that [                                    ] and asked [                                    ] at issue in this request. The USS [                                    ]

This affirmative statement from USS of no availability prompted Seneca to turn to imports for this supplemental volume, which it was unable to source domestically. Relying on the representations of domestic producers such as USS, Seneca placed firm orders for limited imports. Because the relevant purchase orders were issued in late 2021 only after all relevant domestic producers affirmatively declined to commit additional 2022 volume to Seneca, Seneca's request should be granted on the basis of insufficient availability. USS has declined all opportunities to do business with Seneca — repeatedly, over multiple years — on the basis that it has no availability. Commerce cannot reasonably give weight to an objection from USS that belatedly, and far from credibly, claims the ability to make deliveries that USS has consistently declined.

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**

The fact that USS refused to supply the very same volume of the very same product before Seneca placed import orders in late 2021 means that its objection to an exclusion for the very same orders now deserves zero weight.

**B. USS claim that it has supplied Seneca with ETP "within the last two years"**

Seneca rebuttal:

This claim is false. The most recent delivery of *any steel* from USS to Seneca occurred on February 19, 2019 — more than two years ago. Moreover, the delivery was of a single coil, not meaningful volume. Finally, Seneca ordered that coil from USS as part of a larger purchase order placed on May 15, 2018 for delivery in August 2018, but the final coil was delivered only many months later, in early 2019.

Unfortunately, in our experience, Seneca cannot look to USS as a dependable source of steel supply. No contract volumes have been made available to Seneca by USS since our orders for deliveries during 2018. In fact, USS has not quoted, offered, or delivered a single ton of steel to Seneca for more than two years. Any suggestion that USS has supplied tin mill products to Seneca in recent years is false.

**C. USS claim that requested ETP is "already available from at least one alternative Section 232 tariff-free source (i.e., Canada)"**

"To the extent there is insufficient supply of this material from domestic manufacturers, ETP from Canada and other Section 232 tariff-exempt sources can supplement Seneca's demand."

Seneca rebuttal:

As noted, this exclusion request is limited to 2022 volume, which Seneca sought to secure first from domestic steel suppliers, and then from any exempt Canadian sources. Seneca is working actively to qualify the ArcerlorMittal Dofasco mill in Canada as a new source of tin mill products, but that qualification process remains underway. As a result, Dofasco was not a viable source for the 2022 volume at issue in this request, and there is no other Canadian supplier for Seneca.

**Conclusion**

Because the volume at issue in this request was unavailable from USS and the rest of the domestic industry when ordered in late 2021 for delivery in 2022, we respectfully urge the Department to grant Seneca's exclusion for this limited volume of imported ETP. USS should not be allowed to decline repeated requests to supply Seneca's 2022 orders, yet then block an exclusion for those very same orders.

More generally, as a matter of policy, Commerce should support the approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed exclusion requests only after placing specific purchase orders for imports—



and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the request at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving.

As explained above, the timeframe for these requests is limited to orders placed in late 2021 only after Seneca confirmed that all relevant domestic producers could not supply this 2022 volume. Accordingly, there is no basis for Commerce to give weight to the objection of USS.

Please let us know if you have any questions or would like to receive any additional information, including any additional supporting confidential information.

284

# EXHIBIT 1

**BUSINESS CONFIDENTIAL INFORMATION
REDACTED FROM PUBLIC SUMMARY**

*[Evidence documenting that in November
2021, U.S. Steel declined to offer Seneca
any prime tin-free steel ("TFS") or electrolytic
tinplate ("ETP")]*



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Surrebutting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://www.ussteel.com/

## Surrebuttal of Objections Filed Against An Exclusion Request

| | |
|---|---|
| Exclusion Request number | 275504 |
| Objection to Exclusion Request Identifier # | 105321 |
| Rebuttal Identification # | 50538 |
| Does this surrebuttal address a substitute or an identical product? | Identical Product |

Are you submitting confidential business information with this form? (If yes, please email it to 232surrebuttals@doc.gov and submit a public version with this form. Confidential business information related to this surrebuttal will not be made available to the public.)     Yes

## The basis of your surrebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |

287

Delivery Time

Yes ▾

Other (limit: 100 characters)

Section 232 exclusion requests must be individually evaluated based on current availability.

# Basis for Surrebuttal of Objection Filings

MANUFACTURING TIME
Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks
<br>Yes ▾

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so
<br>No ▾

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks.
<br>No ▾

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product.
<br>No ▾

The Objector can manufacture the product within the time frame stated in their Objection filing.
<br>Yes ▾

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Seneca Foods Corporation (Seneca or the Requestor) does not directly rebut the fact that  as of March 2022   United States Steel Corporation (U. S. Steel) can immediately manufacture and deliver the requested quantity of electrolytic tinplate (ETP).  Section 232 tariff exclusions are prospective, rather than retrospective, and must be evaluated based on current product availability.  U. S. Steel's current ETP manufacturing lead times are provided in a confidential attachment to this surrebuttal (Surrebuttal).

QUALITY
Challenging the Objector's assertion that their product is interchangeable with respect to its:

Chemical composition
<br>No ▾

Dimensional specifications
<br>No ▾

Strength
<br>No ▾

Toughness
<br>No ▾

Ductility
<br>No ▾

Magnetic permeability
<br>No ▾

Surface finish
<br>No ▾

Coatings and composition
<br>No ▾

288

Other technical specifications (e.g., end-use requirements)                                   No

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY

Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                                          Yes

The Objector can supply the percentage of product stated in their Objection filing.            Yes

U.S. manufacturers have the capability to manufacture the identified product.                  No

The Objector has sold or has attempted to sell the product described in the Exclusion Request. Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The Requestor does not directly rebut the fact that, at the time of this exclusion request, U. S. Steel has the available capacity to immediately manufacture at minimum the requested quantity of ETP. U. S. Steel reiterates that Seneca can also import Section 232 tariff free ETP from Canada, which is not subject to any quantitative limitations. In light of such availability, excluding any additional quantity of ETP from the tariffs undermines the overall effectiveness of the Section 232 national security action. U. S. Steel's relevant capacity and utilization data is provided in a confidential attachment to this Surrebuttal.

DELIVERY TIME

Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the   No
product is ready to ship.

Domestic product is available for timely delivery from manufacturing plant to loading dock.    No

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Seneca does not directly rebut the fact that as of March 2022 U. S. Steel can immediately manufacture and deliver the requested quantity of ETP. Section 232 tariff exclusions are prospective, rather than retrospective, and must be evaluated based on current product availability. U. S. Steel's current ETP manufacturing lead times are provided in a confidential attachment to this Surrebuttal.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or

agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

Name of Authorizing Official

Kaitlin Wojnar

Title of Authorizing Official

Counsel   International Trade & Public Policy

Phone Number

202 783 6315

Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Matthew McConkey

Title

Partner

E mail Address

mmcconkey@mayerbrown.com

Phone Number

202 263 3235

Small Business?

No

# Attachment

View attachment file



For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.

## U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility   •   Privacy policy

290

**UNITED STATES STEEL CORPORATION SURREBUTTAL
TO EXCLUSION REQUEST 275504 FILED BY SENECA FOODS CORPORATION
CONFIDENTIAL SUPPLEMENT**

## I.        Confidentiality

This document includes confidential business information ("CBI"), which is contained in brackets (*i.e.*, "[ ]").  United States Steel Corporation ("U. S. Steel") is providing this CBI with the understanding that the U.S. Department of Commerce ("Commerce") will use it solely for purposes of reviewing the above-referenced exclusion request ("Exclusion Request") and U. S. Steel's opposition submissions and that Commerce will treat it as proprietary and business confidential.  It is U. S. Steel's understanding that the bracketed CBI will not be made available to the public or any other parties outside of the U.S. government, unless so ordered by a court of competent jurisdiction.  In the event Commerce is compelled by a court of competent jurisdiction to disclose this proprietary CBI, Commerce will provide U. S. Steel with reasonable prior notice, allowing U. S. Steel to consider seeking a protective order or other appropriate remedy.

## II.        Quantity

U. S. Steel's Portage (*i.e.*, "Midwest"), East Chicago, and Gary, Indiana tin mills have the combined capacity to produce [              ] metric tons ("MT") of electrolytic tinplate ("ETP") and/or tin-free steel.[1]  U. S. Steel's UPI facility in Pittsburg, California, has the capacity to produce an additional [              ] MT of tin mill products each year.  In 2021, these facilities operated at [    ] percent capacity utilization, leaving more than [              ] MT of tin mill—including ETP—production capacity unused.

As stated in U. S. Steel's objection, U. S. Steel can supply Seneca Food Corporation ("Seneca" or the "Requestor") with additional quantities of the requested ETP product over the 12-month term of the requested exclusion, which falls primarily in 2022.  U. S. Steel's relevant tin mill facilities currently have available capacity to supply spot shipments beyond the quantity subject to this Exclusion Request.

## III.        Manufacturing and Delivery Time

U. S. Steel's manufacturing lead times for tin mill products are typically between [         ] from receipt of an approved order, which is consistent with industry standards.

- **As of March 11, 2022, the ETP product requested by Seneca can be manufactured at and shipped from the Midwest facility in [         ] and/or the Gary facility in [         ].**

- **Once manufactured, the requested ETP product can be delivered to Seneca's loading dock, which is presumed to be at the address listed in the Exclusion**

---

[1]        The East Chicago facility was indefinitely idled in December 2019.

1

**Request, in [          ] after shipment from either the Midwest facility or the Gary facility.**

Therefore, U. S. Steel's current combined manufacturing and delivery lead times for the requested ETP are [          ] if manufactured at the Midwest facility and [          ] if manufactured at the Gary facility.  Both of these delivery times are significantly faster than the 270-day delivery time reported for Seneca's Chinese supplier.[2]

---

[2]      Exclusion Request at Exclusion Request Details.

|  |  |  |
|---|---|---|
| Seneca Foods Corp., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Ct. No. 22-00243 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |

## INDEX OF ADMINISTRATIVE RECORD – PUBLIC SET
### EXCLUSION REQUEST NUMBER: 283368

|  | Relevant Party | Type of Document | Page # Seneca Foods-283368 |
|---|---|---|---|
| **BIS Decision Memorandum** | | | |
| 1 | BIS | Decision Memorandum | 293 |
| **ITA Recommendation Memorandum** | | | |
| 2 | ITA | Recommendation Memorandum | 295 |
| **Exclusion Request and Related Submission** | | | |
| 3 | Seneca Foods | Exclusion Request | 300 |
| 3.1 | Seneca Foods | Exclusion Request Supplement | 312 |
| **Objections and Related Submissions** | | | |
| 4 | U.S. Steel Corporation | Objection | 316 |
| **Rebuttal and Related Submissions** | | | |
| 5 | Seneca Foods | Rebuttal | 325 |
| 5.1 | Seneca Foods | Rebuttal Supplement | 329 |
| **Surrebuttal and Related Submissions** | | | |
| 6 | U.S. Steel Corporation | Surrebuttal | 337 |
| 6.1 | U.S. Steel Corporation | Surrebuttal CBI | 341 |

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 283368**

**Summary:**

- Requester: Seneca Foods Corporation
- Product Description: Prime tin-free steel (TFS) according to ASTM A623M, Type L, DR8, CA, 7C Melted Finish, CDC-3 Chemical Treatment, electrolyticly plated with Chromium and Chromium Oxide, 65# Base Weight (0.18161mm nominal thickness)
- HTSUS: 7210500020

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #283368**

| | |
|---|---|
| _____**X**_____ | I approve denying this exclusion request. |
| _____ | I do not approve denying this exclusion request. |
| _____ | I would like to discuss. |

*Matthew S. Borman*
Deputy Assistant Secretary of Export Administration

July 9, 2022
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has referred this exclusion request to ITA for ITA's recommendation as to whether the Steel article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 1 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 283368
Requestor:  Seneca Foods Corporation (Seneca)
Objector(s):

   United States Steel Corporation (U.S. Steel)

Case Filings

|  | Seneca | U.S. Steel |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | Yes |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |

Recommendation: Denial
Rationale: ITA is unable to provide a complete analysis due to an issue with the request.

| QUALITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) – QUALITY** | | | | |
| | U.S. Steel | | | |
| Identical (1.c or 1.d filled in)* | | | | |
| Substitute (1.e or 1.f filled in)* | | | | |
| **2.c\*** match | | | | |
| **2.d\*** match | | | | |
| **2.e\*** match | | | | |
| **Standards** match Exclusion Request | | | | |
| Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims? | | | | |
| **Subject Matter Expert (SME) Evaluation of Facts:** Yes | | | | |
| **Analysis of the Record:** Seneca seeks exclusion for prime tin-free steel. SME analysis was requested to evaluate whether the CBI addresses the requested product and can be used as a basis for evaluating U.S. Steel's objection. The SME determined there is insufficient technical information available to resolve whether the requested product is identified in the CBI. ITA is unable to provide a complete analysis due to an issue with the request. | | | | |

| QUANTITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) –QUANTITY** | | | | |
| | U.S. Steel | | | |
| **3.a** | | | | |
| Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims? | | | | |
| **Analysis of the Record:** ITA is unable to provide a complete analysis due to an issue with the request. | | | | |

| TIMELINESS | | | | |
|---|---|---|---|---|
| **REQUESTOR– DELIVERY TIME** | | | | |
| **2.d (request form):** | | | | |
| **2.f (request form):** | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f? | | | | |
| | | | | |
| **OBJECTOR – DELIVERY TIME** | | | | |
| | U.S. Steel | | | |
| **3.b** | | | | |
| **3.d** | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d? | | | | |
| | | | | |

**Delivery Time Totals**
- o  Requestor's Import Delivery Time = {*2d + 2f of the exclusion request, plus any adjustments*}
- o  Objector's Delivery Time = {*3b + 3d of the objection, plus any adjustments*}

**Analysis of the Record:** Seneca provides CBI as an attachment to its rebuttal, which presents delivery information that conflicts with the delivery information in its exclusion request. Due to this ambiguity, ITA is unable to evaluate this exclusion request.

