UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN

|  |  |  |
|---|---|---|
| SENECA FOODS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 22-00243 |
| UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR AN
EXTENSION OF TIME TO PROVIDE REMAND RESULTS**

Plaintiff Seneca Foods Corporation ("Seneca") opposes Defendant United States'

February 23, 2024 Motion for an Extension of Time to Provide Remand Results. *See* ECF No.

53. For the reasons set forth below, this motion should be denied.

Defendant has failed to show good cause for extending the remand deadline in this

action. The present case involves eight exclusion requests and a straightforward administrative

record that has not, to Seneca's knowledge, been re-opened. The record for this case is only 397

pages, or around 50 pages per exclusion request. ECF No. 25. The Court originally provided

Defendant with 90 days to issue its remand results. ECF No. 50. Although this should have

been more than enough time given the record, Defendant requested and received an initial 45-

day extension (which Seneca did not oppose). ECF No. 52.

Defendant's sole justification for a further extension is one of the same reasons proffered

in its first motion for an extension of time and thus is not an unforeseen circumstance that

justifies yet another extension. In Defendant's first motion for an extension of time, it offered

several different reasons to show good cause, including ongoing work on the remand results for

1

*California Steel Industries, Inc. v. United States*, Ct. No. 21-00015, and indicated that

"Commerce expects that no further time will be needed."  ECF No. 51 at 1.  In its second motion

for an extension of time, Defendant does not mention any new circumstances that warrant a

further extension, much less an extension of 31 days.  The *only* reason provided is the remand

results in *California Steel Industries*, which Defendant completed and filed two weeks prior—on

February 9, 2024.  In other words, Defendant still had three weeks to complete the remand

results in this case after filing the remand results in *California Steel Industries*.

     *California Steel Industries* does not provide good cause for a second extension here.

Preparing the remand in *California Steel Industries* is not an unforeseen development, as

Defendant referenced it in its first motion for an extension, and Defendant managed to complete

the remand in that case on a faster schedule per exclusion request.[1]

     Defendant's additional claim that Commerce will need extra time to conduct the

"national security review" of the remanded exclusions also rings hollow.  The undersigned

counsel has assisted clients with numerous Section 232 exclusion requests for tin mill products

and is not aware of any such exclusions—which often relate to steel inputs for the production of

food cans—being decided based on national security considerations.

     For these reasons, Seneca respectfully requests that the Court deny Defendant's February

23, 2024 Motion for an Extension of Time, thereby ensuring that Commerce issues timely

---

[1] Defendant received 106 days plus a single 50-day extension for a total of 156 days—or less than 1 day for each of the 193 requests—to prepare and file the remand results in *California Steel Industries*.  *See California Steel Industries Inc. v. United States*, Ct. No. 21-00015, ECF Nos. 86-87, 92, and 94.  When seeking that extension, Defendant emphasized the large number of requests and other factors, none of which pertain to this proceeding.  *California Steel Industries*, ECF No. 89.  In granting it, the court emphasized that it "will not grant any further extensions of time for the remand results absent a showing of extraordinary circumstances." *California Steel Industries*, ECF No. 92.  Moreover, the Commerce attorney who prepared the remand results in *California Steel Industries* has not entered an appearance in the present case.

remand decisions that comply with the Court's directives regarding these straightforward and well-justified exclusion requests.

Respectfully Submitted,


*/s/ James M. Smith*
James M. Smith
Thomas Brugato
Kwan Woo (Kwan) Kim

COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
jmsmith@cov.com
tbrugato@cov.com
kkim@cov.com

February 26, 2024                                    *Counsel for Plaintiff Seneca Foods Corporation*

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE GARY S. KATZMANN**

|  |  |  |
|---|---|---|
| SENECA FOODS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Court No. 22-00243 |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Upon consideration of Defendant United States' motion for an extension of time of 31 days

for the U.S. Department of Commerce to file its remand results, it is hereby

**ORDERED** that the motion is denied, and it is further

**ORDERED** that the U.S. Department of Commerce shall continue to file its remand

results no later than March 1, 2024.

**SO ORDERED**.


Dated:_____, 2024
    New York, N.Y.                                    Honorable Gary S. Katzmann, Judge