### UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| SENECA FOODS CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant. ) | Court No. 22-00243 |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Seneca Foods Corporation ("Seneca") respectfully provides this notice of supplemental authority concerning the U.S. Department of Commerce's ("Commerce") recent decision denying exclusion request number 437359 and articulating the agency's approach to situations in which a requester and an objector submit conflicting arguments regarding availability. A copy of this recent decision is attached as **Attachment 1**.

In this decision, Commerce denied an exclusion request filed by Ball Metal Beverage Container Corp. ("Ball") based on an objection from Arconic US LLC ("Arconic"). Arconic claimed that it could supply 100 percent of the requested volume. Ball challenged this claim and explained that their "need for this product exceeds the volume limits {Arconic} is currently willing to supply," that they "already source the maximum . . . allowed by {Arconic}," and that they "repeatedly requested volume in excess of this maximum and have been repeatedly denied {by Arconic}." **Attachment 1** at 3. Neither party submitted supporting documentation. In recommending denial of the request, Commerce's International Trade Administration ("ITA") explained its approach to resolving conflicting claims about availability from an objector:

Upon analysis, ITA finds that in weighing two conflicting arguments without any documentary evidence ITA must defer to Arconic's statements because it is in the best position to know its own products, manufacturing abilities, and timeframes. Based on analysis of the information submitted, ITA finds that Arconic can produce 100 percent of the requested volume. Therefore, ITA has determined that Arconic meets the quantity criterion.

**Attachment 1** at 3.

Seneca submits this recent agency decision for the Court's consideration as supplemental authority because it is directly relevant to the Court's review of Commerce's denials of Seneca's requests. Unlike Ball, Seneca *did* submit documentary evidence of unavailability, which under this new decision should have been credited. United States Steel Corporation, the only objector to Seneca's requests, submitted no supporting documentary evidence in its objection or surrebuttal. Pursuant to this decision, the Court should find that Commerce "must defer" to Seneca's claims of unavailability—the only statements supported by documentary evidence.

Respectfully Submitted,

*/s/ James M. Smith*
James M. Smith
Thomas Brugato
Kwan Woo (Kwan) Kim
Edward J. Thomas III

**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
jmsmith@cov.com
tbrugato@cov.com
kkim@cov.com
ejthomas@cov.com

Dated: August 21, 2024

*Counsel for Plaintiff*
*Seneca Foods Corporation*

**Attachment 1**

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Aluminum Exclusion Request Under Section 232**

The Bureau of Industry and Security (BIS) has accepted this exclusion request as meeting the requirements for submission, including the product definition. BIS referred this exclusion request to ITA to analyze the objection(s) and for ITA's recommendation as to whether the Aluminum article subject to this exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, within the meaning of Supplement 2 of 15 CFR Part 705. ITA provides the following recommendation based on an evaluation of all relevant submitted documentation, including relevant confidential or proprietary business information (CBI), and, when appropriate, an evaluation of facts by a Subject Matter Expert (SME).

Exclusion Request ID: 437359
Requestor:   Ball Metal Beverage Container Corp. (Ball Metal)
Objector(s):

      Arconic US LLC (Arconic)

Case Filings

|  | Ball Metal | Arconic |  |  |  |
|---|---|---|---|---|---|
| Rebuttal against Objector? |  | Yes |  |  |  |
| Surrebuttal against Requestor? |  | No |  |  |  |
| CBI submitted? *(request/objection)* | No | No |  |  |  |
| CBI submitted? *(rebuttal/surrebuttal)* | No | No |  |  |  |
| Supporting docs included? *(request/objection)* | Yes | No |  |  |  |
| Supporting docs included? *(rebuttal/surrebuttal)* | No | No |  |  |  |

Recommendation: Denial
Rationale: {At least one} objector meets the quality, quantity, and timeliness criteria.

| QUALITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) – QUALITY** | | | | |
| | Arconic | | | |
| Identical (1.c or 1.d filled in)* | Yes | | | |
| Substitute (1.e or 1.f filled in)* | No | | | |
| **2.c*** match | Yes | | | |
| **2.d*** match | Yes | | | |
| **2.e*** match | Yes | | | |
| **Standards** match Exclusion Request | N/A | | | |
| Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims? | | | | |
| | No | | | |
| **Subject Matter Expert (SME) Evaluation of Facts:** No | | | | |