**Explanation/Additional Comments** (if needed):

| General Notes: |
| --- |
| **This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.** |
| ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections.

Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2d and 2f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3b and 3d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation. In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion.

An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive.

**ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the** |

| Field Definitions (Requestor Form) | |
| --- | --- |
| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

| | |
|---|---|
| | |

| * Field Definitions (Objection Form) | |
|---|---|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 3/15/2022

Public Status: Denied

Please select product type

Steel

Identify the class of product for which the Exclusion is sought

Carbon and Alloy Flat

10 Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7210500020

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

## Requesting Organization Information

Full Organization Legal Name

Seneca Foods Corporation

Street Address

418 East Conde Street

City

Janesville

State

Wisconsin

Zip Code

53546

Headquarters Country

United States

Point of Contact Name

Leon Lindsay

Phone Number

(507) 364 8205

E mail Address

llindsay@senecafoods.com

Web Site Address

https://www.senecafoods.com/

## Parent Company of Requesting Organization

Full Organization Legal Name

Street Address

City



## Importer of Record for Organization Requesting an Exclusion

**Full Organization Legal Name**

Tata International Metals, Ltd. (America)

**Street Address**

475 North Martingale Road, #400

**City**

Schaumburg

**State**

Illinois

**Zip Code**

60173

**Headquarters Country**

United States

**Point of Contact Name**

Robert Brady

**Phone Number**

(847) 585 2587

**E mail Address**

robert.brady@tatainternational.com

**Web Site Address**

https://tatainternational.com/



## Requester's Authorized Representative/Agent (if applicable)

**Requestor Point of Contact Name**

**Point of Contact Organization**

**Country Location**

**Phone Number**

**E Mail Address**

**Web Site Address**

**Other Information**

## Exclusion Request Details

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?    | No |

Identify the activity

Identify the organization

Identify the country where the organization is headquartered

Comments

Identify the primary type of activity of the Exclusion Requester

Manufacturer

Comments

Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton    1,000 kilograms)    | 3149976 | Kilograms |

Average annual consumption for years 2015  2017 of the product that is subject of this Exclusion Request (Kilograms)    | 33332000 | Kilograms |

Explain why your organization requires an Exclusion

Insufficient U.S. Availability

Please provide comments

Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States    | 100 | % |

Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization    | 270 | days |

Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed    | 180 | days |

Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock    | 90 | days |

Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request    | 1 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 New Orleans  LA

306

Port 1 New Orleans, LA

Port 2 Philadelphia, PA

Port 3 Milwaukee, WI

Port 4 Cleveland, OH

Is the organization making this Exclusion Request doing so on behalf of a non U.S. producer that does not manufacture products in the United States?

No

Identify the non U.S. producer

Identify the country where the organization is headquartered

Comments

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below. See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

Prime tin free steel (TFS) according to ASTM A623M, Type L, DR8, CA, 7C Melted Finish, CDC 3 Chemical Treatment, electrolyticly plated with Chromium and Chromium Oxide, 65# Base Weight (0.18161mm nominal thickness)

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

Double reduced DR8 CA for vegetable can ends (65# Base Weight  0.18161mm nominal thickness).

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108 13):

**Organization Designation**

1 ASTM          A623

307

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab ☐ | Blooms ☐ | Billets ☐ | Ingots ☐ | Flat ☑ | Long ☐ |
|---|---|---|---|---|---|
| Beams ☐ | Semi Finished ☐ | Pipe ☐ | Tube ☐ | Stainless ☐ | Wire ☐ |
| Hot Rolled ☐ | Cold Rolled ☑ | Annealed ☑ | Plated ☐ | Electro Plated ☑ | Galvanized ☐ |
| Electro Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☐ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

Comments

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum % | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

308

| | | | | |
|---|---|---|---|---|
| **Maximum %** | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |

| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|---|---|---|---|---|---|
| **Minimum %** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Maximum %** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| | Zinc | Zirconium | Other Chemical | | |
|---|---|---|---|---|---|
| **Minimum %** | 0.00 | 0.00 | 0.00 | | |
| **Maximum %** | 0.00 | 0.00 | 0.00 | | |

**Comments**

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size not a range of products and or sizes (e.g., 19 mm dia. rebar not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.

## Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| **Minimum** | 0.1727 | 406.4 | 0 | 0 | 815.98 | 0 |
| **Maximum** | 0.1905 | 0 | 1828.8 | 0 | 822.33 | 0 |

## Strength

| | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) Rockwell |
|---|---|---|---|
| **Minimum** | 570 | 550 | 70 |
| **Maximum** | 0 | 0 | 76 |

## Toughness (If Applicable)

309

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2 % | 0 % | 0 % | 0 mm |
| Maximum | 4 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer - [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Electrolytic | ECCS (Electrolytic Chromium Coated Stee | Chromium Metal   Chromium Oxi |

| Coating Weight and Thickness | | | |
|---|---|---|---|
| | Coating Weight | | Coating Thickness |
| Minimum | 0.0007 | grams psq | 0 micrometers |
| Maximum | 0.0025 | grams psq | 0 micrometers |

310

Specify any Additional Methods Used

**Comments**

In the "Coating Weight" section, Seneca has listed the chromium oxide levels in grams/square meters.

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

Double reduced, 65#, electro chrome plated steel, continuously annealed, DR8 Temper, 32 4/16

**Comments**

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Vegetable Can Ends. 2) Sufficient supply is not available from US producers for 2022. The limited domestic supply puts Seneca's entire vertically integrated food business in jeopardy. Please see attached letter for details.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

| Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|

311

| 1 | China | China | 3149976 | Kaixi | Tata International Metals, Ltd. (Ar |

## Product Availability Information

**Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?**

Yes

Comments

> There are two integrated suppliers and one other smaller domestic producer that manufacture these steel specifications; however, none of the domestic suppliers can provide sufficient volume to Seneca Foods in the near term. Please refer to the attached letter for further details.

**Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.**

Yes

Comments

> Seneca is working actively to qualify the ArcelorMittal Dofasco mill in Canada as a new source of tin mill products, but that qualification process remains underway. As a result, Dofasco was not a viable source for the 2022 volume at issue in this request, and there is no other supplier in a country exempted from this tariff that currently manufactures the described product for Seneca.

**Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?**

No

Comments

**Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.**

No

Please provide names of the manufacturers.

**Manufacturers**

Comments

**Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.**

Yes

Comments

312

Comments

> Please refer to the attached letter for details.

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

| Yes |

Comments

> Our existing domestic suppliers have no available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

| No |

Comments

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

| No |

Comments

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

> CBP can track the HTSUS code, importer of record, and consignee and can verify the identifying physical characteristics of the product as described in the importation documents.

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

> A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an

313

exclusion request or I have a purchase order or orders for such products;

B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge or arbitrage the price;

C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:

    1. loss of contract(s);

    2. unanticipated business downturns; or

    3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and

E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

| Seneca Foods Corporation |

Name of Authorizing Official

| Leon J. Lindsay |

Title of Authorizing Official

| VP   Strategic Sourcing |

Phone Number

| (507) 364 8205 |

Email of Authorizing Official

| llindsay@senecafoods.com |

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?
*Note: If the answer is 'Yes', do not attach business confidential information at this time.*

| No |

Small Business?

| No |

## Attachment

[View attachment file](#)

## Published Objection Filings

| Company | Product | Posted Date | Details |
|---|---|---|---|
| United States Steel Corporation | Steel | 4/16/2022 | [Details](#) |

## BIS Decision Memo

[View attachment file](#)

## ITA Public Recommendation Memo

[View attachment file](#)

Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



## U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

315

March 14, 2022

Brad Botwin
Office of Technology Evaluation Bureau of
Industry & Security
U.S. Dep't of Commerce
1401 Constitution Avenue, NW, Room 1093
Washington, DC 20230

**Subject:**    **Seneca Foods Corporation Requires Limited Product Exclusions
        for Tin Mill Products That Are Not Available from U.S. Producers**

Dear Mr. Botwin,

Seneca Foods Corporation ("Seneca") submits these exclusion requests for tin mill products to
be delivered in 2022. The volumes covered by these requests are limited to orders placed by
Seneca for 2022 supply. These orders were placed soon after all relevant domestic producers
affirmatively declined to award Seneca any additional volume for 2022. All of the orders at
issue are scheduled for delivery during 2022. Accordingly, Commerce should grant Seneca's
exclusion requests.

BACKGROUND: OUR INTEGRATED CANNED FOOD OPERATIONS

Seneca is primarily a fruit and vegetable processor with 24 facilities across the United
States. We contract with approximately 1,650 agricultural producers for over 200,000 acres
of fruit and vegetable crops that are processed at our facilities. We are the largest vegetable
canner in the United States representing an estimated 50% of the canned vegetables
(excluding tomatoes and dry beans) sold in the United States. We do business with almost
every retailer and food service distributor in the country. We are very proud that we
provide safe and nutritious canned products that represent a "value proposition" for
consumers compared to foods in other forms (primarily fresh and frozen). Strategically,
vertical integration is a core part of Seneca's success, and we thus engage in farming, plant
breeding and seed development, transportation, and also can manufacturing.

SENECA'S CAN MANUFACTURING REQUIRES PURCHASES OF TIN MILL PRODUCTS

Seneca has been involved in can manufacturing since 1972. While a number of food
companies made their own cans over the years, most divested those operations. Today,
Seneca is the last U.S.-based food company that still makes its own cans. After investing
more than $50 million over the last 12 years in our can making operations, we have among
the most efficient can making operations running today. Our primary can making facility is in

Baraboo, Wisconsin, with another smaller facility located in Payette, Idaho. We employ over 350 people in these operations, with an annual payroll in the tens of millions of dollars.

Prior to 2014, other than some minor trials of imported material, we purchased 100% of our tin mill products from domestic producers. In 2013 our major U.S. supplier communicated concerns about the sustainability of a major portion of domestic tin mill production. This opened our eyes to the threat that should we lose one of the two major U.S. suppliers (and our largest), not only would our can making operation be at risk but our entire vertically integrated food business would be in jeopardy. As such, we had no choice but to expand our supply chain in order to spread our risk. In 2014 we began importing a portion of our needs, primarily from South Korea, and evaluating suppliers from other countries.