**Analysis of the Record:** Ball Metal seeks exclusion for annealed aluminum can sheet. Additionally, Ball Metal submitted an attachment where it notes "The aluminum can body stock products that Ball purchases for its operations are highly specialized, technical products. Not only do they differ significantly from other aluminum sheet products, but there are significant variations among the can body stock products themselves." Arconic claims to manufacture an identical product to the product in the request. ITA analyzed the objection and finds that Arconic's product matches some of the specifications of the request; however, Arconic does not specifically commit to annealed in its objection offering. While Arconic does not specifically commit to the annealed specification, Arconic does commit to the strength specifications. Because the purpose of annealing is to set the strength of aluminum, ITA finds that Arconic, by committing to the strength specifications, is also committing to the annealed specification. Ball Metal submitted a rebuttal in which it challenged Arconic's ability to meet the dimensional specifications of the request. However, Ball Metal did not provide any documentation to support its rebuttal claim. ITA finds contrary to Ball Metal's rebuttal claim, Arconic's objection offering matches the requested dimensional specifications. Upon analysis, ITA finds that in weighing two conflicting arguments without any documentary evidence ITA must defer to Arconic's statements because it is in the best position to know its own products, manufacturing abilities, and timeframes. Based on analysis of the information submitted, ITA finds that Arconic can manufacture an identical product. Therefore, ITA has determined that Arconic meets the quality criterion.

| QUANTITY | | | | |
|---|---|---|---|---|
| **OBJECTOR(S) –QUANTITY** | | | | |
| | Arconic | | | |
| **3.a** | 100% | | | |
| Does anything in the request, rebuttal, or surrebuttal, including attachments, provide evidence to contradict the objector's claims? | | | | |

| | No | | | |
|---|---|---|---|---|

**Analysis of the Record:** Arconic claims it can produce 100 percent of the requested volume. Ball Metal submitted a rebuttal in which it challenges Arconic's ability to meet the volume requirements and states, "The Objector states they can supply the exclusion volume, however our need for this product exceeds the volume limits the Objector is currently willing to supply of such products and we already source the maximum of such products allowed by the Objector from the Objector.  We have repeatedly requested volume in excess of this maximum and have been repeatedly denied." However, Ball Metal did not provide any documentation to support its claim.  Upon analysis, ITA finds that in weighing two conflicting arguments without any documentary evidence ITA must defer to Arconic's statements because it is in the best position to know its own products, manufacturing abilities, and timeframes.   Based on analysis of the information submitted, ITA finds that Arconic can produce 100 percent of the requested volume. Therefore, ITA has determined that Arconic meets the quantity criterion.

---

**TIMELINESS**

**REQUESTOR– DELIVERY TIME**

**2.d (request form):** Days: 100

**2.f (request form):** Days: 45

Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the requestor's delivery time information specified in 2.d and 2.f?

No

**OBJECTOR – DELIVERY TIME**

| | Arconic | | | |
|---|---|---|---|---|
| **3.b** | Days: 35 | | | |
| **3.d** | Days: 3 | | | |

Does anything in the request, objection, rebuttal, or surrebuttal, including attachments, provide evidence that contradicts or requires adjustment to the objector's delivery time information specified in 3b and 3d?

| | No | | | |
|---|---|---|---|---|

**Delivery Time Totals**
- o  Requestor's Import Delivery Time = {*2.d + 2.f of the exclusion request, plus any adjustments*}
- o  Objector's Delivery Time = {*3.b + 3.d of the objection, plus any adjustments*}

**Analysis of the Record:** Ball Metal reports 145 days for import delivery time. Arconic claims it can deliver the product in 38 days. Ball Metal submitted a rebuttal but did not challenge the certified statements made by Arconic regarding its ability to deliver the product in a timely manner.  Based on analysis of the information provided by Arconic, compared to Ball Metal's import delivery time, ITA finds that Arconic is able to deliver the product in a timely manner. Therefore, ITA has determined that Arconic meets the timeliness criterion.

**Explanation/Additional Comments** (if needed):

General Notes:

**This memorandum describes, in full, the factors which ITA has considered in reaching its recommendation and provides a complete explanation for the basis of that recommendation.**

ITA reviews each individual exclusion request for which objections are submitted by U.S. producers and provides the Bureau of Industry and Security with a recommendation on the technical merits of the request. In making a recommendation, ITA examines only the claims and information submitted in the certified documentation for requests, objections, rebuttals and surrebuttals, to determine if a company meets the criteria specified in the regulations; specifically, if the objector can provide the products at issue in a sufficient amount of time (timeliness), in a reasonably available amount (quantity), and in a quality which is satisfactory. Per Department of Commerce (Department) policy, ITA will consider sales correspondence, submitted as evidence, absent additional accompanying information, only if such correspondence occurred within 90 days of the submission of the exclusion request. When determining if a company meets the quantity criteria, ITA examines the response to section 3.a; ITA does not examine the production capacity of a company or industry as a whole. The Department collects such capacity data in section 1 only for statistical purposes and not for use in analyzing individual exclusion requests and objections.