<u>DOMESTIC TIN MILLS CANNOT MEET U.S. OR SENECA DEMAND</u>

While we support strong U.S. production of tin mill products, domestic supply constraints have left us with no option but to rely on imports for some portion of our needs. In 2016, U.S. demand for tin mill products was 2.1 million tons while domestic tin mill production was 1.2 million tons, representing only 58% of U.S. demand. Since that time and through 2021, according to information available to us, the percentage of domestic demand supplied by U.S. producers has remained around 57% to 60%. Tin mill products represent less than 3% of overall U.S. steel production. Further, there are only two fully integrated domestic producers: U.S. Steel and Cleveland Cliffs (formerly ArcelorMittal). One smaller supplier, Ohio Coatings, provides coating only and must rely on others for the substrate to produce our products. While U.S. suppliers may claim the ability or willingness to expand domestic tin mill production in the longer term, they cannot meet Seneca's needs in the short term. Thus, we must rely, at least in part, on imports to cover our needs. Indeed, for Seneca, the availability of domestic tin mill products has fallen sharply since the Section 232 tariffs were imposed. Compared to 2018, in 2021 domestic producers reduced sales volumes to Seneca by more than 10%. The fact that this reduction in availability has happened even as Seneca's overall demand for tinplate has increased by 14% over the same time frame makes it even more challenging for us.

In addition to our predominant concerns about the availability and sustainability of domestic supplies, we have experienced quality issues with tin mill products from domestic producers. Until recent years, we had no context for comparing the quality of domestic tin mill products, but once we brought in material from South Korea it became clear that our "U.S. only" purchasing strategy made it more difficult for us to remain competitive with commercial can makers. As an illustration, over the last 4 years (2018-2021), the percentage of cut sheets from domestic suppliers that we rejected for quality issues was 12.1%, which is more than eight times the 1.5% rejection rate for our imports. The superior quality of imports leads to better efficiencies on our can making lines and reduces the management

time, rework costs, and freight costs of dealing with defective material, both for us and for our suppliers.

DOMESTIC PRODUCERS CANNOT PROVIDE SENECA ADDITIONAL VOLUME IN 2022, THE DELIVERY TIME FOR THE REQUESTS AT ISSUE

Over the past several months, we have met with both of our domestic suppliers to understand their ability to supply more tin mill products to us in the near term. Our largest supplier indicated that there is no more material available for 2022. The smaller of our domestic suppliers likewise has no additional availability for 2022. Currently, no domestic producer is able and willing to make any additional supply available to us during 2022.

We continue to communicate to both domestic suppliers that we would take up to double the volume that they currently supply us on an annual basis. While they fully understand our needs, the larger supplier has agreed to volumes for 2022 that are only slightly higher than 2021, and the smaller supplier remains uncertain as to what if any volume it may offer for 2022. Both domestic suppliers have informed us that they would advise only at some uncertain future date if they will have any additional capacity for 2022.

We also reached out to U.S. Steel to understand its ability to supply Seneca with tin mill products for our 2022 needs. For its part, U.S. Steel currently is unwilling even to give us a quote for tin mill products due to its inability to supply any additional material in 2022. In fact, USS has neither quoted nor offered to Seneca, let alone delivered, a *single ton of steel* for *more than two years*.

GIVEN THE UNAVAILABILITY OF DOMESTIC SUPPLIES, LIMITED EXCLUSIONS ARE NECESSARY

Facing these severe domestic supply constraints, Seneca respectfully requests exclusions to allow us to bring in limited quantities of imported tin mill products in 2022 to meet the needs of our integrated production operations.

More generally, as a matter of policy, Commerce should support the responsible approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed these exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are generally filed close in time to when covered import shipments are arriving.

Among many lessons, the pandemic has taught us that a reliable supply of nutritious canned foods is essential for the comfort and security of U.S. consumers. Our inability to source

sufficient volumes of tin mill products from the domestic industry currently threatens not only our can making operations, but also our entire canned food business.

Thank you for your time, and please feel free to contact me if you have any questions.

Sincerely,

Leon Lindsay
VP Strategic Sourcing Seneca
Foods Corporation
llindsay@senecafoods.com
M: (507) 364-8205



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Objecting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin M. Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://ussteel.com/

## Organization Requesting Exclusion

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

## Product Information

**Exclusion Request number**
283368

**10 Digit HTSUS Code**
7210500020

**Annual Exclusion Quantity Requested(Kilograms)**
3149976        Kilograms

320

# Reason for Objection

Indicate what type of order the Exclusion Request that is the subject of the Objection Filing would pertain to:

> Standard Product

Comments

> This exclusion request (Exclusion Request) is for a standard tin free steel (TFS) product manufactured to ASTM International (ASTM) specifications.  United States Steel Corporation (U. S. Steel) actively manufactures and this TFS material and is capable of supplying Seneca Foods Corporation (Seneca or the Requestor) with the requested quantity.

Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States , or can it immediately be made (within 8 weeks) by your organization, in a company owned plant in the United States?  If "Yes" identify the location(s) of your production facilities  in the United States.

> Yes

Locations

| City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|------|-------|-----------------------------------------------|-----------------------------|
| Portage | Indiana | | |

This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following facilities:

Locations

| Days | City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|------|------|-------|-----------------------------------------------|-----------------------------|
| | Pittsburg | California | | |

Comments

> U. S. Steel currently produces the requested TFS at its Midwest facility in Portage, Indiana, which has the available capacity to supply additional volumes within the necessary time frame (i.e., 270 days).  U. S. Steel's UPI facility in Pittsburg, California, has a temporarily idled TFS line that, if restarted, can supply additional quantities of the exact requested material.  Plant  and product specific capacity and utilization information is considered business proprietary, so it is not included in this public submission.  U. S. Steel is prepared to confidentially provide this information upon request from the U.S. Department of Commerce (Commerce).

Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and  performance? If "Yes" identify the location(s) of your production facilities  in the United States, current plant capacity and utilization

> No

This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities:

Comments

> 

321

Select "Yes" for any assertions identified in the Exclusion Request that your organization is challenging:

No Production Capacity          Yes

Product Quality                 Yes

Shipping Time                   Yes

Insufficient Volume             Yes

Unique Product                  Yes

Other (specify here)            The requested material is available from domestic manufact

Discuss the suitability of your organization's steel product compared to that identified by the Exclusion Requestor.

U. S. Steel produces TFS coils that meet Seneca's specifications. U. S. Steel's material is prime, double reduced, DR8 temper, continuously annealed TFS that meets ASTM International A623M standards and has the requested 7C finish, chemical treatment, and basis weight. The TFS offered by U. S. Steel can be used for vegetable can ends and other steel packaging applications.

Provide a full technical description of the properties of the product it manufactures relative to specifications cited in the Exclusion Request posted in regulations.gov. This description must include information on dimensions, plus performance factors such as strength, toughness, ductility, magnetic permeability, surface finish, coatings, and other relevant data.

State the chemical composition of the specific product that your organization can manufacture at a company owned production facility located in the United States. Numbers may appear rounded, but full values will be stored.

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |

322

| Maximum % | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |
| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Zinc | Zirconium | Other Chemical | | |
| Minimum % | 0.00 | 0.00 | 0.00 | | |
| Maximum % | 0.00 | 0.00 | 0.00 | | |

**Comments**

U. S. Steel produces TFS with the requested chemical composition.

Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. Numbers may appear rounded, but full values will be stored.

## Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.1727 | 406.4 | 0 | 0 | 815.98 | 0 |
| Maximum | 0.1905 | 0 | 1828.8 | 0 | 822.33 | 0 |

## Strength

| | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method Brinnell, Rockwell, Vickers, etc.) |
|---|---|---|---|
| | | | Rockwell |
| Minimum | 570 | 550 | 70 |
| Maximum | 0 | 0 | 76 |

## Toughness (If Applicable)

| Test Type | Drop Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

**Comments**

U. S. Steel produces TFS that meets the requested dimensional and mechanical/performance specifications.

---

Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. Numbers may appear rounded, but full values will be stored.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2 % | 0 % | 0 % | 0 mm |
| Maximum | 4 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

324

| Coating Type and Composition | | |
|---|---|---|
| **Coating Method** | **Coating Product Name and Abbreviation** | **Composition (e.g., Zn, Al, Si, Mg)** |
| Electrolytic | ECCS (Electrolytic Chromium Coated Steel) | Chromium Metal   Chromium Oxide |

| Coating Weight and Thickness | | | |
|---|---|---|---|
| | **Coating Weight** | | **Coating Thickness** |
| Minimum | 0.0007 | grams psq | 0 | micrometers |
| Maximum | 0.0025 | grams psq | 0 | micrometers |

Select any additional processing methods used:

|  |  |  |
|---|---|---|

**Comments**

U. S. Steel produces TFS that meets the requested mechanical and performance specifications.

---

What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis?     `100`  %

State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received:     `0000000000000`

State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received:     `0000000000000`

State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock:     `0000000000000`

**Comments**

U. S. Steel's TFS is mined, melted, poured, rolled, and coated in the United States, and finished coils are shipped directly to customers via truck or rail.  U. S. Steel confirms that, as of this submission, it has the available capacity to manufacture and deliver the requested quantity of TFS within the 270 day manufacturing and delivery day lead time reported for Seneca's Chinese supplier.  Specific manufacturing and delivery lead time information is considered business proprietary, so it is not included in this public submission.  U. S. Steel is prepared to confidentially provide the relevant information at Commerce's request.

Identify the reasons your organization objects to an Exclusion Request being granted to the applicant. Written comments may be submitted (not required) for each of the reasons your organization has cited in the Objection Filing form. Organizations filing Objections should identify factual problems in the Exclusion Request (e.g., product description).

325

U. S. Steel confirms it is capable of immediately manufacturing TFS that meets all requested specifications. Therefore, the requested TFS coils are available from at least one domestic manufacturer. Furthermore, the Exclusion Request admits that the requested TFS is already available from at least one alternative Section 232 tariff free source (i.e., Canada), with potentially greater availability in the future. Since U.S. imports of Canadian steel products are fully exempt from the Section 232 measures, there is no limit on the quantity of Section 232 tariff free Canadian TFS available to Seneca. To the extent there is insufficient supply of this material from domestic manufacturers, TFS from Canada and other Section 232 tariff exempt sources can supplement Seneca's demand without additional exclusions. Given these circumstances, granting this Exclusion Request would undermine the national security goals of the Section 232 action by inhibiting the domestic industry's ability to achieve sustainable capacity utilization rates.

Has the organization making the Exclusion Request asserted that there is no capability in the United States to manufacture this type of product it requires?

No

Comments

Has the Exclusion Requestor supported its assertion of product uniqueness with engineering and scientific data, or independent laboratory tests results?

No

Does your organization have technical data to disprove the assertions of the Exclusion Requestor? If "Yes" provide comments in the space below, or in attachments.

Yes

Comments

U. S. Steel produces the requested TFS and is prepared to confidentially provide technical information confirming the quality of its material.

Has the organization making this Objection Filing within the last two years attempted to sell, or successfully sold, the product described in the Exclusion Request to the exclusion requestor previously?

No

Does your organization manufacture a product similar to that cited in the Exclusion Request for which it has asked to Exclusion Requestor, within two years of the filing of the Exclusion Request, to perform a formal technical qualification to determine equivalency in form, fit, function and performance?

Not Applica

Did the Exclusion Requestor accept or reject the request to perform a formal technical qualification?

Not Applicable

Comments

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or

agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

| Name of Authorizing Official | Title of Authorizing Official |
|---|---|
| Kaitlin M. Wojnar | Counsel   International Trade & Public Policy |

| Phone Number | Email of Authorizing Official |
|---|---|
| 202 783 6315 | kmwojnar@uss.com |

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

| Point of Contact Name | Title |
|---|---|
| | |

| E mail Address | Phone Number |
|---|---|
| | |

I have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission:

Yes

Small Business?