Due to changes announced in the Interim Final Rule (IFR) on December 14, 2020 (85 FR 81060), ITA no longer utilizes the responses to Section 1 of the objection form when determining if a company meets the timeliness criterion. For exclusion requests submitted on or after December 14, 2020, ITA will utilize the information in Section 3 to determine if a company meets the timeliness criterion, by comparing the Requestor's import delivery time and the Objector's delivery time. If the Objector's delivery time is equal to or less than the Requestor's import delivery time, then the Objector meets the timeliness criterion. ITA determines the Requestor's import delivery time by adding the numbers in 2.d and 2.f of the exclusion request form, plus any appropriate adjustments based on evidence provided in any submitted documentation. ITA determines the Objector's delivery time by adding the numbers in 3.b and 3.d of the objection form, plus any appropriate adjustments based on evidence provided in any submitted documentation.  In addition, if the Objector's delivery time is greater than the Requestor's import delivery time, but is equal or less than 8 weeks, the Objector meets the timeliness criterion.

An SME's evaluation of facts is typically sought when submitted documentation indicates: the objector offers a substitute product, the specifications differ in an objector's offering from the request, a processing method differs between the request and objection, or any other relevant product-specific issues. ITA takes an SME's evaluation of facts into consideration when making a recommendation; however, an SME's evaluation of facts is not the only determining factor and is not necessarily dispositive.

**ITA will base its recommendation on an evaluation of all relevant submitted certified documentation, including relevant CBI, and, when appropriate, an evaluation of facts by an SME. Only information provided in the submitted documentation will be used in the**

Field Definitions (Requestor Form)

| 2.d | Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization: |
|---|---|
| 2.f | Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock: |

| * Field Definitions (Objection Form) | |
|---|---|
| 1.c | Is the product type identified in the Exclusion Request currently manufactured by your organization in the United States, or can it immediately be made (within 8 weeks) by your organization, in a company- owned plant in the United States? If "Yes" identify the location(s) of your production facilities in the United States. |
| 1.d | This organization does not currently manufacture the identified product, but can produce the product identified in the Exclusion Request within the following time period at the following |
| 1.e | Does this organization currently manufacture, or can immediately manufacture (within 8 weeks), in a company-owned plant located in the United States a substitute product for the identified product that has similar form, fit, function, and performance? If "Yes" identify the location(s) of your production facilities in the United States, current plant capacity and utilization |
| 1.f | This organization does not currently manufacture the identified product, but can make a substitute product that has similar form, fit, function, and performance within the following time period at the following facilities: |
| 2.c | State the chemical composition of the specific product that your organization can manufacture at a company-owned production facility located in the United States. |
| 2.d | Provide the following information on the single product that is the subject of this Objection Filing: 1) dimensional information covering the single product subject to the Exclusion Request; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature. |
| 2.e | Provide the following information on the single product that is the subject of this Objection Filing: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness. |
| 3.a | What percentage of the total product tonnage requirement covered under the Exclusion Request that is the subject of this Objection Filing can your organization manufacture at its U.S. plants on a timely basis? |
| 3.b | State the number of days required by your organization to ship from its U.S. manufacturing plant the product covered by this Exclusion Request from the time the purchase order is received: |
| 3.c | State the number of days required to manufacture the product covered by this Exclusion Request from the time a binding purchase order is received: |
| 3.d | State the delivery time in days for the product covered under this Exclusion Request from the time it is shipped from your manufacturing plant to the Exclusion Requestor's loading dock: |

**BIS Decision Document – Aluminum Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 437359**

**Summary:**

- Requester: Ball Metal Beverage Container Corp.
- Product Description: Cansheet Body Stock 3104/H19 Alloy for the manufacture of aluminum beverage cans. Chemical, mechanical, and other requirements and dimensions are provided below.
- HTSUS: 7606123045

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain aluminum articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9704 of March 8, 2018, as amended, and in Proclamation 9739 of April 30, 2018 and Proclamation 9760 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9704 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any aluminum article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 2 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 17, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant aluminum article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA has provided the attached findings and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding recommendation of denial.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion

request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #437359**

| | |
|---|---|
| _____X_____ | I approve denying this exclusion request. |
| _____ | I do not approve denying this exclusion request. |
| _____ | I would like to discuss. |

**_Eric Longnecker_**_____     **July 22, 2024**
Deputy Assistant Secretary for Technology Security     Date