No

# Attachment

There are no attachments for this objection filing

# Published Objection Rebuttal

| Company | Product | Posted Date | Details |
|---|---|---|---|
| Seneca Foods Corporation | Steel | 4/25/2022 | Details |

327



Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    ·    Privacy policy

328



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364 8205

**E mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

| | |
|---|---|
| Exclusion Request number | 283368 |
| Objection to Exclusion Request Identifier # | 108026 |
| Does this rebuttal address a substitute or an identical product? | Identical Product ⌄ |
| Are you submitting confidential business information with this form? (If yes, please email it to 232rebuttals@doc.gov and submit a public version with this form. Confidential business information related to this rebuttal will not be made available to the public.) | Yes ⌄ |

## The basis of your rebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes ⌄ |
| Quality | No ⌄ |
| Available Quantity | Yes ⌄ |
| Delivery Time | Yes ⌄ |

Other (limit: 100 characters)

USS declined to supply the late 2021 orders covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks    `Yes`

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so    `No`

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks.    `No`

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product.    `No`

The Objector can manufacture the product within the time frame stated in their Objection filing.    `Yes`

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | `No` |
| Dimensional specifications | `No` |
| Strength | `No` |
| Toughness | `No` |
| Ductility | `No` |
| Magnetic permeability | `No` |
| Surface finish | `No` |
| Coatings and composition | `No` |
| Other technical specifications (e.g., end use requirements) | `No` |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

317

**AVAILABLE QUANTITY Challenging the Objector's assertion that:**

Domestic product is available in sufficient quantity.                                      Yes ⌄

The Objector can supply the percentage of product stated in their Objection filing.        Yes ⌄

U.S. manufacturers have the capability to manufacture the identified product.              No ⌄

The Objector has sold or has attempted to sell the product described in the Exclusion Request.   Yes ⌄

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

**DELIVERY TIME Challenging the Objector's assertion that:**

Domestic product is available for timely delivery from the time the purchase order is received until the   Yes ⌄
product is ready to ship.

Domestic product is available for timely delivery from manufacturing plant to loading dock.              Yes ⌄

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being
accurate and complete.

318

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

**Company Name**

Seneca Foods Corporation

**Name of Authorizing Official**

Leon J. Lindsay

**Title of Authorizing Official**

VP   Strategic Sourcing

**Phone Number**

(507) 364 8205

**Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)**

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

**Small Business?**

No

## Attachment

[View attachment file](#)

---

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility   •   Privacy policy

319

April 22, 2022

**Seneca Rebuttal to U.S. Steel Objections to Requests 283368 and 283369
for Tin Mill Products that USS Declined to Supply at the Time of Order**

U.S. Steel ("USS") has objected to exclusion request **283368** and **283369** submitted by Seneca Foods Corporation ("Seneca") for imports of prime electrolytic tinplate ("ETP") and tin free steel ("TFS"). We strongly dispute the USS claims and below rebut each of its principal assertions, which are inaccurate as applied to the Seneca requests at issue and therefore should be irrelevant to the Department's decision.

The relevant purchase orders were placed in October 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit any additional 2022 volume to Seneca. In November 2021, USS again advised Seneca that it had no ETP or TFS to offer Seneca. In fact, USS neither quoted nor offered, let alone delivered, to Seneca a *single ton of steel* for the entirety of 2020 and 2021. Seneca thus had no alternative but to turn to imports for this supplemental 2022 volume, which was not available from domestic producers when it was ordered in 2021 and is not available now. While certainly welcome, any tons that USS offers or agrees to supply in late 2022 or in 2023 are irrelevant to the purchase orders covered by these two requests, which were issued only after Seneca confirmed the lack of domestic supplies. Accordingly, Commerce should grant Seneca's requests.

    **A. USS claims that it can "deliver the requested quantity of ETP {or TFS} within the 270-day manufacturing and delivery day lead time" for volumes covered by these requests**

Seneca rebuttal:

The imports of ETP and TFS covered by these exclusion requests are limited to volumes ordered in late 2021 — only *after* USS affirmatively declined to contract to supply *any* tin mill products in 2022 to Seneca. In November 2021, USS advised that it continued to have no ETP or TFS to offer Seneca in 2022. (See **Confidential Exhibit 1**.)

Statements from USS of their continuing lack of availability prompted Seneca to turn to imports for this supplemental volume. Unable to source domestically, Seneca placed firm orders for limited imports. The purchase orders covered by these two exclusion requests were all placed on October 1 or October 29 of 2021. (See **Confidential Exhibit 2**.) The vast majority of the volumes at issue are scheduled for delivery between April and June 2022, with one final delivery installment in September 2022. (See **id.**)

Because the relevant purchase orders were issued in late 2021 only after all relevant domestic producers declined to commit additional 2022 volume to Seneca, Seneca's requests should be granted on the basis of insufficient availability. To that point, USS had declined all opportunities to do business with Seneca thanks to no availability. Despite repeated requests, the last delivery of any tinplate from USS to Seneca was a single coil delivered in February 2019, more than three years ago, and that coil was six months late: it was part of an order placed in May 2018 for scheduled delivery in August 2018.

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**



Despite that track record, Seneca has continued to attempt to purchase from USS. Over the last few weeks, USS finally suggested that it might have limited volumes to offer in 2022, but that offer came only after months of communications. (See **Confidential Exhibit 3**.) Moreover, USS agreed to make available only one-sixth of the volume ordered by Seneca, and delayed the original delivery schedule for that minor volume out to July 2022. (See **id.**) In response to a follow-up request this week, USS further indicated an ability to supply limited volumes of ETP during late 2022. This engagement is a welcome reversal of the prior USS stance, but they are still offering a tiny fraction of what Seneca needs annually to supply U.S. customers, and less than the volumes at issue in these requests. Moreover, the delivery timetable for these minor volumes is not in line with the delivery schedule for the purchase orders at issue in these requests, which are all for the business year ending in September 2022 and have deliveries concentrated in the April/May/June 2022 timeframe (see **Confidential Exhibit 2**). As a result, these offers are irrelevant to the requests at issue.

It would be unreasonable for Commerce to credit objections from USS that belatedly claim the ability to make deliveries that USS consistently declined when it mattered. Because USS refused to supply the very same volume of the very same product before Seneca placed import orders in late 2021, its objections now to exclusions for the very same orders deserve zero weight.

      **B.** **USS claim that ETP and TFS are "already available from at least one alternative Section 232 tariff-free source (i.e., Canada)"**

Seneca rebuttal:

As noted, this exclusion request is limited to 2022 volume, which Seneca sought to secure first from domestic steel suppliers, and then from any exempt Canadian sources. Seneca is working actively to qualify the ArcerlorMittal Dofasco mill in Canada as a new source of tin mill products, but that qualification process remains underway. As a result, Dofasco was not a viable source for the 2022 volumes at issue in this request, and there is no other Canadian supplier for Seneca.

**Conclusion**

Because the volumes at issue in these requests were unavailable from USS and the rest of the domestic industry when ordered in late 2021 for delivery in 2022, we respectfully urge the Department to grant Seneca's exclusions for this limited volume of imported ETP and TFS. It is wholly inappropriate for USS to decline repeated requests to supply Seneca's 2022 orders, and then turn around and seek to block exclusions for those very same orders by pointing to possible spot market sales in the future, after the relevant time frame has passed.

More generally, as a matter of policy, we hope that Commerce will endorse the approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed exclusion requests only after placing specific purchase orders for imports — and only after confirming that the domestic industry has no availability for the relevant



timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving. (See **Confidential Exhibit 2**.)

As explained above, the timeframe for these requests is limited to orders placed in late 2021 only after Seneca confirmed that all relevant domestic producers could not supply this 2022 volume. These orders are scheduled for delivery in the spring and summer of 2022. Accordingly, there is no basis for Commerce to give weight to the objections of USS, which are based only on possible future sales. Any volumes that USS offers or agrees to supply later in 2022 or 2023 are entirely irrelevant to the purchase orders covered by these requests and should be given no weight by the Department.

Please let us know if you have any questions or would like to receive any additional information, including any additional supporting confidential information.

# BUSINESS CONFIDENTIAL INFORMATION
# REDACTED FROM PUBLIC SUMMARY

## EXHIBIT 1

*[Communications documenting that in November 2021, U.S. Steel continued to decline to offer Seneca any prime tin-free steel ("TFS") or electrolytic tinplate ("ETP") for delivery in 2022]*

## EXHIBIT 2

*[Internal Seneca spreadsheet showing specific purchase order numbers, 2021 purchase dates, import volumes, and 2022 delivery dates for all products at issue in these two exclusion requests, with the vast majority scheduled to arrive by June 2022, before a single ton of any tin mill product will be delivered to Seneca by U.S. Steel]*

## EXHIBIT 3

*[Communications documenting that after not supplying Seneca anything during 2020 or 2021, and after months of discussions in 2022, U.S. Steel offered Seneca a tiny fraction of the tin mill volumes it tried to purchase, and made that trivial volume available for potential delivery only several months later, in July 2022]*



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364-8205

**E-mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

**Exclusion Request number**
283368

**Objection to Exclusion Request Identifier #**
108026

**Does this rebuttal address a substitute or an identical product?**
Identical Product

Are you submitting confidential business information with this form? (If yes, please email it to 232rebuttals@doc.gov and submit a public version with this form. Confidential business information related to this rebuttal will not be made available to the public.)
Yes

## The basis of your rebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |
| Delivery Time | Yes |

Other (limit: 100 characters)

USS declined to supply the late 2021 orders covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

| | |
|---|---|
| The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks | Yes |
| The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so | No |
| The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. | No |
| The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. | No |
| The Objector can manufacture the product within the time frame stated in their Objection filing. | Yes |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | No |
| Dimensional specifications | No |
| Strength | No |
| Toughness | No |
| Ductility | No |
| Magnetic permeability | No |
| Surface finish | No |
| Coatings and composition | No |
| Other technical specifications (e.g., end-use requirements) | No |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                                              Yes

The Objector can supply the percentage of product stated in their Objection filing.               Yes

U.S. manufacturers have the capability to manufacture the identified product.                     No

The Objector has sold or has attempted to sell the product described in the Exclusion Request.     Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

DELIVERY TIME Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the   Yes
product is ready to ship.

Domestic product is available for timely delivery from manufacturing plant to loading dock.        Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being

instruction. This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

Seneca Foods Corporation

Name of Authorizing Official

Leon J. Lindsay

Title of Authorizing Official

VP – Strategic Sourcing

Phone Number

(507) 364-8205

Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point-of-contact information below.

Point-of-Contact Name

Title

E-mail Address

Phone Number

Small Business?

No

# Attachment

View attachment file



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility · Privacy policy



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Surrebutting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://www.ussteel.com/

## Surrebuttal of Objections Filed Against An Exclusion Request

| | |
|---|---|
| Exclusion Request number | 283368 |
| Objection to Exclusion Request Identifier # | 108026 |
| Rebuttal Identification # | 51109 |
| Does this surrebuttal address a substitute or an identical product? | Identical Product |
| Are you submitting confidential business information with this form? (If yes, please email it to 232surrebuttals@doc.gov and submit a public version with this form. Confidential business information related to this surrebuttal will not be made available to the public.) | Yes |

## The basis of your surrebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |



338

Delivery Time

Yes

Other (limit: 100 characters)

Section 232 exclusion requests must be individually evaluated based on current availability.

# Basis for Surrebuttal of Objection Filings

MANUFACTURING TIME
Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks | Yes

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so | No

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. | No

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. | No

The Objector can manufacture the product within the time frame stated in their Objection filing. | Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Seneca Foods Corporation (Seneca or the Requestor) does not directly rebut the fact that  as of May 2022   United States Steel Corporation (U. S. Steel) can immediately manufacture and deliver the requested quantity of tin free steel (TFS).  Section 232 tariff exclusions are prospective, rather than retrospective, and must be evaluated based on current product availability.  U. S. Steel's current TFS manufacturing lead times are provided in a confidential attachment to this surrebuttal (Surrebuttal).

QUALITY
Challenging the Objector's assertion that their product is interchangeable with respect to its:

Chemical composition | No

Dimensional specifications | No

Strength | No

Toughness | No

Ductility | No

Magnetic permeability | No

Surface finish | No

Coatings and composition | No

Other technical specifications (e.g., end use requirements) | No

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY

Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                                     Yes

The Objector can supply the percentage of product stated in their Objection filing.       Yes

U.S. manufacturers have the capability to manufacture the identified product.             No

The Objector has sold or has attempted to sell the product described in the Exclusion Request.   Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The Requestor does not directly rebut the fact that, at the time of this exclusion request, U. S. Steel has the available capacity to immediately manufacture at minimum the requested quantity of TFS. U. S. Steel reiterates that Seneca can also import Section 232 tariff free TFS from Canada, which is not subject to any quantitative limitations. In light of such availability, excluding any additional quantity of TFS from the tariffs undermines the overall effectiveness of the Section 232 national security action. U. S. Steel's relevant capacity and utilization data is provided in a confidential attachment to this Surrebuttal.

DELIVERY TIME

Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship.                                                                    Yes

Domestic product is available for timely delivery from manufacturing plant to loading dock.    Yes

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Seneca does not directly rebut the fact that as of May 2022 U. S. Steel can immediately manufacture and deliver the requested quantity of TFS. Section 232 tariff exclusions are prospective, rather than retrospective, and must be evaluated based on current product availability. U. S. Steel's current TFS manufacturing lead times are provided in a confidential attachment to this Surrebuttal.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or

agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

Name of Authorizing Official

Kaitlin Wojnar

Title of Authorizing Official

Counsel   International Trade & Public Policy

Phone Number

202 783 6315

Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Matthew McConkey

Title

Partner

E mail Address

mmcconkey@mayerbrown.com

Phone Number

202 263 3235

Small Business?                                                                              No

## Attachment

[View attachment file](View attachment file)

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

341

## UNITED STATES STEEL CORPORATION'S SURREBUTTAL
## TO EXCLUSION REQUEST 283368 FILED BY SENECA FOODS CORPORATION
## CONFIDENTIAL SUPPLEMENT

### I. Confidentiality

This document includes confidential business information ("CBI"), which is contained in brackets (*i.e.*, "[ ]"). United States Steel Corporation ("U. S. Steel") is providing this CBI with the understanding that the U.S. Department of Commerce ("Commerce") will use it solely for purposes of reviewing the above-referenced exclusion request ("Exclusion Request") and U. S. Steel's opposition submissions and that Commerce will treat it as proprietary and business confidential. It is U. S. Steel's understanding that the bracketed CBI will not be made available to the public or any other parties outside of the U.S. government, unless so ordered by a court of competent jurisdiction. In the event Commerce is compelled by a court of competent jurisdiction to disclose this proprietary CBI, Commerce will provide U. S. Steel with reasonable prior notice, allowing U. S. Steel to consider seeking a protective order or other appropriate remedy.

### II. Quantity

U. S. Steel's Portage (*i.e.*, "Midwest"), East Chicago, and Gary, Indiana tin mills have the combined capacity to produce [           ] metric tons ("MT") of tin-free steel ("TFS") and/or electrolytic tinplate.[1] U. S. Steel's UPI facility in Pittsburg, California, has the capacity to produce an additional [           ] MT of tin mill products each year. In 2021, these facilities operated at [   ] percent capacity utilization, leaving more than [           ] MT of tin mill—including TFS—production capacity unused.

As stated in U. S. Steel's objection, U. S. Steel can supply Seneca Food Corporation ("Seneca" or the "Requestor") with additional quantities of the requested TFS product over the 12-month term of the requested exclusion, which falls primarily in 2022. U. S. Steel's relevant tin mill manufacturing facility currently has available capacity to supply spot shipments beyond the quantity subject to this Exclusion Request.

### III. Manufacturing and Delivery Time

U. S. Steel's manufacturing lead times for tin mill products are typically between [
           ] from receipt of an approved order, which is consistent with industry standards. As of May 2, 2022, **the TFS product requested by Seneca can be manufactured at and shipped from the Midwest facility in [           ]**. Once manufactured at and shipped from the Midwest facility, **the requested TFS product can be delivered to Seneca's loading dock, which is presumed to be at the address listed in the Exclusion Request, in [           ]**.

Therefore, U. S. Steel's current combined manufacturing and delivery lead time for the requested TFS is [           ], which is significantly faster than the 270-day delivery time reported for Seneca's Chinese supplier.[2]

---

[1]  The East Chicago facility was indefinitely idled in December 2019.
[2]  Exclusion Request at Exclusion Request Details.

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Seneca Foods Corp., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Ct. No. 22-00243 |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant, | ) |
|  | ) |

## INDEX OF ADMINISTRATIVE RECORD – PUBLIC SET
### EXCLUSION REQUEST NUMBER: 283369

|  | Relevant Party | Type of Document | Page # Seneca Foods-283369 |
|---|---|---|---|
| **BIS Decision Memorandum** | | | |
| 1 | BIS | Decision Memorandum | 342 |
| **ITA Recommendation Memorandum** | | | |
| 2 | ITA | Recommendation Memorandum | 344 |
| **Exclusion Request and Related Submission** | | | |
| 3 | Seneca Foods | Exclusion Request | 349 |
| 3.1 | Seneca Foods | Exclusion Request Supplement | 361 |
| **Objections and Related Submissions** | | | |
| 4 | U.S. Steel Corporation | Objection | 365 |
| **Rebuttal and Related Submissions** | | | |
| 5 | Seneca Foods | Rebuttal | 374 |
| 5.1 | Seneca Foods | Rebuttal Supplement | 378 |
| **Surrebuttal and Related Submissions** | | | |
| 6 | U.S. Steel Corporation | Surrebuttal | 382 |
| 6.1 | U.S. Steel Corporation | Surrebuttal CBI | 386 |

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 283369**

**Summary:**

- Requester: Seneca Foods Corporation
- Product Description: Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC-3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm nominal thickness).
- HTSUS: 7210120000

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #283369**

_____X_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_Matthew S. Borman_
Deputy Assistant Secretary of Export Administration

**July 9, 2022**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has referred this exclusion request to ITA for ITA's recommendation as to whether the Steel article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 1 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 283369
Requestor:   Seneca Foods Corporation (Seneca)
Objector(s):

    United States Steel Corporation (U.S. Steel)

Case Filings

|  | Seneca | U.S. Steel |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | Yes |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | Yes | Yes |  |  |  |

Recommendation: Denial
Rationale: ITA is unable to provide a complete analysis due to an issue with the request.

| QUALITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) – QUALITY** | | | | |
| | U.S. Steel | | | |
| Identical (1.c or 1.d filled in)* | | | | |
| Substitute (1.e or 1.f filled in)* | | | | |
| **2.c*** match | | | | |
| **2.d*** match | | | | |
| **2.e*** match | | | | |
| **Standards** match Exclusion Request | | | | |
| Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims? | | | | |
| **Subject Matter Expert (SME) Evaluation of Facts:** Yes | | | | |
| **Analysis of the Record:** Seneca seeks exclusion for prime tin-free steel. SME analysis was requested to evaluate whether the CBI addresses the requested product and can be used as a basis for evaluating U.S. Steel's objection. The SME determined there is insufficient technical information available to resolve whether the requested product is identified in the CBI. ITA is unable to provide a complete analysis due to an issue with the request. | | | | |

| QUANTITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) –QUANTITY** | | | | |
| | U.S. Steel | | | |
| **3.a** | | | | |
| Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims? | | | | |
| **Analysis of the Record:** ITA is unable to provide a complete analysis due to an issue with the request. | | | | |

| TIMELINESS | | | | |
|---|---|---|---|---|
| **REQUESTOR– DELIVERY TIME** | | | | |
| **2.d (request form):** | | | | |
| **2.f (request form):** | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f? | | | | |
| | | | | |
| **OBJECTOR – DELIVERY TIME** | | | | |
| | U.S. Steel | | | |
| **3.b** | | | | |
| **3.d** | | | | |
| Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d? | | | | |
| | | | | |

**Delivery Time Totals**
- o Requestor's Import Delivery Time = *{2d + 2f of the exclusion request, plus any adjustments}*
- o Objector's Delivery Time = *{3b + 3d of the objection, plus any adjustments}*

**Analysis of the Record:** Seneca provides CBI as an attachment to its rebuttal, which presents delivery information that conflicts with the delivery information in its exclusion request. Due to this ambiguity, ITA is unable to evaluate this exclusion request.

**Explanation/Additional Comments** (if needed):

| General Notes: |
| --- |
| **This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.** |
| |
| ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections. |
| |
| Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2d and 2f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3b and 3d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation. In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion. |
| |
| An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive. |
| |
| **ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the** |

| Field Definitions (Requestor Form) | |
| --- | --- |
| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

| | |
|---|---|
| | |

| * Field Definitions (Objection Form) | |
|---|---|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 3/15/2022

Public Status: Denied

Please select product type

Steel

Identify the class of product for which the Exclusion is sought

Carbon and Alloy Flat

10 Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7210120000

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

## Requesting Organization Information

Full Organization Legal Name

Seneca Foods Corporation

Street Address

418 East Conde Street

City

Janesville

State

Wisconsin

Zip Code

53546

Headquarters Country

United States

Point of Contact Name

Leon Lindsay

Phone Number

(507) 364 8205

E mail Address

llindsay@senecafoods.com

Web Site Address

https://www.senecafoods.com/

## Parent Company of Requesting Organization

Full Organization Legal Name

Street Address

City

349

Headquarters Country    State/Province    Zip Code

Web Site Address

## Importer of Record for Organization Requesting an Exclusion

Full Organization Legal Name

Tata International Metals, Ltd. (America)

Street Address    City

475 North Martingale Road, #400    Schaumburg

State    Zip Code    Headquarters Country

Illinois    60173    United States

Point of Contact Name    Phone Number

Robert Brady    (847) 585 2587

E mail Address    Web Site Address

robert.brady@tatainternational.com    https://tatainternational.com/

## Requester's Authorized Representative/Agent (if applicable)

Requestor Point of Contact Name    Point of Contact Organization

Country Location    Phone Number

E Mail Address    Web Site Address

Other Information

## Exclusion Request Details

350

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?   | No |

Identify the activity

Identify the organization

Identify the country where the organization is headquartered

Comments

Identify the primary type of activity of the Exclusion Requester

Manufacturer

Comments

| Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton = 1,000 kilograms) | 20999820 | Kilograms |
| Average annual consumption for years 2015 2017 of the product that is subject of this Exclusion Request (Kilograms) | 33332000 | Kilograms |

Explain why your organization requires an Exclusion

Insufficient U.S. Availability

Please provide comments

| Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States | 100 | % |
| Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization | 270 | days |
| Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed | 180 | days |
| Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock | 90 | days |
| Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request | 4 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 New Orleans, LA

351

Port 2 Philadelphia, PA

Port 3 Milwaukee, WI

Port 4 Cleveland, OH

Port 5 Savannah, GA

Port 6 Baltimore, MD

Port 7 Camden, NJ

Port 8 Chicago, IL

Is the organization making this Exclusion Request doing so on behalf of a non U.S. producer that does not manufacture products in the United States?          No

Identify the non U.S. producer                          Identify the country where the organization is headquartered

Comments

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below.See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

> Prime electrolytic tinplate according to ASTM A623M, Type L, DR8.5, CA, 7C Melted Finish, CDC 3 Chemical Treatment, coating 1.1gm2/2.2gm2, 58# Base Weight (0.16205mm nominal thickness).

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

> Double reduced DR8.5 CA for vegetable can bodies (58# Base Weight  0.16205mm nominal thickness).

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108 13):

**Organization Designation**

1 ASTM        A623

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab ☐ | Blooms ☐ | Billets ☐ | Ingots ☐ | Flat ☑ | Long ☐ |
|---|---|---|---|---|---|
| Beams ☐ | Semi Finished ☐ | Pipe ☐ | Tube ☐ | Stainless ☐ | Wire ☐ |
| Hot Rolled ☐ | Cold Rolled ☑ | Annealed ☑ | Plated ☐ | Electro Plated ☑ | Galvanized ☐ |
| Electro Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☑ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

Comments

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum % | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

353

|                | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
|----------------|----------|------------|----------|---------|--------|
| Maximum %      | 0.00     | 0.60       | 0.05     | 0.04    | 0.00   |

| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |

|                | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|----------------|-----------|-----|----------|----------|----------|
| Minimum %      | 0.00      | 0.00 | 0.00    | 0.00     | 0.00     |
| Maximum %      | 0.00      | 0.00 | 0.00    | 0.00     | 0.00     |

|                | Zinc | Zirconium | Other Chemical |  |  |
|----------------|------|-----------|----------------|--|--|
| Minimum %      | 0.00 | 0.00      | 0.00           |  |  |
| Maximum %      | 0.00 | 0.00      | 0.00           |  |  |

Comments

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size   not a range of products and or sizes (e.g., 19 mm dia. rebar   not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.

## Product Specifications (Millimeters)

|          | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|----------|-----------|-----------------|------------------|--------|-------|--------|
| Minimum  | 0.15443   | 406.4           | 0                | 0      | 819.15 | 0     |
| Maximum  | 0.16967   | 0               | 1828.8           | 0      | 825.55 | 0     |

## Strength

|          | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) |
|----------|-----------------------------------|----------------------------------|--------------------------------------------------------------|
|          |                                   |                                  | Rockwell                                                     |
| Minimum  | 570                               | 550                              | 71                                                           |

354

| Maximum | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
| --- | --- | --- | --- |
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
| --- | --- | --- | --- | --- |
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2 % | 0 % | 0 % | 0 mm |
| Maximum | 4 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
| --- | --- | --- | --- | --- |
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer - [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
| --- | --- | --- |
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |

| Coating Weight and Thickness | |
| --- | --- |
| Coating Weight | Coating Thickness |

355

| Minimum | 1.1 | grams psq | 0.15 | micrometers |
| Maximum | 2.2 | grams psq | 0 | micrometers |

**Specify any Additional Methods Used**

**Comments**

Tin coating weight is 1.1 g/sq. m (internal) and 2.2 g/sp. m (external)… Surface finish (Roughness) is 6 25 microinches (7C finish)

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

Double reduced, 58#, electro tin plate, continuously annealed, DR8.5 Temper, 32 6/16

**Comments**

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Vegetable Can Ends. 2) Sufficient supply is not available from US producers for 2022. The limited domestic supply puts Seneca's entire vertically integrated food business in jeopardy. Please see attached letter for details.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the

356

manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

| | Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|---|
| 1 | Turkey | Turkey | 20999820 | Toyo | Tata International Metals, Ltd. (Ar |

## Product Availability Information

**Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?**

Yes

Comments

There are two integrated suppliers and one other smaller domestic producer that manufacture these steel specifications; however, none of the domestic suppliers can provide sufficient volume to Seneca Foods in the near term. Please refer to the attached letter for further details.

**Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.**

Yes

Comments

Seneca is working actively to qualify the ArcelorMittal Dofasco mill in Canada as a new source of tin mill products, but that qualification process remains underway. As a result, Dofasco was not a viable source for the 2022 volume at issue in this request, and there is no other supplier in a country exempted from this tariff that currently manufactures the described product for Seneca.

**Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?**

No

Comments

**Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.**

No

Please provide names of the manufacturers.

**Manufacturers**

Comments

357

Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

Please refer to the attached letter for details.

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

Yes

Comments

Our existing domestic suppliers have no available capacity in the short term. Please refer to the attached letter for details.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

No

Comments

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

No

Comments

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

CBP can track the HTSUS code, importer of record, and consignee and can verify the identifying physical characteristics of the product as described in the importation documents.

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is

complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;

B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge or arbitrage the price;

C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:

    1. loss of contract(s);

    2. unanticipated business downturns; or

    3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and

E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

| Seneca Foods Corporation |
|---|

Name of Authorizing Official

| Leon J. Lindsay |
|---|

Title of Authorizing Official

| VP   Strategic Sourcing |
|---|

Phone Number

| (507) 364 8205 |
|---|

Email of Authorizing Official

| llindsay@senecafoods.com |
|---|

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Title

E mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?
*Note: If the answer is 'Yes', do not attach business confidential information at this time.*

| No |
|---|

Small Business?

359

## Attachment

View attachment file

## Published Objection Filings

| Company | Product | Posted Date | Details |
|---------|---------|-------------|---------|
| > United States Steel Corporation | Steel | 4/16/2022 | Details |

## BIS Decision Memo

View attachment file

## ITA Public Recommendation Memo

View attachment file

Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility  ·  Privacy policy

March 14, 2022

Brad Botwin
Office of Technology Evaluation Bureau of
Industry & Security
U.S. Dep't of Commerce
1401 Constitution Avenue, NW, Room 1093
Washington, DC 20230

**Subject:** **Seneca Foods Corporation Requires Limited Product Exclusions**
**for Tin Mill Products That Are Not Available from U.S. Producers**

Dear Mr. Botwin,

Seneca Foods Corporation ("Seneca") submits these exclusion requests for tin mill products to be delivered in 2022. The volumes covered by these requests are limited to orders placed by Seneca for 2022 supply. These orders were placed soon after all relevant domestic producers affirmatively declined to award Seneca any additional volume for 2022. All of the orders at issue are scheduled for delivery during 2022. Accordingly, Commerce should grant Seneca's exclusion requests.

BACKGROUND: OUR INTEGRATED CANNED FOOD OPERATIONS

Seneca is primarily a fruit and vegetable processor with 24 facilities across the United States. We contract with approximately 1,650 agricultural producers for over 200,000 acres of fruit and vegetable crops that are processed at our facilities. We are the largest vegetable canner in the United States representing an estimated 50% of the canned vegetables (excluding tomatoes and dry beans) sold in the United States. We do business with almost every retailer and food service distributor in the country. We are very proud that we provide safe and nutritious canned products that represent a "value proposition" for consumers compared to foods in other forms (primarily fresh and frozen). Strategically, vertical integration is a core part of Seneca's success, and we thus engage in farming, plant breeding and seed development, transportation, and also can manufacturing.

SENECA'S CAN MANUFACTURING REQUIRES PURCHASES OF TIN MILL PRODUCTS

Seneca has been involved in can manufacturing since 1972. While a number of food companies made their own cans over the years, most divested those operations. Today, Seneca is the last U.S.-based food company that still makes its own cans. After investing more than $50 million over the last 12 years in our can making operations, we have among the most efficient can making operations running today. Our primary can making facility is in

Baraboo, Wisconsin, with another smaller facility located in Payette, Idaho. We employ over 350 people in these operations, with an annual payroll in the tens of millions of dollars.

Prior to 2014, other than some minor trials of imported material, we purchased 100% of our tin mill products from domestic producers. In 2013 our major U.S. supplier communicated concerns about the sustainability of a major portion of domestic tin mill production. This opened our eyes to the threat that should we lose one of the two major U.S. suppliers (and our largest), not only would our can making operation be at risk but our entire vertically integrated food business would be in jeopardy. As such, we had no choice but to expand our supply chain in order to spread our risk. In 2014 we began importing a portion of our needs, primarily from South Korea, and evaluating suppliers from other countries.

DOMESTIC TIN MILLS CANNOT MEET U.S. OR SENECA DEMAND

While we support strong U.S. production of tin mill products, domestic supply constraints have left us with no option but to rely on imports for some portion of our needs. In 2016, U.S. demand for tin mill products was 2.1 million tons while domestic tin mill production was 1.2 million tons, representing only 58% of U.S. demand. Since that time and through 2021, according to information available to us, the percentage of domestic demand supplied by U.S. producers has remained around 57% to 60%. Tin mill products represent less than 3% of overall U.S. steel production. Further, there are only two fully integrated domestic producers: U.S. Steel and Cleveland Cliffs (formerly ArcelorMittal). One smaller supplier, Ohio Coatings, provides coating only and must rely on others for the substrate to produce our products. While U.S. suppliers may claim the ability or willingness to expand domestic tin mill production in the longer term, they cannot meet Seneca's needs in the short term. Thus, we must rely, at least in part, on imports to cover our needs. Indeed, for Seneca, the availability of domestic tin mill products has fallen sharply since the Section 232 tariffs were imposed. Compared to 2018, in 2021 domestic producers reduced sales volumes to Seneca by more than 10%. The fact that this reduction in availability has happened even as Seneca's overall demand for tinplate has increased by 14% over the same time frame makes it even more challenging for us.

In addition to our predominant concerns about the availability and sustainability of domestic supplies, we have experienced quality issues with tin mill products from domestic producers. Until recent years, we had no context for comparing the quality of domestic tin mill products, but once we brought in material from South Korea it became clear that our "U.S. only" purchasing strategy made it more difficult for us to remain competitive with commercial can makers. As an illustration, over the last 4 years (2018-2021), the percentage of cut sheets from domestic suppliers that we rejected for quality issues was 12.1%, which is more than eight times the 1.5% rejection rate for our imports. The superior quality of imports leads to better efficiencies on our can making lines and reduces the management

time, rework costs, and freight costs of dealing with defective material, both for us and for our suppliers.

## DOMESTIC PRODUCERS CANNOT PROVIDE SENECA ADDITIONAL VOLUME IN 2022, THE DELIVERY TIME FOR THE REQUESTS AT ISSUE

Over the past several months, we have met with both of our domestic suppliers to understand their ability to supply more tin mill products to us in the near term. Our largest supplier indicated that there is no more material available for 2022. The smaller of our domestic suppliers likewise has no additional availability for 2022. Currently, no domestic producer is able and willing to make any additional supply available to us during 2022.

We continue to communicate to both domestic suppliers that we would take up to double the volume that they currently supply us on an annual basis. While they fully understand our needs, the larger supplier has agreed to volumes for 2022 that are only slightly higher than 2021, and the smaller supplier remains uncertain as to what if any volume it may offer for 2022. Both domestic suppliers have informed us that they would advise only at some uncertain future date if they will have any additional capacity for 2022.

We also reached out to U.S. Steel to understand its ability to supply Seneca with tin mill products for our 2022 needs. For its part, U.S. Steel currently is unwilling even to give us a quote for tin mill products due to its inability to supply any additional material in 2022. In fact, USS has neither quoted nor offered to Seneca, let alone delivered, a *single ton of steel* for *more than two years*.

## GIVEN THE UNAVAILABILITY OF DOMESTIC SUPPLIES, LIMITED EXCLUSIONS ARE NECESSARY

Facing these severe domestic supply constraints, Seneca respectfully requests exclusions to allow us to bring in limited quantities of imported tin mill products in 2022 to meet the needs of our integrated production operations.

More generally, as a matter of policy, Commerce should support the responsible approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed these exclusion requests only after placing specific purchase orders for imports—and only after confirming that the domestic industry has no availability for the relevant timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are generally filed close in time to when covered import shipments are arriving.

Among many lessons, the pandemic has taught us that a reliable supply of nutritious canned foods is essential for the comfort and security of U.S. consumers. Our inability to source

sufficient volumes of tin mill products from the domestic industry currently threatens not only our can making operations, but also our entire canned food business.

Thank you for your time, and please feel free to contact me if you have any questions.

Sincerely,

Leon Lindsay
VP Strategic Sourcing Seneca
Foods Corporation
llindsay@senecafoods.com
M: (507) 364-8205



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Objecting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin M. Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://ussteel.com/

## Organization Requesting Exclusion

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

## Product Information

**Exclusion Request number**
283369

**10 Digit HTSUS Code**
7210120000

**Annual Exclusion Quantity Requested(Kilograms)**
20999820     Kilograms

365

# Reason for Objection

Indicate what type of order the Exclusion Request that is the subject of the Objection Filing would pertain to:

> Standard Product

Comments

> This exclusion request (Exclusion Request) is for a standard electrolytic tinplate (ETP) product manufactured to ASTM International (ASTM) specifications.  United States Steel Corporation (U. S. Steel) actively manufactures and this ETP material and is capable of supplying Seneca Foods Corporation (Seneca or the Requestor) with the requested quantity.

Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States , or can it immediately be made (within 8 weeks) by your organization, in a company owned plant in the United States? If "Yes" identify the location(s) of your production facilities  in the United States.

> Yes

Locations

| City | State | Current Annual Plant Production Capacity (mt) | % Plant Utilization Current |
|------|-------|----------------------------------------------|-----------------------------|
| Portage | Indiana | | |
| Gary | Indiana | | |

This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following facilities:

Comments

> U. S. Steel currently produces the requested ETP at multiple facilities and has the available capacity to supply additional volumes within the necessary time frame (i.e., 270 days).  Plant  and product specific capacity and utilization information is considered business proprietary, so it is not included in this public submission.  U. S. Steel is prepared to confidentially provide this information upon request from the U.S. Department of Commerce (Commerce).

Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and  performance?  If "Yes" identify the location(s) of your production facilities  in the United States, current plant capacity and utilization

> No

This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities:

Comments

>

Select "Yes" for any assertions identified in the Exclusion Request that your organization is challenging:

No Production Capacity

Yes ▼

Product Quality

Yes ▼

Shipping Time

Yes ▼

Insufficient Volume

Yes ▼

Unique Product

Yes ▼

Other (specify here)

The requested material is available from domestic manufact

Discuss the suitability of your organization's steel product compared to that identified by the Exclusion Requestor.

U. S. Steel produces ETP coils that meet Seneca's specifications. U. S. Steel's material is prime, double reduced, DR8.5 temper, continuously annealed ETP that meets ASTM International A623M standards and has the requested 7C finish, chemical treatment, and basis weight. The ETP offered by U. S. Steel can be used for vegetable can ends and other steel packaging applications.

Provide a full technical description of the properties of the product it manufactures relative to specifications cited in the Exclusion Request posted in regulations.gov. This description must include information on dimensions, plus performance factors such as strength, toughness, ductility, magnetic permeability, surface finish, coatings, and other relevant data.

State the chemical composition of the specific product that your organization can manufacture at a company owned production facility located in the United States. Numbers may appear rounded, but full values will be stored.

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.10 | 0.00 | 0.00 | 0.00 | 0.13 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0.00 | 0.00 | 0.00 | 97.50 | 0.00 |
| Maximum | 0.06 | 0.00 | 0.06 | 98.80 | 0.00 |

| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.60 | 0.05 | 0.04 | 0.00 |

| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.015 | 0.00 | 0.02 | 0.05 |

| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maximum % | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| | Zinc | Zirconium | Other Chemical | | |
|---|---|---|---|---|---|
| Minimum % | 0.00 | 0.00 | 0.00 | | |
| Maximum % | 0.00 | 0.00 | 0.00 | | |

Comments

U. S. Steel produces ETP with the requested chemical composition.

Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. Numbers may appear rounded, but full values will be stored.

## Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 0.15443 | 406.4 | 0 | 0 | 819.15 | 0 |
| Maximum | 0.16967 | 0 | 1828.8 | 0 | 825.55 | 0 |

## Strength

| | Tensile Strength Mega | Yield Strength Mega | Hardness (specify method Brinnell, Rockwell, |
|---|---|---|---|

| | Pascal (MPa) | Pascal (MPa) | Vickers, etc.) |
|---|---|---|---|
| | | | Rockwell |
| Minimum | 570 | 550 | 71 |
| Maximum | 0 | 0 | 77 |

## Toughness (If Applicable)

| Test Type | Drop Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | | |
| Joules | | | |
| % Shear | | | |

**Comments**

U. S. Steel produces ETP that meets the requested dimensional and mechanical/performance specifications.

Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. Numbers may appear rounded, but full values will be stored.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 2 % | 0 % | 0 % | 0 mm |
| Maximum | 4 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer [SAE J911] |
| Minimum | 0 | 0 | 0 | 6 |
| Maximum | 0 | 0 | 0 | 25 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |

369

| Electrolytic | ETP (Electrolytic Tin Plated) | Tin (Sn) |

| Coating Weight and Thickness | | |
| --- | --- | --- |
| | Coating Weight | Coating Thickness |
| Minimum | 1.1 | grams psq | 0.15 | micrometers |
| Maximum | 2.2 | grams psq | 0 | micrometers |

Select any additional processing methods used:

Comments

U. S. Steel produces ETP that meets the requested mechanical and performance specifications.

What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis?        | 100 | %

State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received:        | 0000000000000

State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received:        | 0000000000000

State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock:        | 0000000000000

Comments

U. S. Steel's ETP is mined, melted, poured, rolled, and coated in the United States, and finished coils are shipped directly to customers via truck or rail. U. S. Steel confirms that, as of this submission, it has the available capacity to manufacture and deliver the requested quantity of ETP within the 270 day manufacturing and delivery day lead time reported for Seneca's Turkish supplier. Specific manufacturing and delivery lead time information is considered business proprietary, so it is not included in this public submission. U. S. Steel is prepared to confidentially provide the relevant information at Commerce's request.

Identify the reasons your organization objects to an Exclusion Request being granted to the applicant. Written comments may be submitted (not required) for each of the reasons your organization has cited in the Objection Filing form. Organizations filing Objections should identify factual problems in the Exclusion Request (e.g., product description).

U. S. Steel confirms it is capable of immediately manufacturing ETP that meets all requested specifications. Therefore, the requested ETP coils are available from at least one domestic manufacturer. Furthermore, the Exclusion Request admits that the requested ETP is already available from at least one alternative Section 232 tariff free source (i.e., Canada), with potentially greater availability in the future. Since U.S. imports of Canadian steel products are fully exempt from the Section 232 measures, there is no limit on the quantity of Section 232 tariff free Canadian ETP available to Seneca. To the extent there is insufficient supply of this material from domestic manufacturers, ETP from Canada and other Section 232 tariff exempt sources can supplement Seneca's demand without additional exclusions. Given these circumstances, granting this Exclusion Request would undermine the national security goals of the Section 232 action by inhibiting the domestic industry's ability to achieve sustainable capacity utilization rates.

Has the organization making the Exclusion Request asserted that there is no capability in the United States to manufacture this type of product it requires?

**No**

Comments

Has the Exclusion Requestor supported its assertion of product uniqueness with engineering and scientific data, or independent laboratory tests results?

**No**

Does your organization have technical data to disprove the assertions of the Exclusion Requestor? If "Yes" provide comments in the space below, or in attachments.

**Yes**

Comments

U. S. Steel produces the requested ETP and is prepared to confidentially provide technical information confirming the quality of its material.

Has the organization making this Objection Filing within the last two years attempted to sell, or successfully sold, the product described in the Exclusion Request to the exclusion requestor previously?

**No**

Does your organization manufacture a product similar to that cited in the Exclusion Request for which it has asked to Exclusion Requestor, within two years of the filing of the Exclusion Request, to perform a formal technical qualification to determine equivalency in form, fit, function and performance?

**Not Applica**

Did the Exclusion Requestor accept or reject the request to perform a formal technical qualification?

**Not Applicable**

Comments

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

United States Steel Corporation

**Name of Authorizing Official**

Kaitlin M. Wojnar

**Title of Authorizing Official**

Counsel   International Trade & Public Policy

**Phone Number**

202 783 6315

**Email of Authorizing Official**

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

**Point of Contact Name**

**Title**

**E mail Address**

**Phone Number**

I have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission:

 Yes

Small Business?

No

# Attachment

There are no attachments for this objection filing

## Published Objection Rebuttal

| Company | Product | Posted Date | Details |
|---|---|---|---|
| Seneca Foods Corporation | Steel | 4/25/2022 | Details |

 Back

372

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



## U.S. Department of Commerce

1401 Constitution Ave NW
Washington, DC 20230

Accessibility   •   Privacy policy



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Rebutting Organization Information

**Full Organization Legal Name**
Seneca Foods Corporation

**Street Address**
418 East Conde Street

**City**
Janesville

**State**
Wisconsin

**Zip Code**
53546

**Headquarters Country**
United States

**Point of Contact Name**
Leon Lindsay

**Phone Number**
(507) 364-8205

**E-mail Address**
llindsay@senecafoods.com

**Web Site Address**
https://www.senecafoods.com/

## Rebuttal of Objections Filed Against An Exclusion Request

**Exclusion Request number**
283369

**Objection to Exclusion Request Identifier #**
108025

**Does this rebuttal address a substitute or an identical product?**
Identical Product

Are you submitting confidential business information with this form? (If yes, please email it to 232rebuttals@doc.gov and submit a public version with this form. Confidential business information related to this rebuttal will not be made available to the public.)
Yes

## The basis of your rebuttal is for the following reason(s):

**Manufacturing Time**
Yes

**Quality**
No

**Available Quantity**
Yes

**Delivery Time**
Yes

374

Other (limit: 100 characters)

USS declined to supply the late 2021 orders covered by this request; its objection is thus baseless.

# Basis for Rebuttal of Objection Filings

MANUFACTURING TIME Challenging the Objector's assertion that:

| | |
|---|---|
| The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks | Yes ∨ |
| The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so | No ∨ |
| The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. | No ∨ |
| The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. | No ∨ |
| The Objector can manufacture the product within the time frame stated in their Objection filing. | Yes ∨ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April, May, June, and Sept. 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any additional volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

QUALITY Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | No ∨ |
| Dimensional specifications | No ∨ |
| Strength | No ∨ |
| Toughness | No ∨ |
| Ductility | No ∨ |
| Magnetic permeability | No ∨ |
| Surface finish | No ∨ |
| Coatings and composition | No ∨ |
| Other technical specifications (e.g., end-use requirements) | No ∨ |

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.                                              Yes ⌄

The Objector can supply the percentage of product stated in their Objection filing.               Yes ⌄

U.S. manufacturers have the capability to manufacture the identified product.                     No ⌄

The Objector has sold or has attempted to sell the product described in the Exclusion Request.     Yes ⌄

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April, May, June, and Sept. 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any additional volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

DELIVERY TIME Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the    Yes ⌄
product is ready to ship.

Domestic product is available for timely delivery from manufacturing plant to loading dock.                 Yes ⌄

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The relevant purchase orders for supplemental imports were placed in late 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit this 2022 volume to Seneca (see Confidential Ex. 1). The volume at issue in this request is scheduled for delivery in April, May, June, and Sept. 2022 (see Confidential Ex. 2). After declining to quote, offer, or deliver a single ton of steel to Seneca during 2020 or 2021, USS has now offered a tiny volume for delivery no sooner than July 2022 (see Confidential Ex. 3), plus the possibility of small monthly volumes later in 2022. There is thus no dispute that the volume at issue here was not available from USS at the time of order or by the time of scheduled delivery and is not available now. Seneca's request should be granted on that basis. Any additional volumes that USS offers for delivery later in 2022 or in 2023 are irrelevant to this request.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

Seneca Foods Corporation

Name of Authorizing Official

Leon J. Lindsay

Title of Authorizing Official

VP - Strategic Sourcing

Phone Number

(507) 364-8205

Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)

llindsay@senecafoods.com

If the Point of Contact is different from the Authorizing Official provide point-of-contact information below.

Point-of-Contact Name

Title

E-mail Address

Phone Number

Small Business?

No

# Attachment

View attachment file

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.


U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Accessibility  ·  Privacy policy

April 22, 2022

**Seneca Rebuttal to U.S. Steel Objections to Requests 283368 and 283369
for Tin Mill Products that USS Declined to Supply at the Time of Order**

U.S. Steel ("USS") has objected to exclusion request **283368** and **283369** submitted by Seneca Foods Corporation ("Seneca") for imports of prime electrolytic tinplate ("ETP") and tin free steel ("TFS"). We strongly dispute the USS claims and below rebut each of its principal assertions, which are inaccurate as applied to the Seneca requests at issue and therefore should be irrelevant to the Department's decision.

The relevant purchase orders were placed in October 2021 only after all relevant domestic producers, including USS, affirmatively declined to commit any additional 2022 volume to Seneca. In November 2021, USS again advised Seneca that it had no ETP or TFS to offer Seneca. In fact, USS neither quoted nor offered, let alone delivered, to Seneca a *single ton of steel* for the entirety of 2020 and 2021. Seneca thus had no alternative but to turn to imports for this supplemental 2022 volume, which was not available from domestic producers when it was ordered in 2021 and is not available now. While certainly welcome, any tons that USS offers or agrees to supply in late 2022 or in 2023 are irrelevant to the purchase orders covered by these two requests, which were issued only after Seneca confirmed the lack of domestic supplies. Accordingly, Commerce should grant Seneca's requests.

**A. USS claims that it can "deliver the requested quantity of ETP {or TFS} within the 270-day manufacturing and delivery day lead time" for volumes covered by these requests**

Seneca rebuttal:

The imports of ETP and TFS covered by these exclusion requests are limited to volumes ordered in late 2021 — only *after* USS affirmatively declined to contract to supply *any* tin mill products in 2022 to Seneca. In November 2021, USS advised that it continued to have no ETP or TFS to offer Seneca in 2022. (See **Confidential Exhibit 1**.)

Statements from USS of their continuing lack of availability prompted Seneca to turn to imports for this supplemental volume. Unable to source domestically, Seneca placed firm orders for limited imports. The purchase orders covered by these two exclusion requests were all placed on October 1 or October 29 of 2021. (See **Confidential Exhibit 2**.) The vast majority of the volumes at issue are scheduled for delivery between April and June 2022, with one final delivery installment in September 2022. (See **id.**)

Because the relevant purchase orders were issued in late 2021 only after all relevant domestic producers declined to commit additional 2022 volume to Seneca, Seneca's requests should be granted on the basis of insufficient availability. To that point, USS had declined all opportunities to do business with Seneca thanks to no availability. Despite repeated requests, the last delivery of any tinplate from USS to Seneca was a single coil delivered in February 2019, more than three years ago, and that coil was six months late: it was part of an order placed in May 2018 for scheduled delivery in August 2018.

**Seneca Foods Corporation ● 418 East Conde Street ● Janesville, WI 53546**



Despite that track record, Seneca has continued to attempt to purchase from USS. Over the last few weeks, USS finally suggested that it might have limited volumes to offer in 2022, but that offer came only after months of communications. (See **Confidential Exhibit 3**.)  Moreover, USS agreed to make available only one-sixth of the volume ordered by Seneca, and delayed the original delivery schedule for that minor volume out to July 2022. (See **id.**) In response to a follow-up request this week, USS further indicated an ability to supply limited volumes of ETP during late 2022. This engagement is a welcome reversal of the prior USS stance, but they are still offering a tiny fraction of what Seneca needs annually to supply U.S. customers, and less than the volumes at issue in these requests. Moreover, the delivery timetable for these minor volumes is not in line with the delivery schedule for the purchase orders at issue in these requests, which are all for the business year ending in September 2022 and have deliveries concentrated in the April/May/June 2022 timeframe (see **Confidential Exhibit 2**). As a result, these offers are irrelevant to the requests at issue.

It would be unreasonable for Commerce to credit objections from USS that belatedly claim the ability to make deliveries that USS consistently declined when it mattered. Because USS refused to supply the very same volume of the very same product before Seneca placed import orders in late 2021, its objections now to exclusions for the very same orders deserve zero weight.

      **B.  USS claim that ETP and TFS are "already available from at least one alternative Section 232 tariff-free source (i.e., Canada)"**

<u>Seneca rebuttal</u>:

As noted, this exclusion request is limited to 2022 volume, which Seneca sought to secure first from domestic steel suppliers, and then from any exempt Canadian sources. Seneca is working actively to qualify the ArcerlorMittal Dofasco mill in Canada as a new source of tin mill products, but that qualification process remains underway. As a result, Dofasco was not a viable source for the 2022 volumes at issue in this request, and there is no other Canadian supplier for Seneca.

**Conclusion**

Because the volumes at issue in these requests were unavailable from USS and the rest of the domestic industry when ordered in late 2021 for delivery in 2022, we respectfully urge the Department to grant Seneca's exclusions for this limited volume of imported ETP and TFS. It is wholly inappropriate for USS to decline repeated requests to supply Seneca's 2022 orders, and then turn around and seek to block exclusions for those very same orders by pointing to possible spot market sales in the future, after the relevant time frame has passed.

More generally, as a matter of policy, we hope that Commerce will endorse the approach of Seneca to its sourcing decisions and exclusion requests. Rather than filing exclusion requests far in advance based on projections, Seneca has filed exclusion requests only after placing specific purchase orders for imports — and only after confirming that the domestic industry has no availability for the relevant



timeframe. Like the requests at issue, all of Seneca's exclusion requests track specific purchase orders and are filed close in time to when the import shipments are arriving. (See **Confidential Exhibit 2**.)

As explained above, the timeframe for these requests is limited to orders placed in late 2021 only after Seneca confirmed that all relevant domestic producers could not supply this 2022 volume. These orders are scheduled for delivery in the spring and summer of 2022. Accordingly, there is no basis for Commerce to give weight to the objections of USS, which are based only on possible future sales. Any volumes that USS offers or agrees to supply later in 2022 or 2023 are entirely irrelevant to the purchase orders covered by these requests and should be given no weight by the Department.

Please let us know if you have any questions or would like to receive any additional information, including any additional supporting confidential information.

# BUSINESS CONFIDENTIAL INFORMATION REDACTED FROM PUBLIC SUMMARY

# EXHIBIT 1

*[Communications documenting that in November 2021, U.S. Steel continued to decline to offer Seneca any prime tin-free steel ("TFS") or electrolytic tinplate ("ETP") for delivery in 2022]*

# EXHIBIT 2

*[Internal Seneca spreadsheet showing specific purchase order numbers, 2021 purchase dates, import volumes, and 2022 delivery dates for all products at issue in these two exclusion requests, with the vast majority scheduled to arrive by June 2022, before a single ton of any tin mill product will be delivered to Seneca by U.S. Steel]*

# EXHIBIT 3

*[Communications documenting that after not supplying Seneca anything during 2020 or 2021, and after months of discussions in 2022, U.S. Steel offered Seneca a tiny fraction of the tin mill volumes it tried to purchase, and made that trivial volume available for potential delivery only several months later, in July 2022]*



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Surrebutting Organization Information

**Full Organization Legal Name**
United States Steel Corporation

**Street Address**
600 Grant Street

**City**
Pittsburgh

**State**
Pennsylvania

**Zip Code**
15219

**Headquarters Country**
United States

**Point of Contact Name**
Kaitlin Wojnar

**Phone Number**
202 783 6315

**E mail Address**
kmwojnar@uss.com

**Web Site Address**
https://www.ussteel.com/

## Surrebuttal of Objections Filed Against An Exclusion Request

| | |
|---|---|
| Exclusion Request number | 283369 |
| Objection to Exclusion Request Identifier # | 108025 |
| Rebuttal Identification # | 51110 |
| Does this surrebuttal address a substitute or an identical product? | Identical Product |
| Are you submitting confidential business information with this form? (If yes, please email it to 232surrebuttals@doc.gov and submit a public version with this form. Confidential business information related to this surrebuttal will not be made available to the public.) | Yes |

## The basis of your surrebuttal is for the following reason(s):

| | |
|---|---|
| Manufacturing Time | Yes |
| Quality | No |
| Available Quantity | Yes |

382

Delivery Time



| | Yes ▾ |

Other (limit: 100 characters)

Section 232 exclusion requests must be individually evaluated based on current availability.

# Basis for Surrebuttal of Objection Filings

MANUFACTURING TIME
Challenging the Objector's assertion that:

The product is currently made in the U.S. or can be manufactured at U.S. facilities within approximately eight weeks — Yes ▾

The Objector does not currently manufacture the identified product at U.S. facilities, but states the time period within which they can do so — No ▾

The Objector can currently manufacture an acceptable substitute product at U.S. facilities within approximately eight weeks. — No ▾

The Objector does not currently manufacture an acceptable substitute product at U.S. facilities, but states the time period within which they can produce an acceptable substitute product. — No ▾

The Objector can manufacture the product within the time frame stated in their Objection filing. — Yes ▾

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Seneca Foods Corporation (Seneca or the Requestor) does not directly rebut the fact that  as of May 2022  United States Steel Corporation (U. S. Steel) can immediately manufacture and deliver the requested quantity of electrolytic tinplate (ETP).  Section 232 tariff exclusions are prospective, rather than retrospective, and must be evaluated based on current product availability.  U. S. Steel's current ETP manufacturing lead times are provided in a confidential attachment to this surrebuttal (Surrebuttal).



QUALITY
Challenging the Objector's assertion that their product is interchangeable with respect to its:

| | |
|---|---|
| Chemical composition | No ▾ |
| Dimensional specifications | No ▾ |
| Strength | No ▾ |
| Toughness | No ▾ |
| Ductility | No ▾ |
| Magnetic permeability | No ▾ |
| Surface finish | No ▾ |
| Coatings and composition | No ▾ |



383

Other technical specifications (e.g., end use requirements)    No ▾

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

AVAILABLE QUANTITY

Challenging the Objector's assertion that:

Domestic product is available in sufficient quantity.    Yes ▾

The Objector can supply the percentage of product stated in their Objection filing.    Yes ▾

U.S. manufacturers have the capability to manufacture the identified product.    No ▾

The Objector has sold or has attempted to sell the product described in the Exclusion Request.    Yes ▾

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

The Requestor does not directly rebut the fact that, at the time of this exclusion request, U. S. Steel has the available capacity to immediately manufacture at minimum the requested quantity of ETP. U. S. Steel reiterates that Seneca can also import Section 232 tariff free ETP from Canada, which is not subject to any quantitative limitations. In light of such availability, excluding any additional quantity of ETP from the tariffs undermines the overall effectiveness of the Section 232 national security action. U. S. Steel's relevant capacity and utilization data is provided in a confidential attachment to this Surrebuttal.

DELIVERY TIME

Challenging the Objector's assertion that:

Domestic product is available for timely delivery from the time the purchase order is received until the product is ready to ship.    Yes ▾

Domestic product is available for timely delivery from manufacturing plant to loading dock.    Yes ▾

Please provide a brief explanation of your challenge to the product manufacturing time (limit: 1,000 characters)

Seneca does not directly rebut the fact that as of May 2022 U. S. Steel can immediately manufacture and deliver the requested quantity of ETP. Section 232 tariff exclusions are prospective, rather than retrospective, and must be evaluated based on current product availability. U. S. Steel's current ETP manufacturing lead times are provided in a confidential attachment to this Surrebuttal.

# Certification

Instruction: This Objection Filing must be submitted by an organization official authorized to certify the document as being accurate and complete.

The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the

384

best of his/her knowledge. It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction. [18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

United States Steel Corporation

Name of Authorizing Official

Kaitlin Wojnar

Title of Authorizing Official

Counsel   International Trade & Public Policy

Phone Number

202 783 6315

Email of Authorizing Official (Email address will be used for submission and withdrawal verification!)

kmwojnar@uss.com

If the Point of Contact is different from the Authorizing Official provide point of contact information below.

Point of Contact Name

Matthew McConkey

Title

Partner

E mail Address

mmcconkey@mayerbrown.com

Phone Number

202 263 3235

Small Business?

No

## Attachment

View attachment file

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

**UNITED STATES STEEL CORPORATION'S SURREBUTTAL
TO EXCLUSION REQUEST 283369 FILED BY SENECA FOODS CORPORATION
CONFIDENTIAL SUPPLEMENT**

## I.    Confidentiality

This document includes confidential business information ("CBI"), which is contained in brackets (*i.e.*, "[ ]"). United States Steel Corporation ("U. S. Steel") is providing this CBI with the understanding that the U.S. Department of Commerce ("Commerce") will use it solely for purposes of reviewing the above-referenced exclusion request ("Exclusion Request") and U. S. Steel's opposition submissions and that Commerce will treat it as proprietary and business confidential. It is U. S. Steel's understanding that the bracketed CBI will not be made available to the public or any other parties outside of the U.S. government, unless so ordered by a court of competent jurisdiction. In the event Commerce is compelled by a court of competent jurisdiction to disclose this proprietary CBI, Commerce will provide U. S. Steel with reasonable prior notice, allowing U. S. Steel to consider seeking a protective order or other appropriate remedy.

## II.    Quantity

U. S. Steel's Portage (*i.e.*, "Midwest"), East Chicago, and Gary, Indiana tin mills have the combined capacity to produce [       ] metric tons ("MT") of electrolytic tinplate ("ETP") and/or tin-free steel.[1]  U. S. Steel's UPI facility in Pittsburg, California, has the capacity to produce an additional [        ] MT of tin mill products each year. In 2021, these facilities operated at [   ] percent capacity utilization, leaving more than [        ] MT of tin mill— including ETP—production capacity unused.

As stated in U. S. Steel's objection, U. S. Steel can supply Seneca Food Corporation ("Seneca" or the "Requestor") with additional quantities of the requested ETP product over the 12-month term of the requested exclusion, which falls primarily in 2022. U. S. Steel's relevant tin mill manufacturing facilities currently have available capacity to supply spot shipments beyond the quantity subject to this Exclusion Request.

## III.    Manufacturing and Delivery Time

U. S. Steel's manufacturing lead times for tin mill products are typically between [
    ] from receipt of an approved order, which is consistent with industry standards.

- **As of May 2, 2022, the ETP product requested by Seneca can be manufactured at and shipped from the Midwest facility in [        ] and/or the Gary facility in [
    ].**

- **Once manufactured, the requested ETP product can be delivered to Seneca's loading dock, which is presumed to be at the address listed in the Exclusion**

---

[1]     The East Chicago facility was indefinitely idled in December 2019.

> **Request, in [          ] after shipment from either the Midwest facility or the Gary facility.**

Therefore, U. S. Steel's current combined manufacturing and delivery lead times for the requested ETP are [          ] if manufactured at the Midwest facility and [          ] if manufactured at the Gary facility. Both of these delivery times are significantly faster than the 270-day delivery time reported for Seneca's Turkish supplier.[2]

---

[2]    Exclusion Request at Exclusion Request Details.